# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| REBECCA BLOUNT and CHERYL MCCULLEY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>ORACLE HEALTH, INC.,<br><br>      Defendant. | Case No. 4:25-cv-00259-BP |
| GEOFFREY MOORE, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ORACLE HEALTH, INC.,<br><br>      Defendant. | Case No. 4:25-cv-00281-BP |
| SHANNON L. MOTTLEY, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ORACLE HEALTH, F/K/A CERNER CORPORATION,<br><br>      Defendant. | Case No. 4:25-cv-00308-BP |

1

| | |
|---|---|
| MARTHA LAPOINTE, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CERNER CORPORATION D/B/A ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>        Defendants. | Case No. 4:25-cv-00313-BP |
| SHANNON SMITH, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CERNER CORPORATION D/B/A ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>       Defendants. | Case No. 4:25-cv-00331-DGK |
| KAREN ADAMS, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CERNER CORPORATION D/B/A ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>       Defendants. | Case No. 4:25-cv-00345-DGK |

| | |
|---|---|
| FRANK HOFFMAN JR., on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>CERNER CORPORATION D/B/A ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>                Defendants. | Case No. 4:25-cv-00347-BP |
| JAMES TAYLOR, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>CERNER CORPORATION D/B/A ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>                Defendants. | Case No. 2:25-cv-04098-BP |
| LOIS MELVIN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>CERNER CORPORATION d/b/a ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>                Defendants. | Case No. 4:25-cv-00368-JAM |

| | |
|---|---|
| JILL CARNAHAN, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CERNER CORPORATION d/b/a ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>Defendants | Case No. 4:25-cv-00370-BP |
| BENJAMIN BEARD, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CERNER CORPORATION d/b/a ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>　　　　　　　　　Defendants. | Case No. 4:25-cv-00384-RK |
| MATTHEW R. PAGE, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CERNER CORPORATION d/b/a ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>　　　　　　　　　Defendants. | Case No. 4:25-cv-00354-BP |

| | |
|---|---|
| GERRI WOOLARD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNION HEALTH SYSTEM, INC., and CERNER CORPORATION d/b/a ORACLE HEALTH<br>Defendants. | Case No. 4:25-cv-00394-BP |
| CARLA ROGERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CERNER CORPORATION, d/b/a ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>Defendants. | Case No. 4:25-cv-00402-BP |
| TOMILYN VENAGLIA and JOHN VENAGLIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>CERNER CORPORATION, d/b/a ORACLE HEALTH INC. and UNION HEALTH SYSTEM, INC.,<br>Defendants. | Case No. 4:25-cv-00422-RK |

### **PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE ACTIONS**

Plaintiffs Rebecca Blount, Cheryl McCulley, Geoffrey Moore, Shannon L. Motley, Martha LaPointe, Shannon Smith, Karen Adams, Frank Hoffman Jr., James Taylor, Lois Melvin, Jill

5

Carnahan, Benjamin Beard, Matthew Page, Gerri Woolard, Carla Rogers, Tomilyn Venaglia and John Venaglia ("Plaintiffs"), move under Federal Rule of Civil Procedure 42(a) to consolidate, for all purposes, the fifteen filed actions (collectively, "Actions")[1] currently pending in the Western District of Missouri, into the first-filed action ("*Blount*"), which is the first-filed among all related cases (all fifteen cases filed in this District Court collectively, "Related Actions").

As discussed below, consolidation is appropriate because each of these Actions: (i) is against one or multiple of the following Defendants: Oracle Corporation, Cerner Corporation (Oracle Corporation and Cerner Corporation collectively referred to hereinafter as "Oracle"), and Union Health System, Inc. ("Union Health"); (ii) is based on the same alleged cybersecurity incident experienced by Oracle on or around January 22, 2025 (the "Cybersecurity Incident"); (iii) assert the same and/or overlapping allegations and legal claims; and (iv) seek to represent the same and/or overlapping putative nationwide classes and subclasses of persons.

---

[1] *Blount et al. v. Oracle Health, Inc.,* 4:25-cv-00259-BP (filed 4/11/2025); *Moore. v. Oracle Health, Inc.,* 4:25-cv-00281-BP (filed 4/18/2025); *Mottley v. Oracle Health, f/k/a Cerner Corporation,* 4:25-cv-00308-BP (filed 4/30/2025); *LaPointe v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 4:25-cv-00313-BP (filed 5/1/2025); *Smith v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 4:25-cv-00331-DGK (filed 5/6/2025); *Adams v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 4:25-cv-00345-DGK (filed 5/8/2025); *Hoffman v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 4:25-cv-00347-BP (filed 5/8/2025); *Taylor v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 2:25-cv-04098-BP (filed 5/9/2025); *Page v. Cerner Corporation d/b/a/ Oracle Health Inc. and Union Health System, Inc.*, 4:25-cv-00354-BP (filed 5/12/2025); *Melvin v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 4:25-cv-00368-JAM (filed 5/15/2025); *Carnahan v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 4:25-cv-00370-BP (filed 5/15/2025); *Beard v. Cerner Corporation d/b/a Oracle Health Inc. and Union Health System, Inc.,* 4:25-cv-00384-RK (filed 5/21/2025); *Woolard v. Union Health System and Cerner Corporation d/b/a/ Oracle Health Inc.*, 4:25-cv-00394-BP (filed 5/22/2025); *Rogers v. Cerner Corporation d/b/a/ Oracle Health Inc. and Union Health System*, 4:25-cv-00402-BP (filed 5/29/2025); *Venaglia v. Cerner Corporation d/b/a/ Oracle Health Inc. and Union Health System*, 4:25-cv-00422-RK (filed 6/06/2025).

Counsel for Plaintiffs have conferred with counsel for Defendants Oracle and Union Health and Defendants do not oppose consolidation of the Actions under Federal Rule of Civil Procedure 42(a) into *Blount* for all purposes.[2] Given the common factual background and common claims asserted by Plaintiffs on behalf of nationwide putative classes, consolidation will streamline the litigation and save both party and judicial resources.[3, 4]

## LEGAL STANDARD

Fed. R. Civ. P. 42(a) states that:

[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

"Whether to consolidate actions under Rule 42(a) is vested in the court's discretion." *Lowe v. Pecorella*, Case No. 4:23-cv-798, 2023 WL 4743246, at *1 (E.D. Mo. July 25, 2023); *Barnes v. Winson*, Case No. 1:22-cv-00128, 2022 WL 17338292, at *2 (E.D. Mo. Nov. 30, 2022) ("The

---

[2] Defendants agree that consolidation under Federal Rule of Civil Procedure 42(a) is appropriate here because the Actions arise out of the same alleged data security incident, purport to represent materially similar classes, and assert materially similar claims. Defendants' consent to this motion is for the limited purpose of consolidation under Federal Rule of Civil Procedure 42(a) and should not be read to concede that any of the requirements for class certification have been met in these cases. For the avoidance of doubt, Defendants preserve and do not waive any arguments against class certification in these cases.

[3] In addition to the Related Actions subject to this Motion, there were two cases filed outside of this District that are based on the same Cybersecurity Incident and whose allegations and legal claims overlap with those of the Related Actions. These cases will either have been, will be, or have been dismissed and added to the consolidated complaint in this action or they will be transferred to this Court.

[4] In the event additional related actions are filed outside the Western District of Missouri, Oracle and Union Health reserve the right to move the Judicial Panel on Multidistrict Litigation (the "JPML") for transfer and consolidation of these cases. Given that the only related cases currently pending are in the Western District of Missouri, Oracle and Union Health's non-opposition to this motion should not be construed as a waiver of any arguments or rights concerning the consolidation, transfer, or proper venue for any future litigation, including any MDL established by the JPML.

determination as to whether cases should be consolidated is left to the sound discretion of the Court."). Consolidation of cases under Federal Rule of Civil Procedure 42(a) is appropriate "when those actions involve a common question of law or fact … [and] consolidation is permitted as a matter of convenience and economy in administration." *Enterprise Bank v. Saettele*, 28 F.3d 233, 235 (8th Cir. 1994) (cleaned up).

In deciding a motion to consolidate, a court will consider the following factors: "similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts and whether consolidation will delay the proceedings." *White Knight Diner, LLC v. Arbitration Forums, Inc.*, Case No. 4:17-cv-02406, 2017 WL 4682824, at *1 (E.D. Mo. Oct. 18, 2017); *Silverberg v. H&R Block, Inc.*, Case No. 4:06-cv-00519, 2006 WL 1314005, at *2 (E.D. Mo. May 12, 2006) (finding that the actions were substantially similar "because they name the same Defendants, contain nearly identical factual allegations and legal claims, and are brought on behalf of the same class).

## ARGUMENT

This Court should grant Plaintiffs' motion because all factors favor consolidation of the Actions into the *Blount* action, and consolidating the Actions will lead to greater efficiency in case management and consistent rulings regarding overlapping legal claims.

The cases here are substantially similar. They all name the same defendants, contain nearly identical factual allegations and legal claims, and seek to represent the same class or classes.[5] *See Silverberg*, 2006 WL 1314005, at 2 (ordering consolidation where the actions named the same defendants, contained nearly identical factual allegations, and involved the same class); *see also*

---

[5] Some of the cases seek to certify state subclasses, however, these are subclasses of the same nationwide class. *See e.g.*, *Blount* Compl. ¶ 151; *Moore* Compl. ¶ 100.

8

*Crepps v. Conopco, Inc.*, Case No. 4:19-cv-02554, 2019 WL 6716743, at *2 (E.D. Mo. Dec. 10, 2019) (finding that consolidation for pre-trial proceedings was appropriate where allegations and defendant were the same, even though the alleged product differed between the cases); *Johnson v. Cornerstone National Ins. Co.*; No.22-CV-04135-WJE (W.D. Mo. March 6, 2023).

There are currently fifteen cases on file in this jurisdiction. Trying each case separately could lead to inconsistent adjudications based on common factual or legal questions and would be more burdensome to the courts and the parties. All cases are predicated upon the Cybersecurity Incident, alleging that Plaintiffs' personal and sensitive information was accessed by third parties and that Plaintiffs were harmed as a result. In addition, across these cases, there is substantial overlap in the causes of action brought by Plaintiffs. By consolidating these cases, the risk of inconsistent verdicts will be avoided. *See Silverberg*, 2006 WL 1314005, at 2.

All cases are currently at the initial pleading stage; Oracle and Union Health have not yet filed answers or other responsive pleadings in any of the cases. Consolidating the cases will not prejudice or delay any proceeding or party but will in fact streamline the proceedings by eliminating duplicative work and expense, conserving both judicial and party resources. *See White Knight Diner*, 2017 WL 4682824, at *1; *Crepps*, 2019 WL 6716743, at *2 ("Significantly, no party will be unfairly inconvenienced or prejudiced as all cases are at the same stage in litigation and all plaintiffs are represented by the same counsel who consents to pre-trial coordination."). Because all factors weigh in favor of consolidation, the Actions identified above, and any cases subsequently filed in this district, should be consolidated into *Blount et al. v. Oracle Health, Inc.*, 4:25-cv-00259-BP.

To further efficiencies, Plaintiffs intend to file either (i) an agreed upon motion to appoint

interim lead counsel pursuant to Fed. R. Civ. P. 23(g), or (ii) competing motions within fourteen days of the entry of an order consolidating the cases. Assuming the Court is amenable to this proposal, the leadership slate that is appointed will then file a single consolidated complaint to supersede the earlier-filed complaints in each of the Related Actions within 30 days of the Court's ruling on any motions under Fed. R. Civ. P. 23(g), with Defendants' responsive pleadings proposed to be due 45 days after the filing of the single consolidated complaint.[6], [7] In the interim, while leadership for the consolidated matters is determined and pending the filing of a single consolidated complaint, the Parties propose that Oracle and Union Health's deadlines to respond to the pending complaints be stayed.

## CONCLUSION

For the foregoing reasons, the Actions should be consolidated for all purposes into *Blount et al. v. Oracle Health, Inc.,* 4:25-cv-00259-BP, the first-filed action in this District, and the Court should order that any motions under Fed. R. Civ. P. 23(g) should be filed within fourteen days of the entry of an order consolidating the Actions. Plaintiffs further submit that any class or representative action subsequently filed, transferred, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action should be consolidated with it for pre-trial, discovery, and trial purposes. Plaintiffs' single consolidated complaint should be due within

---

[6] *See* 8 Moore's Fed. Prac. Civil §42.13 (2021) ("As a management tool for complex litigation, the consolidated complaint has been found to have significant advantages [because] it eliminates the need for multiple answers to multiple complaints and streamlines discovery, allowing it to be directed to the consolidated complaint, rather than to each individual plaintiff's complaint[, and] simplifies the court's work in ruling on motions and drafting pretrial orders."); 9A Fed. Prac. & Proc. Civ. §3282 (3d ed. 2021) ("Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint, used often in complex litigation, in cases consolidated both for pretrial discovery and for trial.").

[7] Oracle and Union Health reserve all of their defenses and objections to the pending complaints and forthcoming consolidated complaint under Fed. R. Civ. P. 12.

30 days of the Court's resolution of any motions under Rule 23(g), with Defendants' responses to the consolidated complaint due 45 days thereafter. The deadline for Defendants Oracle and Union Health to respond to the pending complaints should be stayed pending the filing of a single consolidated complaint.

Date: June 6, 2025

Respectfully submitted,

/*s/John F. Garvey*
John F. Garvey, #35879 (MO)
Colleen Garvey, #72809 (MO)
**STRANCH, JENNINGS & GARVEY, PLLC**
701 Market Street, Suite 1510
St. Louis, MO 63101
Tel: (314) 390-6750
jgarvey@stranchlaw.com
cgarvey@stranchlaw.com

Brandon M. Wise - MO Bar # 67242
**PEIFFER WOLF CARR KANE CONWAY & WISE**
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
Ph: (314) 833-4825
bwise@peifferwolf.com

**ALMEIDA LAW GROUP LLC**
David S. Almeida*
849 W. Webster Avenue
Chicago, Illinois 60614
Ph: (312) 576-3024
david@almeidalawgroup.com

Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 N. Michigan Ave., Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

Laura Van Note (M.B.# 66292)

11

**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, CA 94607
(510) 891-9800
lvn@colevannote.com

J. Gerard Stranch, IV, #23045 (TN)
Grayson Wells, #73068 (MO)
**STRANCH, JENNINGS & GARVEY PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

Lynn A. Toops*
Amina A. Thomas*
**COHEN MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
T: (317) 636-6481
F: (317) 636-2593
ltoops@cohenandmalad.com
athomas@cohenandmalad.com


Andrew Shamis
**Shamis & Gentile**
P.A.14 N.E. 1st Ave
Ste. 705
Miami, FL 33132
305-479-2299
Fax: 786-623-0915
Email: ashamis@shamisgentile.com

Jeff Ostrow
**KOPELOWITZ OSTROW P.A.**
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Thomas E. Loeser*
Karin B. Swope*
**COTCHETT, PITRE & MCCARTHY, LLP**

12

1809 7th Avenue, Suite 1610
Seattle, WA 98101
Telephone: (206)-802-1272
Facsimile: (206)-299-4184
tloeser@cpmlegal.com
kswope@cpmlegal.com

Casondra Turner*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (866) 252-0878
Fax: (771) 772-3086
cturner@milberg.com

Leigh S. Montgomery*
Texas Bar No. 24052214
lmontgomery@eksm.com
**EKSM, LLP**
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
Phone: (888) 350-3931

Charles E. Schaffer *
Nicholas J. Elia *
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
cschaffer@lfsblaw.com
nelia@lfsblaw.com

Jeffrey S. Goldenberg *
Todd B. Naylor *
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Phone: (513) 345-8291
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Brett R. Cohen*
**LEEDS BROWN LAW, P.C.**
One Old Country Road - Suite 347

13

Carle Place, New York 11514
Phone: 516-874-4505
bcohen@leedsbrownlaw.com

Ben Barnow**
Anthony L. Parkhill**
**BARNOW AND ASSOCIATES, P.C.**
205 W. Randolph St., Suite 1630
Chicago, IL 60606
Phone: (312) 621-2000
Fax: (312) 641-5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com

Norman E. Siegel (Mo. 44378)
J. Austin Moore (Mo. 64040)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
siegel@stuevesiegel.com
moore@stuevesiegel.com

Tyler W. Hudson (Mo. 53585)
Eric D. Barton (Mo. 53619)
**WAGSTAFF & CARTMELL, LLP**
4740 Grand Ave, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 701 1100
thudson@wcllp.com
ebarton@wcllp.com

*Pro hac vice forthcoming*
***Admitted pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed with the Court's electronic filing system, on June 6, 2025, which will send notice to the attorneys of record for all parties.

/s/ John F. Garvey

14