IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE: CERNER/ORACLE DATA )
BREACH LITIGATION. ) Case No. 25-cv-00259-CV-W-BP
)

**ORDER GRANTING MOTION TO APPOINT CO-LEAD INTERIM CLASS COUNSEL**

Pending is Plaintiffs' Motion to Appoint Co-Lead Interim Class Counsel (Doc. 24). The Court has reviewed the Motion, the Supporting Memorandum, (Doc. 24-1), and the supporting exhibits, (Doc. 24-2 through Doc. 24-17). The Motion, (Doc. 24), is **GRANTED** and the Court **ORDERS** as follows:[1]

1. **Co-Lead Interim Class Counsel**

Norman E. Siegel of Stueve Siegel Hanson; Thomas E. Loeser of Cotchett Pitre & McCarthy LLP; Lynn A. Toops of CohenMalad, LLP; and Tyler W. Hudson of Wagstaff & Cartmell, LLP are appointed as Co-Lead Interim Class Counsel for Plaintiffs.[2]

Co-Lead Interim Class Counsel are designated to "act on behalf of a putative class before determining whether to certify the action as a class action" and are responsible for coordinating pretrial proceedings. Fed. R. Civ. P. 23(g)(3).

Co-Lead Interim Class Counsel's responsibilities include, but are not limited to, the following:

    a. Determine and present matters to the Court during pretrial proceedings;

    b. Coordinate and conduct discovery;

---

[1] This Order shall apply to the Consolidated Action, and all cases subsequently filed in, transferred to, or removed to this Court that are included in this Consolidated Action in the future.

[2] Any of these individuals who have not entered an appearance in Case No. 25-00259 must do so promptly; until they do, they will not receive ECF notifications.

c. Manage this litigation on behalf of the putative plaintiff class through coordination with other Co-Lead Interim Class Counsel;

d. Fund the necessary and appropriate costs of discovery and other common benefit efforts;

e. Coordinate settlement discussions or other dispute resolution efforts;

f. Ensure all proceedings are effective, efficient, and economical;

g. Ensure scheduling requirements are met;

h. Delegate specific tasks in consideration of the qualifications of non-leadership counsel (including members of the Executive Committee) in an effort to maximize efficiency;

i. Consult with and employ consultants or experts as necessary;

j. Enter into stipulations with opposing counsel as necessary;

k. Encourage full cooperation and efficiency among all plaintiffs' counsel;

l. Prepare and distribute periodic status reports to all parties;

m. Establish a protocol for timekeeping and recordkeeping for work performed in the prosecution of Plaintiffs' claims, including a mechanism for maintenance of disbursements and receipts for common benefit work, for submission to the Court for approval;

n. Determine reasonable compensation for non-leadership counsel commensurate with their contributions from a settlement fund, if any, or a verdict;

o. Present all matters of common concern to Plaintiffs;

p. Perform such other duties as may be incidental to proper coordination with other leadership counsel or as otherwise ordered by the Court;

2

q. Submit, if appropriate, additional committees and counsel for designation by the Court; and

r. Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

Unless otherwise ordered by the Court, no work shall be undertaken by any plaintiffs' counsel, including members of the Executive Committee, without the express advance authorization of Co-Lead Interim Class Counsel. Likewise, no pleadings, motions, discovery, or other pretrial proceedings shall be filed or initiated by any plaintiffs' counsel, including the Executive Committee, except through Co-Lead Interim Class Counsel or upon their express advance authorization, or when ordered by the Court.

**2. Executive Committee**

J. Gerard Stranch, IV is appointed Chair of Plaintiffs' Executive Committee. Raina Borrelli of Strauss Borrelli PLLC; Jeff Ostrow of Kopelowitz Ostrow, P.A.; Patrick Donathen of Lynch Carpenter; Casondra Turner of Milberg Coleman Bryson Phillips Grossman, PLLC; James Treglio of Potter Handy LLP; Leanna Loginov of Shamis & Gentile, P.A.; Laura Van Note of Cole & Van Note; Charles E. Schaffer of Levin Sedran & Berman; Elena Belov of Almeida Law Group; Anthony Parkhill of Barnow and Associates; and Paul Doolittle of Poulin Willey Anastopoulo, LLC, are appointed as members of Plaintiffs' Executive Committee.

The Executive Committee shall perform such functions as directed by Co-Lead Interim Class Counsel, or as may be expressly authorized by Order of the Court. And as discussed in Part 1, above, members of the Executive Committee shall not undertake any work (including filing pleadings, motions, or other documents) except through Co-Lead Interim Class Counsel or upon

3

their express advance authorization. At Co-Lead Interim Class Counsel's direction, the Executive Committee's responsibilities can include, but are not limited to, the following:

a. Determine and present matters to the Court during pretrial proceedings;

b. Work with other leadership counsel in the efficient prosecution of plaintiffs' claims and carry out such duties and responsibilities as appropriate;

c. Participate in common benefit work to advance the litigation;

d. Meet and confer with Co-Lead Interim Class Counsel as needed to consult on any matter germane to this litigation; and

e. Conduct and coordinate discovery in an efficient manner.

The Court recognizes changes to the Executive Committee's organization may be necessary as the litigation progresses and new details emerge. The Court may amend or expand the Executive Committee upon request or on the Court's own if circumstances warrant.

**3. Other provisions**

All appointments are of a personal nature and each appointee must assume personal responsibility for the performance of their duties. No other attorneys, including members of an appointee's law firm, may substitute for the appointee in the fulfillment of their exclusive duties, except with prior approval of the Court. The Court may add or replace appointees on their request, or on request of other leadership, or on its own if circumstances warrant.

The Court retains the authority to review all appointments as Co-Lead Interim Class Counsel and to the Executive Committee and may do so periodically on its own initiative. In conducting such a review, the Court may require the attorneys to detail the nature and scope of their work on this litigation, including documentation of the time and resources expended.

This Order shall not be interpreted as indicative of any decision relative to the issue of class certification.

All communications from Plaintiffs with the Court must be through Co-Lead Interim Class Counsel. If circumstances require direct correspondence with the Court by individual counsel, counsel will notify Co-Lead Interim Class Counsel of the circumstances before contacting the Court directly, and counsel shall simultaneously serve a copy of the communication on Co-Lead Interim Class Counsel.

Non-leadership counsel performing common benefit work at the direction of the Executive Committee must secure the express advance authorization from Co-Lead Interim Class Counsel for the performance of the specific common benefit work if assigned by the Executive Committee. Only where non-leadership counsel has obtained the express authorization of Co-Lead Interim Class Counsel for the performance of the common benefit work is the non-leadership counsel's time and expense compensable.

**IT IS SO ORDERED.**

Date: July 21, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT