IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

IN RE: CERNER/ORACLE DATA )
BREAK BREACH LITIGATION. ) Case No. 25-cv-00259-CV-W-BP
)

## **INTERIM SCHEDULING ORDER**

The Court has considered the parties' Report of Rule 26(f) Planning Conference (the "Rule 26(f) Report") and their comments during the September 11, 2025, telephone conference. The Court has several general observations (some of which were expressed during the telephone conference):

A. It is unnecessary to delay the filing of a Consolidated Complaint until all affected healthcare providers and patients have been notified. The facts surrounding the data breach giving rise to this suit are established, as is the general universe of claims that might arise from it. While some additions will be necessary as more affected healthcare providers and patients are identified (including, possibly, new claims based on claims from patients in additional States), those additions can be handled through the use of Short Form Complaints.

B. Similarly, it is not necessary to delay discovery or Rule 26 disclosures, particularly with respect to facts relating to the data breach. Further, consistent with Item A above, much of this discovery will be necessary regardless of the specific claims Plaintiffs assert.

C. The Court suggested that mid-October might be an appropriate deadline for Plaintiffs to file a Consolidated Complaint. However, during the telephone conference, Defendant Cerner/Oracle indicated that all or most of the healthcare providers would be notified by the end of October 2025. Therefore, the Court believes it is appropriate to wait until after

October 31; all healthcare providers and patients may not have been notified by then but waiting a few more weeks may provide sufficient additional information to justify the delay.

D. It is premature to set a deadline for filing Motions for Class Certification.

Accordingly, the Court **ORDERS** as follows:

1. Plaintiffs shall file a Consolidated Complaint on or before November 7, 2025.

2. Thereafter, Plaintiffs may utilize Short Form Complaints to add Defendants and Plaintiffs and corresponding claims (either by incorporating specific counts from the Consolidated Complaint or specifying new claims to be added, which may be particularly appropriate if a new Defendant or Plaintiff permits claims under the law of a State not previously addressed in the Consolidated Complaint). Plaintiffs may not utilize Short Form Complaints to otherwise amend the Consolidated Complaint. The Court believes it is premature to consider setting a deadline for filing Short Form Complaints.

3. Consistent with Item B above, the currently filed Complaints provide sufficient information for the parties to discuss and exchange Rule 26 disclosures. They should begin that process within fourteen days of the filing of this Interim Scheduling Order. Formal discovery may also commence fourteen days following entry of this Interim Scheduling Order (although the Court acknowledges that a Protective Order and ESI Protocol may have to be entered before documents and information are exchanged).

4. As outlined on pages 18-19 of the Rule 26(f) Report, within fourteen days, the parties should begin discussing (if they have not already)

    a. Matters related to ESI,

    b. A proposed Protective Order, and

    c. A privilege log protocol.

5. The parties shall file a Joint Status Report outlining the progress made with respect to the exchange of Rule 26 disclosures on or before November 14, 2025. If the parties have not provided the Court with a proposed Protective Order or a Proposed ESI Protocol by that date, the Joint Status Report should address the status of those matters as well.

6. Defendants named in the Consolidated Complaint shall Answer or file Motions to Dismiss the Consolidated Complaint on or before December 12, 2025. Plaintiffs shall respond on or before January 13, 2026, and Defendants shall have until and including February 14, 2026, to file Reply Suggestions.

7. The Motions to Dismiss need not address claims or parties contained in the Short Form Complaints. The Court's rulings will undoubtedly affect such claims and parties, but such issues can be addressed once the Court's rulings are made. And, if necessary, a plan permitting Defendants to file Motions directed at the Short Form Complaints can be developed after the Court's rulings on Motions to Dismiss.

**IT IS SO ORDERED.**

Date: September 16, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT