# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: CERNER/ORACLE DATA BREACH LITIGATION | )<br>)<br>) | Case No. 25-00259-CV-W-BP |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT CERNER'S RESPONSE TO COURT'S SHOW CAUSE ORDER

Plaintiffs respectfully request leave to file this opposition to Defendant Cerner's Response (Doc. 228) to the Court's Show Cause Order (Doc. 227). In Plaintiffs' Motion to Seal (Doc. 226), Plaintiffs acknowledged that Cerner had designated the Business Associate Agreements ("BAAs") as confidential, but Plaintiffs did not agree that they should be designated as such. Doc. 226.[1] Cerner has not overcome the presumption in favor of public access to the BAAs generally nor to the nine words quoted from the indemnity clause in the BAA between Cerner and Tallahassee Memorial Healthcare in Plaintiffs' Opposition to Cerner's Motion to Dismiss (Doc. 220).

"There is a common-law right of access to judicial records," *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)), which applies to civil proceedings, *id. See also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006) (holding the public has the right to access documents filed in connection with summary judgment motions under the common law and First Amendment). Given this well-established right of public access to judicial documents, there is a presumption in favor of public access to judicial documents. *See Nixon*, 435 U.S. at 597, 602.

---

[1] Cerner points to Plaintiffs' lack of challenge to the sealing of the BAAs with its Motion to Dismiss. Doc. 228 at 2. But Cerner never consulted Plaintiffs on their position to sealing the documents, *see* Doc. 159, and consulted only the Healthcare Providers, *see id.* at 2 ("The healthcare provider defendants who are counterparties to the BAAs do not oppose sealing.").

In weighing the competing interests between the presumption of public access and protecting the confidentiality of sensitive business information, courts will consider the value of the information in the judicial proceeding. *See IDT Corp.*, 709 F.3d at 1224 (citing *Lugosch*, 435 F.3d at 119). "Where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Lugosch*, 435 F.3d at 121. "'[R]elevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of public access applies.'" *Id.* at 122 (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 409 (1st Cir.1987)).

The BAAs before this Court—and the nine words quoted in Plaintiffs' Opposition (Doc. 220)—present documents used to "determine litigants' substantive legal rights" for which a presumption of public access attaches. *See Lugosch*, 435 F.3d at 121. Cerner attached the nine BAAs in its Suggestions in Support of its Motion to Dismiss in its argument against Plaintiffs' third-party beneficiary claims. *See* Doc. 161 at 38. Cerner likewise relied on the BAA language to argue the contracts disclaim third-party beneficiaries, *see* Doc. 161 at 38 ("many expressly *disclaim* third-party beneficiaries" and "the contract language dispositively disproves these assertions"). Because Cerner's purpose in attaching these BAAs was to support its argument and allow the Court to review the language within the BAAs to adjudicate the merits of Plaintiffs' claims, a presumption in favor of public access attaches.

As for the nine quoted words in Plaintiffs' Opposition, Plaintiffs included the language to support their argument that some of the BAAs contemplate third-party beneficiaries. *See* Doc. 220 at 33. The limited quote presents less risk to sensitive business information than the entirety of the BAAs and it is necessary to understand Plaintiffs' third-party beneficiary argument in its Opposition to the Motion to Dismiss. Thus, a stronger presumption in favor of public access

2

attaches to the nine words quoted in Plaintiffs' Opposition.

For the above reasons, Plaintiffs respectfully request leave to file this opposition to Cerner's Response (Doc. 228) to the Court's Show Cause Order (Doc. 227).

DATE: March 17, 2026

Respectfully submitted,

*/s/ Norman E. Siegel*
Norman E. Siegel
Barrett J. Vahle
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64113
Tel: (816) 714-7112
siegel@stuevesiegel.com
vahle@stuevesiegel.com

Tyler W. Hudson
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1177
thudson@wcllp.com

Lynn A. Toops
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com

Thomas E. Loeser
**COTCHETT PITRE & MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272
tloeser@cpmlegal.com

*Co-Lead Interim Class Counsel*

3