**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

IN RE: CERNER/ORACLE DATA　　　)
BREACH LITIGATION.　　　　　　　)　　　　Case No. 25-00259-CV-W-BP
　　　　　　　　　　　　　　　　)

## ORDER DIRECTING PARTIES TO FILE JOINT STATUS REPORT

On September 16, 2025, the Court issued an Interim Scheduling Order, (Doc. 59), which set a schedule for the case through the filing of a Consolidated Complaint and Motions to Dismiss. The deadlines set in the Interim Scheduling Order have passed and, on June 22, 2026, the Court issued its Order addressing the Motions to Dismiss. In the meantime, numerous cases have been consolidated into this one, and others have been dismissed.

The Court intends to conduct a Status Conference with the parties, and this Order will direct the parties to file a Joint Status Report in advance. For background, the Court makes the following observations.

The Consolidated Complaint, (Doc. 93), currently presents claims from 17 individuals against 8 different Defendants, with those claims arising under (potentially) 7 different states' laws. Those states are: Arkansas, Arizona, California, Florida, Indiana, Missouri, and New York.[1] Since it was filed, and accounting for dismissals, 24 more cases have been consolidated into this one. All of these cases assert the same common law claims appearing in the Consolidated Complaint, although (1) some may be analyzed under the law of different jurisdictions and (2) some also assert claims under statutes from states that are not represented in the Consolidated Complaint. More specifically, of the new cases:

---

[1] Two Plaintiffs named in the Consolidated Complaint asserted claims under Maryland and Montana, but they dismissed their claims. Other Plaintiffs named in the Consolidated Complaint dismissed their claims as well, leaving 17.

- One asserts claims (1) against Defendants already named in the Consolidated Complaint (2) under the law of a jurisdiction already encompassed in the Consolidated Complaint.[2]

- One asserts claims against a Defendant already named in the Consolidated Complaint, but the claims implicate another state's law.[3]

- One includes a new Defendant, but it is not clear if any claims are based on Illinois law or if they are all based on Missouri law.[4]

- Eight include new Defendants, but the claims appear to be asserted under the laws of jurisdictions already represented in the Consolidated Complaint.[5]

- The remaining thirteen new cases include new Defendants and implicate the laws of jurisdictions not at issue in the Consolidated Complaint.[6]

The Interim Scheduling Order contemplated that these new claims and parties would be incorporated by way of Short Form Complaints, (Doc. 59, p. 2), but none have been filed (likely because the parties preferred to wait for a ruling on the Motions to Dismiss).

With that background in mind, the parties are directed to confer and, on or before July 22, 2026, file a Joint Status Report that addresses the following issues:

---

[2] This case is *Coulter v. Tallahassee Memorial Healthcare, Inc.*, Case No. 25-0560.

[3] This case is *House v. Cerner Corporation*, Case No. 26-0270. Cerner is the only Defendant (there is no health care provider named), and at least one claim is based on South Carolina law.

[4] This case is *Park v. Cerner Corporation*, Case No. 26-0313. The Plaintiffs are citizens of Illinois, both Defendants are in Missouri, and there are no statutory claims asserted.

[5] The case numbers for these cases are: 26-4010, 26-0192, 26-0205, 26-0257, 26-0302, 26-0304, 26-0305, and 26-0383.

[6] The case numbers for these cases are: 26-0033, 26-0098, 26-0129, 26-0167, 26-0181, 26-0228, 26-0229, 26-0231, 26-0255, 26-0268, 26-0278, 25-0334, and 26-0463. These cases would inject issues under (potentially) the laws of Delaware (or Maryland), DC, Georgia, Illinois, Michigan, Kentucky, New Jersey, Ohio, Oklahoma, Tennessee, and Texas.

2

1.      Do the parties anticipate more suits will be filed against any health care providers who are not already included as Defendants in this action?

2.      Are the parties aware of any related suits pending in other federal courts, and if so, what is their status with respect to being transferred?

3.      Are the parties aware of any related suits pending in state courts that have not been, or cannot be, removed to federal court?

4.      Do the parties continue to believe that the use of Short Form Complaints to incorporate the new parties and new claims is the best approach?  If not, what do they propose instead?

5.      If the parties continue to believe that the use of Short Form Complaints is the best approach, what content should they contain?  On this point, the Court preliminarily believes the Short Form Complaints should only (1) identify the parties, (2) identify (by Count Number) the claims from the Consolidated Complaint that are being asserted, (3) state any new claims that are being asserted, and (4) allege any *unique* facts related to the new parties that are necessary to support those claims, without restating the facts from the Consolidated Complaint.  With this in mind, the Court believes that Short Form Complaints should not exceed 10 pages in length.

The Court further believes it may be useful to file a single Short Form Complaint for the new cases asserting claims under Florida law: Case Nos. 25-0560, 26-0205, 26-0257, 26-0304, 26-0305, and 26-0383.

Regardless of the form the Short Form Complaints take, the Court reiterates that "Plaintiffs may not utilize Short Form Complaints to . . . amend the Consolidated Complaint."  (Doc. 59, p. 2.)

6.      What deadlines are appropriate to set at this juncture?  The Court believes deadlines should be set for the filing of Short Form Complaints and for Defendants to file Answers or Motions to

Dismiss the Short Form Complaints. The Court is also inclined to believe a deadline should be set for the filing of any Motion(s) to Certify Class Action(s). The Joint Status Report should suggest deadlines for these matters (and any others the parties believe are appropriate).[7]

7. What form will any Motions regarding class certification take? The Consolidated Complaint contemplates multiple nationwide and state subclasses, resulting in significant overlapping. The possibility of state subclasses is additionally problematic because of the number of states (including the District of Columbia) at issue. Each subclass must satisfy Rule 23's requirements, *e.g.*, Fed. R. Civ. P. 23(c)(5); *Roby v. St. Louis Southwestern Ry. Co.*, 775 F.2d 959, 961 (8th Cir. 1985), and the analysis will require the Court to consider (in a limited fashion) the merits (and thus the elements) of any claims Plaintiffs wish to pursue on a class-wide basis. *E.g.*, *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).

Accordingly, at a minimum, the Court will require Plaintiffs to specify in advance (a) the claims they intend to pursue on a classwide basis, and (b) which claims are being asserted by which classes. Given the number of permutations caused by the various states' laws, the number of claims, and the number of classes described in the Consolidated Complaint, the Court intends to explore how to keep the briefing manageable.

10. Finally, the Joint Status Report should identify any other topics the parties believe should be discussed during the Status Conference.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE

Date: July 7, 2026                 UNITED STATES DISTRICT COURT

---

[7] The Court is aware of the pending Motions seeking to set deadlines to respond to the Consolidated Complaint. The Court defers ruling on these Motion until after the Status Conference and further suggests there is no need for more such Motions to be filed.