**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: CERNER/ORACLE DATA BREACH LITIGATION | ) <br> ) | Case No. 25-00259-CV-W-BP |

# JOINT STATUS REPORT AND PROPOSED SCHEDULE

Pursuant to the Court's July 7, 2026, Order (Doc. 401), the Parties that have appeared in this consolidated action (the "Parties")[1] jointly submit this status report.

**1. Do the parties anticipate more suits will be filed against any health care providers who are not already included as Defendants in this action?**

Plaintiffs' Position. Yes. Additional actions are likely because notice to affected patients is still ongoing. More than a year after the January 2025 breach, numerous healthcare providers have not completed—or, in some instances, have not even begun—providing notice to affected patients.

[1] Defendants Tampa General Hospital Citrus, LLC and Tampa General Hospital Hernando, LLC (collectively, "Tampa General") dispute that this Court has personal jurisdiction over them and submit this status report under an express reservation of all rights, including the defense of lack of personal jurisdiction. Tampa General's Motion to Dismiss for Lack of Personal Jurisdiction was dismissed as moot on July 28, 2026, in light of Plaintiffs Spikes and Koehli's filing of an Amended Complaint on July 27, 2026. Tampa General intends to file a renewed Motion to Dismiss for Lack of Personal Jurisdiction in response to the Amended Complaint and maintains that the Court should resolve that motion before any further action is taken on Plaintiffs Spikes and Koehli's claims against Tampa General or any case deadlines, including discovery, begin to run as to Tampa General. Accordingly, the Healthcare Provider Defendants' position stated in the remainder of this Joint Status Report does not apply to Tampa General because, in Tampa General's view, no Short Form Complaint is necessary as to Tampa General and the proposed scheduling items are premature until the jurisdictional issue is resolved. Defendants Board of Trustees of North Kansas City Hospital and Meritas Health Corporation (collectively, "NKC Health") have a similar position based on their defense of sovereign immunity under Missouri law. That is, no case deadlines, including discovery, should apply to NKC Health unless an Order issues denying NKC Health's forthcoming motion to dismiss based on its threshold defense of sovereign immunity. NKC Health intends to file such motion by September 28, 2026, in accordance with the schedule stated below.

Some providers may not provide notice to breach victims at all. As additional patients receive notice, Plaintiffs expect additional complaints against additional healthcare providers.[2]

Cerner disclosed 68 healthcare providers, whose patients' PII or PHI may have been compromised in the data breach. According to Cerner, after it provided notice of the breach to each healthcare provider, that provider then made an independent determination whether to issue notice to impacted patients, and whether to send such notice directly by the provider (or a vendor of its choosing), or by opting into Cerner's notice program administered by Experian. As of July 27, 2026, based on information obtained in discovery, notice to impacted patients from the 68 healthcare providers is partially complete as follows:

- 50 healthcare providers opted in to Cerner's notice program with Experian, and Cerner has reported that the notice to these impacted patients was completed by May 15, 2026;
- Approximately 12 healthcare providers either independently notified or are in the process of notifying impacted patients;[3]
- 4 healthcare providers had no impacted patients;

[2] Plaintiffs will provide a chart summarizing each entity's notice status upon request.

[3] Through third-party discovery under Rule 45, Plaintiffs learned that Marathon Health, Marshall Health, Oaklawn Hospital, and Huntsville Healthcare Authority have recently begun sending notice to affected patients. For example, Oaklawn Hospital began notifying patients as late as July 23, 2026. Notice of Data Incident at Cerner, OAKLAWN, (July 23, 2026), available at https://oaklawnhospital.org/news/notice-of-data-incident-at-cerner/ (last visited July 27, 2026). Huntsville Healthcare Authority began notifying patients as late as June 26, 2026. Notice of Cerner Data Security Incident, HUNTSVILLE HOSPITAL, available at https://www.huntsvillehospital.org/cerner-notice (last visited July 16, 2026); *see also* Megan Plotka, *Huntsville Hospital vendor hit by data breach: What patients need to do now*, ADVANCELOCAL, June 26, 2026, available at https://www.al.com/news/2026/06/huntsville-hospital-vendor-hit-by-data-breach-what-patients-need-to-do-now.html.

- 1 healthcare provider has affirmatively stated to Plaintiffs' counsel it does not intend to provide notice to impacted patients;[4]
- 1 healthcare provider is in bankruptcy proceedings.[5]

As of July 29, 2026, Plaintiffs have named 26[6] of the 68 healthcare providers identified by Cerner. The Consolidated Class Action Complaint presently names Defendants Cerner Corporation and the following healthcare providers:

1. Arkansas Heart Hospital, LLC
2. Baptist Health South Florida, Inc.
3. Glens Falls Hospital an affiliate of Albany Med Health System[7]
4. Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc.
5. Pasadena Hospital Association, Ltd, d/b/a Huntington Hospital
6. Tallahassee Memorial Healthcare, Inc.
7. Union Health System, Inc.

Since the November 7, 2025, Consolidated Class Action Complaint, Plaintiffs' counsel filed complaints, all now consolidated here, naming the following additional healthcare providers:

1. Adventist Health System Sunbelt Healthcare Corporation d/b/a AdventHealth
2. Ascension Health
3. Aultman Hospital
4. Bon Secours Charity Health Systems, Inc.[8]

---

[4] Northwell Health has declined to send notice to patients. Plaintiffs expect to conduct additional discovery on Northwell Health to gain an understanding of the impact of the breach on patients and patient information and Northwell's relationship to Cerner.

[5] Steward Health Care has filed for bankruptcy in the Southern District of Texas and Plaintiffs' counsel is working with the bankruptcy administrator to facilitate notice to impacted patients.

[6] This number does not include the healthcare providers that were named in a complaint but have since been dismissed. Nor does this number include the Medical University of South Carolina as Plaintiffs associated with this healthcare provider named only Cerner in the Complaint.

[7] Plaintiffs named Glens Falls Hospital and Albany Med Health System. Only Glens Falls Hospital has been identified as an affected entity by Cerner.

[8] Plaintiffs filed a complaint naming Bon Secours Community Hospital, Good Samaritan Hospital, and St. Anthony Community Hospital, collectively "Bon Secours Charity Health System." Plaintiffs' counsel intend to file an amended complaint naming Cerner Corporation and related

5. CGH Medical Center
6. Children's National Hospital
7. ChristianaCare
8. Community Health Systems (CHSPSC, LLC)
9. Hamilton Health Care System
10. Integris Health
11. Jupiter Medical Center
12. Lake Regional Health System
13. St. Mary's Hospital of St. Mary's County, Inc.
14. Methodist Le Bonheur Healthcare
15. Munson Health
16. NKC Health
17. St. Joseph's Health, Inc.
18. Christus Health d/b/a Trinity Mother Frances Health System
19. University Medical Center, Inc. d/b/a University of Louisville Hospital

Additionally, Plaintiffs note that several originating complaints name healthcare providers that Cerner has not explicitly identified as affected entities, but that Plaintiffs understand to be entities related to those identified by Cerner.

- *McGhee, et al. v. Cerner, et al.*, No. 26-cv-192 (W.D. Mo. Mar. 10, 2026) (Plaintiffs named Board of Trustees of North Kansas City Hospital and the Meritas Health Corporation);

- *Ufko, et al. v. Cerner, et al.*, No. 26-cv-304 (W.D. Mo. Apr. 9, 2026) (Plaintiffs named CHS/Community Health Systems, Inc., Adventist Health Systems/Sunbelt, Inc. ("AdventHealth"), and AdventHealth Port Charlotte, Inc. f/k/a Shorepoint Health Port Charlotte);

- *Spikes, et al. v. Cerner, et al.*, No. 26-cv-305 (W.D. Mo. July 27, 2026) (Plaintiffs named CHS/Community Health Systems, Inc., Tampa General Hospital Citrus, LLC, Tampa General Hospital Hernando, LLC, Florida Life Sciences Center, Inc. d/b/a Tampa General Hospital, and Tampa General Medical Group, Inc.);

- *Dossett, et al. v. Cerner, et al.*, No. 26-cv-334 (Plaintiffs named CHS/Community Health Systems, Inc. and Campbell County HMA, LLC).

---

healthcare provider entities, Bon Secours Charity Health Systems, Inc. and Westchester Medical Center Health Network.

Plaintiffs' counsel continue to work with Defendants' counsel to identify the healthcare provider entities that are responsible for the patient data at issue.

In summary, given the size and scope of the Cerner data breach, and the significant delays associated with continuing breach notifications, Plaintiffs continue to identify additional impacted persons and affected entities whose claims may warrant inclusion in this litigation. Plaintiffs' counsel therefore anticipate filing additional complaints as affected healthcare providers complete notice to impacted patients.

Defendants' Position. Cerner agrees that additional actions against healthcare providers who are not already named as Defendants are likely to be filed. As to notice, Cerner provided healthcare providers with a list of potentially affected patients that required further validation and analysis by healthcare providers and did not reflect any determination by Cerner that such potentially affected patients were in fact affected patients of any given healthcare provider or that individual notice was required for any such patient. To the extent Plaintiffs' discussion above suggests otherwise, Cerner and the Healthcare Defendants disagree.

With respect to the patient notification status Plaintiffs provide in their response, it appears that Plaintiffs are pulling information from multiple sources, some of which Cerner is unable to independently verify. Cerner, therefore, is not in a position to agree or disagree with Plaintiffs' characterization of the status of patient notification.

**2. Are the parties aware of any related suits pending in other federal courts, and if so, what is their status with respect to being transferred?**

The Parties are aware of the following related cases pending in other federal courts:

1. *Thompson v. Jupiter Medical Center, Inc.*, Case No. 9:26-cv-80704 (S.D. Fla.). Defendant Jupiter Medical Center removed the case on June 12, 2026. Defendant filed a motion to transfer the case to W.D. Mo., which has been opposed by Plaintiff and remains pending. Plaintiff filed a motion to remand, which has been opposed by Defendant and remains pending.

2. *Morgan v. Glens Falls Hospital and Albany Med Health System,* Case No. 1:25-cv-01271 (N.D.N.Y.). This case was transferred to W.D. Mo. on December 3, 2025, but a complaint has not appeared in the W.D. Mo. The N.D.N.Y. case has been closed.

**3. Are the parties aware of any related suits pending in state courts that have not been, or cannot be, removed to federal court?**

Yes. The Parties are aware of the following related suits filed by other plaintiffs' counsel pending in state courts that have not or cannot now be removed to federal court. Except for the last two listed cases, plaintiffs' counsel in those matters did not name Cerner Corporation as a defendant. Co-Lead Counsel continue to work with Defendants named in this action (and, where possible, plaintiffs' counsel in these related actions) to coordinate the litigation through this District.

1. *Nelson v. Arkansas Heart Hospital*, No. 60CV-25-3821 (Pulaski Circuit, AR). Defendant Arkansas Heart filed an interlocutory appeal of the trial court's order granting class certification, which remains pending. *Arkansas Heart Hospital LLC v. Samuel Nelson*, No. CV-26-306 (AR Sup. Ct).

2. *Koegler v. Munson Healthcare*, No. 2026-37906 CZ (Grand Traverse, MI). Defendant Munson Healthcare removed the case on March 12, 2026, and the case was remanded back to state court on June 26. On July 6, 2026, Munson filed a motion for summary disposition or stay pending resolution of the consolidated federal actions, which remains pending.

3. *Gerhart v. Munson Healthcare*, No. 2026-37922 NZ (Grand Traverse, MI). Defendant Munson Healthcare removed the case on March 10, 2026, and the case was remanded back to state court on June 24. On July 6, Munson filed a motion for summary disposition or stay pending resolution of consolidated federal actions, which remains pending.

4. *Abraham v. St. Mary's Hospital of St. Mary's County*, No. C-18-CV-25-000599 (Circuit Court for St. Mary's County, MD). Defendant St. Mary's Hospital removed the case on December 6, 2025, and the case was remanded back to state court on April 7. On April 30, St. Mary's filed a motion to dismiss, which remains pending.

5. *James Burton Williams v. Marshall Health Network, Inc.*, No. CC-40-2026-C-128 (Putnam County, WV). Filed June 11, 2026.

6. *Parker v. Huntsville Hospital*, No. 47-CV-2026-901344.00 (Madison County, AL). Filed July 1, 2026.

7. *Andujar v. Cerner*, No. 2026-CA-002533-O (Orange County, FL). Plaintiff Janice Andujar filed an Amended Complaint, which Defendant Cerner moved to dismiss on July 14, 2026.

8. *Berry v. Oracle Corporation*, No. 26CV034351-590 (Mecklenberg County, NC). Plaintiff Laquanda Berry filed a *pro se* complaint, which was served on Oracle via certified mail on July 8, 2026. Oracle's response to the Complaint is due on August 7, 2026.

**4. Do the parties continue to believe that the use of Short Form Complaints to incorporate the new parties and new claims is the best approach? If not, what do they propose instead?**

Plaintiffs' Position. Plaintiffs believe the Short Form Complaints provide the most efficient procedure for Plaintiffs to incorporate new parties and claims, and for related Defendants to answer or otherwise respond to those new claims considering the Court's Order on the previously submitted motions under Rules 12(b)(1) and 12(b)(6). This procedure avoids repetitive pleadings, prevents unnecessary motion practice over issues the Court has already decided, and allows the litigation to move forward efficiently while preserving all parties' rights. Plaintiffs propose that for any complaint consolidated in this action as of July 31, 2026, Plaintiffs will file a Short Form Complaint within 14 days after the Court's August 14 status conference. For any complaints filed in or transferred to this District after July 31, 2026, Plaintiffs propose they file a Short Form Complaint within 14 days after the appearance of the newly named Healthcare Defendant.

The proposed Short Form Complaints will not modify the allegations asserted in the Consolidated Complaint. Rather, they will incorporate by reference the relevant allegations and claims of the Consolidated Complaint, include unique factual allegations applicable to each named plaintiff and new Healthcare Defendant, and include any unique state-law claims not pleaded in

the Consolidated Complaint. Plaintiffs will identify in their Short Form Complaints any claims that they believe are subject to dismissal under the Court's previous Order on the Motions to Dismiss (Doc. 394), such that the case should proceed with the application of that ruling, preserving all appeal rights as to dismissed claims. With respect to new claims not subject to the Court's Order, including claims under state law not previously addressed by the Court, each relevant defendant can file its own motion to dismiss those claims within 28 days of the Short Form Complaint.

Plaintiffs believe the proposed Short Form Complaint procedure will facilitate the efficient administration of this Consolidated Action by allowing discovery to proceed while preserving the ability of additional healthcare defendants to assert defenses that were not previously addressed in the Court's ruling on the Motions to Dismiss, Doc. 394, and permitting Plaintiffs to preserve all claims for any potential appeal. The filing of the Short Form Complaints does not alter existing discovery, class-certification, expert, or dispositive-motion deadlines absent further order by the Court.

<u>Defendants' Position</u>. Defendants are generally aligned with Plaintiffs. Defendants agree with the following: (1) Short Form Complaints are the most efficient approach; (2) Short Form Complaints should not modify the allegations already asserted in the Consolidated Complaint; (3) Short Form Complaints should incorporate by reference the relevant allegations and claims in the Consolidated Complaint, identifying each relevant allegation by paragraph number[9] and each claim by Count number and including any new claims not pleaded in the Consolidated Complaint;

---

[9] Defendants disagree with Plaintiffs' proposal regarding incorporation by reference of the allegations and claims in the Consolidated Complaint only to the limited extent that Defendants propose Plaintiffs, for clarity, identify by paragraph number each relevant allegation being incorporated by reference into the Short Form Complaints.

(4) Plaintiffs should file Short Form Complaints within 14 days of the Court's August 14, 2026, status conference for any complaint consolidated in this action as of July 31, 2026, and for any complaint consolidated after July 31, 2025, Plaintiffs should file a Short Form Complaint within 14 days after the appearance of the newly named Healthcare Defendant; and (5) the Parties have agreed upon a schedule for, among other things, the Healthcare Defendants' responses to Short Form Complaints as set forth in response to Question No. 6.

The Healthcare Defendants disagree with Plaintiffs' attempt to limit their right to respond to the Short Form Complaint in any manner—particularly in light of the fact that these defendants were not parties to the Consolidated Complaint or the prior briefing on the motion to dismiss the Consolidated Complaint. Each Healthcare Defendant has a due process right to review the yet-to-be filed Short Form Complaint and assess whether to move to dismiss and on what grounds. The Healthcare Defendants will, of course, be mindful of the Court's prior Motion to Dismiss Order (Doc. 394) and do not intend to burden the Court with repetitive motion practice on issues already decided. But the decision whether to move to dismiss and on what grounds is a decision for each of the Healthcare Defendants to make, not Plaintiffs.

**5. If the parties continue to believe that the use of Short Form Complaints is the best approach, what content should they contain?**

Parties' Position. The Parties agree that the content of the Short Form Complaints should be as follows, which largely is as described in the Court's Order (Doc. 401 at 3, ¶ 5): (1) identify the Plaintiff(s) and Defendant(s), (2) identify the claims from the Consolidated Complaint that are being asserted by Count Number, (3) state any new claims that are being asserted, (4) allege any unique facts related to the new parties that are necessary to support those claims, without restating the facts from the Consolidated Complaint, (5) identify and incorporate by reference which paragraphs of alleged facts from the Consolidated Complaint support each of the claims from the

Consolidated Complaint and new claims if any; and (6) identify the putative class Plaintiff(s) seeks to certify, including any state-specific subclasses. The proposed Short Form Complaints will not modify the allegations asserted in the Consolidated Complaint. Plaintiffs will identify in their Short Form Complaints any claims they would have asserted but are not asserting because Plaintiffs believe those claims are subject to dismissal under the Court's previous Order on the Motion to Dismiss (Doc. 394), such that the case should proceed with the application of that ruling, preserving all appeal rights as to dismissed claims.[10] The Parties agree that Short Form Complaints may not exceed 20 pages in length. Finally, in the interest of efficiency, the Parties agree that, if a Healthcare Defendant is required to answer the Short Form Complaint, the Healthcare Defendant is not required to separately admit or deny allegations from the Consolidated Complaint that are incorporated by reference. Rather, all allegations incorporated by reference from the Consolidated Complaint are deemed denied unless expressly admitted.

The Parties agree to meet and confer regarding the form of the Short Form Complaints, and propose to submit an exemplar for the Court's review in advance of the August 14, 2026, status conference.

**6. What deadlines are appropriate to set at this juncture?**

---

[10] Plaintiffs propose filing Short Form Complaints for each named Healthcare Provider Defendant, including any alleged related entity, instead of organizing Short Form Complaints by state. For example, Plaintiffs name Community Health Systems ("CHS") in three originating complaints and anticipate filing a Short Form Complaint naming CHS and any alleged related entities. CHS is agreeable to Plaintiffs' proposal. However, the Court previously suggested that it may be useful to file a single Short Form Complaint for the new cases asserting claims under Florida law: Case Nos. 25-0560, 26-0205, 26-0257, 26-0304, 26-0305, and 26-0383. Two of those cases (Case Nos. 26-0304 and 26-0305) are against CHS. A third complaint was filed against CHS and its affiliated hospital, Campbell County HMA, LLC d/b/a Tennova Healthcare – Lafollete Medical Center (Case No. 26-0334), that presumably would not be included in any consolidation of the new Florida-based claims. If that were to happen, CHS would be named as a defendant in multiple Short Form Complaints. To avoid that situation CHS proposes that it be excepted from any consolidation of the new Florida-based claims and be subject to its own Short Form Complaint if the Court orders the filing of Short Form Complaints by state as it originally suggested.

Parties' Position. The Parties jointly propose the following schedule through discovery and class certification:

| Event | Deadline |
|---|---|
| Short Form Complaints for Presently Consolidated Plaintiffs and Defendants | August 28, 2026 |
| Substantial Completion of Cerner's Document Production in response to Requests for Production to Cerner served as of the Court's July 7, 2026 Order | August 31, 2026 |
| Defendants' Answers to Consolidated Complaint | September 18, 2026 |
| Defendants' Answers or Responses to Short Form Complaints for Presently Consolidated Plaintiffs and Defendants | September 28, 2026 |
| Plaintiffs' Opposition to Motions to Dismiss filed by Defendants | October 26, 2026 |
| Defendants' Replies in Support of Motions to Dismiss | November 16, 2026 |
| Quarterly Status Report Due | November 13, 2026 |
| Deadline to File Short Form Complaints for Additional Plaintiffs | 14 days after Appearance of Newly Named Consolidated Defendant |
| Defendants' Answer or Response to Short Form Complaint by Additional Plaintiffs | 28 days after Short Form Complaint |
| Additional Plaintiffs' Opposition to Motions to Dismiss | 28 days after Additional Defendant's Response to Short Form Complaint |
| Defendants' Replies in Support of Motions to Dismiss Short Form Complaints by Additional Plaintiffs | 14 days after oppositions |
| Initial Disclosures or Supplement of Initial Disclosures[11] (Rule 26(a)(1)(A)). | October 26, 2026, or 14 days after Answer to Short Form Complaint, whichever is later |
| Quarterly Status Report Due | February 19, 2027 |
| In Response to Requests for Production served as of September 30, 2026, Substantial Completion of Document Production for Healthcare Defendants Included as of August 28, 2026, as well for the corresponding Plaintiffs asserting claims against those Healthcare Defendants | March 2, 2027 |
| Fact Discovery Closes | April 30, 2027 |
| Any Motions Pertaining to Fact Discovery | May 17, 2027 |
| Quarterly Status Report Due | May 21, 2027 |
| Plaintiffs to Serve Expert Reports Related to Class Certification | June 1, 2027 |
| Plaintiffs' Motion for Class Certification | June 1, 2027 |
| Suggestions in Opposition to Motion for Class Certification | August 18, 2027 |
| Defendants to Serve Expert Reports Related to Class Certification | August 18, 2027 |

[11] Parties named in the Consolidated Complaint have already exchanged initial disclosures.

| | |
|---|---|
| Quarterly Status Report Due | August 20, 2027 |
| Reply Suggestions in Support of Class Certification | November 1, 2027 |
| Plaintiffs to Serve Expert Rebuttal Reports Related to Class Certification | November 1, 2027 |
| The Parties shall meet and confer and propose a schedule for the remainder of the case within 14 days after the Court's ruling on the motion for class certification. | |

**7. What form will any Motions regarding Class Certification take?**

The parties propose to meet-and-confer on the proper form and scope of motions for class certification, including identification of potential bellwether states and claims for the Court's consideration, and to provide a further status report on this issue in conjunction with the November 13, 2026, Status Report.

Plaintiffs' Position. Plaintiffs appreciate the Court's interest in managing what is necessarily a large and complex litigation in a practical manner. Consistent with that objective, Plaintiffs propose that the Court consider a bellwether approach to class certification, where plaintiffs select a limited number of *claims* or *states* to be the subject of full briefing on class certification. Several cases may serve as a model for this approach.

In *Marriott*, Judge Grimm adopted a bellwether procedure that tested 10 *claims* brought by 20 named plaintiffs. *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-md-2879 (D. Md.). In the *Apple Device Performance Litigation*, Judge Davila ordered that the plaintiffs should identify "the strongest claims that plaintiffs would like to advance," which subsequently resulted in narrow motion practice. *In re: Apple Inc. Device Performance Litig.*, No. 18-md-02827 (N.D. Cal.) (June 19, 2018 Tr. at 4-5). In *Anthem*, Judge Koh ordered that class certification proceeded on 4 bellwether claims selected by Plaintiffs' counsel. *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617 (N.D. Cal., Oct. 25, 2015), Doc. 601 at 1.

In other class action cases, courts have examined bellwether *states* at the class certification stage. For example, in *Capital One*, the Court efficiently managed the case through class certification and summary judgment under a "representative complaint" raising claims under the laws of 6 states, including the home jurisdictions of defendants (Virginia and Washington) and the largest states (California, Florida, New York, and Texas). *In re: Capital One Customer Data Sec. Breach Litig.*, No. 1:19-md-2915-AJT-JFA (E.D. Va.), Docs. 302, 305 (transcript and order regarding representative complaint); *see also In re Whirlpool Corp. Front Loading Washer Prods. Liab. Litig.*, No. 1:08-WP-65000, 2010 WL 2756947, at *4 (N.D. Ohio July 12, 2010) (limiting class certification decision to one bellwether state); *In re Light Cigarettes Marketing and Sales Practices Litig.*, 271 F.R.D. 402 (D. Me. 2010) (considering class certification in four single-state bellwether class actions). Plaintiffs do not view Defendants' Position as productive, and the parties have agreed to continue to meet and confer on the issue.

<u>Defendants' Position</u>. Defendants lack sufficient information about Plaintiffs' proposal to fully evaluate it but, as written, disagree with it. Plaintiffs do not propose what form any Motions regarding Class Certification will take with specificity. They propose only that the Court consider a "bellwether" approach to class certification, where Plaintiffs (seemingly unilaterally) select an unspecified number of claims or states to be the subject of full briefing on class certification, without proposing which claims or which states (or which claims within those states), on behalf of which classes or subclasses, or otherwise what form such "bellwether" motions would take. Unlike what is contemplated by the Court's July 7 order, this proposal does not identify the claims that Plaintiffs intend to pursue on a classwide basis or which claims are being asserted by which classes, nor does it propose how to keep the briefing manageable except to, it seems, allow

Plaintiffs to move for class certification in phases, with motions for some undefined claims and/or states coming first and others coming an uncertain time later.

Especially without further specifics, Defendants do not see how Plaintiffs' proposed approach would limit the total amount of briefing at all, since each class and subclass, whether defined by claim or state or some other way, must satisfy Rule 23's requirements. Defendants disagree that Rule 23 permits class certification of any claim or state to serve as a so-called "bellwether" for certification of any other class, which must itself satisfy Rule 23. So Plaintiffs' proposal, as written, would seem to accomplish only spreading out over time the briefing required for the Court to consider certifying the problematic number of permutations of classes that Plaintiffs have pleaded. That prolonging approach is more burdensome and inefficient, not less so. Defendants' position, therefore, is that Plaintiffs should file a single motion for class certification of a reasonable number of pages (*e.g.*, the 40 pages allotted to the parties' dispositive pleading motions) that addresses the Rule 23 requirements for any class or subclass that they seek to certify, while clearly specifying the claims that they seek to certify on behalf of each such putative class.

**8. Additional topics to be discussed during August 14, 2026, Status Conference**

Plaintiffs' Position. Plaintiffs identify the following additional topics in anticipation of the status conference.

***a. Status of Discovery with Parties in the Consolidated Complaint***

On October 7, 2025, Plaintiffs served their First Set of Requests for Production of Documents and Interrogatories on Cerner. Cerner served its written responses on December 8, 2025. To date, Cerner has produced 6,386 documents across twelve productions since December 23, 2025, with its June 30, July 10, and July 17 productions containing 5,720 documents. Plaintiffs

and Cerner continue to meet and confer to attempt to resolve any remaining discovery disputes in compliance with Local Rule 37.1. Discovery remains active and continues to progress on an ongoing basis.

Plaintiffs' counsel served a Notice of Rule 30(b)(6) Deposition to Cerner on December 15, 2025. Doc. 139. Plaintiffs and Cerner have agreed to the following depositions of Cerner corporate representatives:

| Name | Date & Location |
|---|---|
| Michael Prindle | July 22, 2026, in Washington, DC |
| Sean Sweeney | July 24, 2026, in Washington, D.C. |
| Eric Pope | September 9, 2026, in Kansas City |
| Brandy Somers | September 11, 2026, in Kansas City |
| Eric Hinrichs | TBD – September 2026 |

On October 15, 2025, Plaintiffs served their First Set of Requests for Production of Documents and Interrogatories on the Healthcare Defendants then named in the consolidated action, which were Defendants Union Health System, Inc., Tallahassee Memorial Healthcare, Inc., Heartland Regional Medical Center d/b/a Mosaic Life Care, Glens Falls Hospital, which is an affiliate of Albany Med Health System, Baptist Health South Florida, Inc., and Arkansas Heart Hospital, LLC, to which these Defendants responded. On March 27, 2026, Plaintiffs served discovery on Pasadena Hospital Association Ltd. d/b/a Huntington Hospital, to which it responded, and served a 30(b)(6) notice on this provider July 2, 2026. Plaintiffs and these Healthcare Defendants continue to meet and confer regarding discovery disputes in compliance with Local Rule 37.1.

On November 5, 2025, Cerner served its First Set of Requests for Production of Documents and Interrogatories on Plaintiffs. On June 5, 2026, Cerner served Notices of Depositions on five of the Named Plaintiffs in the Consolidated Complaint. Cerner then served additional deposition

notices on two additional Named Plaintiffs on June 23, 2026. The Parties are working to schedule those depositions for September and October 2026. Plaintiffs and Cerner continue to meet and confer regarding discovery disputes in compliance with Local Rule 37.1.

On January 2, 2026, the Healthcare Defendants Union Health System, Inc., Tallahassee Memorial Healthcare, Inc., Heartland Regional Medical Center d/b/a Mosaic Life Care, Glens Falls Hospital, Albany Med Health System, and Baptist Health South Florida, Inc. served discovery requests on Plaintiffs, to which the Plaintiffs responded. Plaintiffs and these Healthcare Defendants continue to meet and confer regarding discovery disputes in compliance with Local Rule 37.1. On June 25, 2026, these Healthcare Defendants cross-noticed depositions to the same five Named Plaintiffs Cerner had noticed for depositions on June 5, 2026.

***b. Status of Discovery on Third Parties***

Third-party discovery is also progressing. Plaintiffs have served subpoenas on 30 third-party healthcare providers and six vendors involved in the investigation, response, and remediation of the breach. Plaintiffs continue to meet and confer with those third parties about their discovery requests. Cerner has been in contact with the third-party vendors and argues any document within these third-party vendors' possession may be subject to Cerner's privilege claim. On June 30, 2026, Cerner produced a privilege log and documents related to its post-breach vendor Crowdstrike, from whom Plaintiffs seek discovery. Plaintiffs and Cerner continue to meet and confer regarding related discovery disputes, including potential disputes over Cerner's privilege claims, in compliance with Local Rule 37.1.

**c. *Compliance with the MAP General Order***

The Parties provided an update to the MAP Director on May 28, 2026. The Parties continue to comply with the Court's MAP requirements. Pursuant to the MAP Director's instructions, the Parties provided updated mediation positions on July 22, 2026.

Defendants' Position. Defendants' counsel will be prepared at the August 14 hearing to address any questions the Court may have about the progress of discovery, mediation, or otherwise.

Dated: July 29, 2026 Respectfully Submitted,

| | |
|---|---|
| /s/ *Norman E. Siegel*<br>Norman E. Siegel<br>**STUEVE SIEGEL HANSON LLP**<br>460 Nichols Road, Suite 200<br>Kansas City, Missouri 64112<br>Tel: (816) 714-7100<br>siegel@stuevesiegel.com<br><br>Tyler W. Hudson<br>**WAGSTAFF & CARTMELL LLP**<br>4740 Grand Avenue, Suite 300<br>Kansas City, MO 64112<br>Tel: (816) 701-1177<br>thudson@wcllp.com<br><br>Lynn A. Toops<br>**COHENMALAD, LLP**<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>Tel: (317) 636-6481<br>ltoops@cohenmalad.com<br><br>Thomas E. Loeser<br>**COTCHETT PITRE & MCCARTHY LLP**<br>1809 7th Avenue, Suite 1610<br>Seattle, WA 98101<br>Tel: (206) 802-1272<br>tloeser@cpmlegal.com<br><br>*Plaintiffs' Co-Lead Counsel* | /s/ *Alan Schoenfeld*<br>Alan Schoenfeld (admitted *pro hac vice*)<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 230-8800<br>alan.schoenfeld@wilmerhale.com<br><br>Patrick Fanning – MO Bar # 47615<br>**LATHROP GPM LLP**<br>2345 Grand Blvd., Suite 2200<br>Kansas City, MO 6418-2618<br>Tel: (816) 460-5416<br>patrick.fanning@lathropgpm.com<br><br>*Attorneys for Defendant Cerner Corporation*<br><br>/s/ *Elizabeth A. Scully*<br>Elizabeth A. Scully (admitted *pro hac vice*)<br>Carey S. Busen (admitted *pro hac vice*)<br>Gilbert S. Keteltas (admitted *pro hac vice*)<br>**BAKER & HOSTETLER LLP**<br>1050 Connecticut Avenue N.W., Suite 1100<br>Washington, DC 20036<br>Tel: (202) 861-1500<br>escully@bakerlaw.com<br>gketeltas@bakerlaw.com<br>cbusen@bakerlaw.com<br><br>Ambika B. Singhal<br>**BAKER & HOSTETLER LLP**<br>2850 North Harwood Street<br>Suite 1100<br>Dallas, TX 75201<br>Tel: 214-210-1200<br>asinghal@bakerlaw.com |

| | |
|---|---|
| | *Attorneys for Defendants Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc., Tallahassee Memorial Healthcare, Inc, Union Health System, Inc., Albany Med Health System, Glens Falls Hospital, Baptist Health South Florida, Inc., Advent Health Port Charlotte, Inc., Adventist Health System/Sunbelt, Inc., Aultman Health Foundation, Bon Secours Community Hospital, Children's National Hospital, Christiana Care Health Services, Inc., Christus Health, Good Samaritan Hospital, Jupiter Medical Center, Inc., Methodist Le Bonheur Healthcare, Inc., Munson Healthcare, Pasadena Hospital Association, Ltd., d/b/a Huntington Hospital, St. Mary's Hospital of St. Mary's County, St. Anthony Community Hospital, Tampa General Hospital Citrus, LLC, Tampa General Hospital Hernando, LLC, and St. Joseph's Health*<br><br>/s/ *M. Courtney Koger*<br>M. Courtney Koger<br>**Kutak Rock, LLP - KC**<br>2405 Grand Blvd, Suite 600<br>Kansas City, MO 64108<br>Tel: 816-960-0090<br>courtney.koger@kutakrock.com<br>*Attorneys for Advent Health Port Charlotte, Inc. and Adventist Health System/Sunbelt, Inc.*<br><br>/s/ *Timothy J. Lowe*<br>Timothy J. Lowe<br>Reine Hassan Hamdar<br>**McDONALD HOPKINS LLC**<br>39533 Woodward Ave., Suite 318<br>Bloomfield, MI 48304<br>Tel: (248) 646-5070<br>tlowe@mcdonaldhopkins.com<br>rhamdar@mcdonaldhopkins.com<br><br>Christopher G. Dean<br>Bryan W. Evans<br>**McDONALD HOPKINS LLC** |

| | |
|---|---|
| | 600 Superior Avenue East<br>Suite 2100<br>Cleveland, OH 44114<br>Tel: 216-348-5873<br>cdean@mcdonaldhopkins.com<br>bevans@mcdonaldhopkins.com<br><br>Joy D. McMillen<br>**LEWIS RICE LLC**<br>600 Washington Ave., Suite 2500<br>St. Louis, MO 63101<br>Tel: (314) 444-7703<br>jmcmillen@lewisrice.com<br><br>*Attorneys for Defendant Arkansas Heart Hospital, LLC, CHS/Community Health Systems, Inc., and Campbell County HMA, LLC d/b/a Tennova Healthcare – Lafollette Medical Center*<br><br>/s/ *Maureen Bryan*<br>Maureen Bryan<br>**Armstrong Teasdale LLP-STL**<br>7700 Forsyth Blvd.<br>Ste. 1800<br>St. Louis, MO 63105<br>Tel: (314) 621-5070<br>mbryan@armstrongteasdale.com<br><br>Ryan Patrick Blaney<br>**JONES DAY**<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001<br>Tel: 202-879-3414<br>rblaney@jonesday.com<br><br>Michael T. Marcucci<br>**JONES DAY**<br>680 Atlantic Avenue<br>Suite 2400<br>Boston, MA 02110<br>Tel: 617-449-6887<br>mmarcucci@jonesday.com<br><br>*Attorneys for Ascension Health Alliance d/b/a Ascension* |

| | |
|---|---|
| | /s/*Mark A. Olthoff*<br>Mark A. Olthoff<br>**Polsinelli - KCMO**<br>900 W. 48th Place<br>Kansas City, MO 64112<br>Tel: (816) 753-1000<br>molthoff@polsinelli.com<br><br>*Attorney for CGH Medical Center*<br><br>/s/ *Brandon J. B. Boulware*<br>Brandon J.B. Boulware<br>Jeremy M. Suhr<br>Kevin D. Thomson<br>**Boulware Law LLC**<br>1600 Genessee Street<br>Suite 760<br>Kansas City, MO 64102<br>Tel: 816-492-2826<br>brandon@boulware-law.com<br>jeremy@boulware-law.com<br>kevin@boulware-law.com<br><br>*Attorneys for Meritas Health Corporation and Board of Trustees of North Kansas City Hospital*<br><br>/s/*Kayleigh J. Watson*<br>Kayleigh J. Watson<br>Richard Haggerty<br>**Mullen Coughlin LLC**<br>426 W. Lancaster Ave<br>Ste 200<br>Devon, PA 19333<br>Tel: 267-930-1594<br>rhaggerty@mullen.law<br>kwatson@mullen.law<br><br>Amanda Nicole Harvey<br>**Mullen Coughlin LLC**<br>1452 Hughes Road<br>Suite 200<br>Grapevine, TX 76051<br>Tel: 267-930-1697<br>aharvey@mullen.law |

| | |
|---|---|
| | Brett C. Randol<br>**Rouse Frets White, PC - Leawood**<br>5250 W. 116th Place<br>Suite 400<br>Leawood, KS 66211<br>Tel: 913-387-1600<br>brandol@rousepc.com<br><br>*Attorneys for Integris Health, Inc.*<br><br>/s/ *Clayton T. Fielder*<br>Clayton T. Fielder<br>**Hennessy & Roach, PC**<br>10801 Mastin Blvd.,<br>Ste. 120<br>Overland Park, KS 64112<br>Tel: 913-221-0740<br>cfielder@hennessyroach.com<br><br>*Attorneys for Lake Regional Health System*<br><br>/s/ *Neal F. Perryman*<br>Neal F. Perryman<br>Jared Gillen<br>Michael L Jente<br>**Lewis Rice LLC-StL**<br>600 Washington Ave.<br>Ste. 2500<br>St. Louis, MO 63101<br>Tel: (314) 444-7661<br>Fax: (314) 241-6056<br>nperryman@lewisrice.com<br>jgillen@lewisrice.com<br>mjente@lewisrice.com<br><br>*University Medical Center, Inc. d/b/a University of Louisville Hospital,* |

| | |
|---|---|
| | */s/ Donald M. Houser*<br>Donald M. Houser<br>Amanda Wellen<br>**ALSTON & BIRD LLP**<br>1201 West Peachtree Street<br>Atlanta, GA 30309<br>Tel: 404-881-7000<br>donald.houser@alston.com<br>amanda.wellen@alston.com<br><br>Danna W. Webb MO #39384<br>Andrea S. McMurtry MO #62495<br>Taylor P. Foye MO #71527<br>**HORN AYLWARD & BANDY, LLC**<br>2600 Grand Boulevard, Suite 1100<br>Kansas City, Missouri 64108<br>Tel: (816) 421-0700<br>Fax: (816) 421-0899<br>dwebb@hab-law.com<br>amcmurtry@hab-law.com<br>tfoye@hab-law.com<br><br>*Attorneys for Defendant Hamilton Medical Center, Inc.* |