**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| IN RE: CERNER/ORACLE DATA BREACH LITIGATION | Case No. 25-00259-CV-W-BP |
| CHRISTINA SCORIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CERNER CORPORATION d/b/a ORACLE HEALTH and ST. JOSEPH'S HEALTH, INC.,<br><br>Defendants. | This filing relates to lead case No. 4:25-cv-00259-BP, and to member case No. 4:26-cv-00229-CV-W-BP<br><br>CIVIL ACTION<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>*Electronically Filed* |

**SHORT FORM COMPLAINT
ST. JOSEPH'S HEALTH, INC.**

Plaintiff, Christina Scorio, individually and on behalf of similarly situated individuals, brings this Short Form Complaint against Defendant Cerner Corporation d/b/a Oracle Health ("Oracle Health") and Defendant St. Joseph's Health, Inc. ("St. Joseph") pursuant to the Court's Interim Scheduling Order (Doc. 59).[1] This case originated in the Western District of Missouri (Case No. 4:26-cv-00229) and was consolidated into the consolidated action on March 23, 2026. Plaintiff makes these allegations based upon personal knowledge of the facts pertaining to Plaintiff

[1] The Court's Interim Scheduling Order ordered that "Plaintiffs may utilize Short Form Complaints to add Defendant and Plaintiffs and corresponding claims (either by incorporating specific counts from the Consolidated Complaint or specifying new claims to be added, which may be particularly appropriate if a new Defendant or Plaintiff permits claims under the law of a State not previously addressed in the Consolidated Complaint)." (Doc. 59 ¶ D.2.)

and on information and belief as to all other matters derived from, among other things, investigation by counsel and review of public documents.

760. Plaintiff incorporates by this reference the following allegations from the Consolidated Class Action Complaint (Doc. 93):

- Introduction (¶¶ 1–7);
- Jurisdiction and Venue (¶¶ 341–43);
- Factual Allegations (¶¶ 344–458);
- Class Action Allegations (¶¶ 459–71);
- Claims for Relief [2]
    - Count I – Negligence (¶¶ 472–493) as against all Defendants;
    - Count II – Negligence *per se* (¶¶ 494–506) as against all Defendants;
    - Count III – Breach of Third-Party Beneficiary Contract (¶¶ 507–515) as against Defendant Oracle Health; [3]
    - Count IV – Breach of Implied Contract (¶¶ 516–540) as against Defendant St. Joseph's;
    - Count V – Unjust Enrichment (¶¶ 541–552);[4]
    - Count VII – Breach of Fiduciary Duty (¶¶ 565–577) as against Defendant St. Joseph's;
    - Count VIII – Invasion of Privacy (¶¶ 578–586);[5]

[2] Plaintiffs do not seek reconsideration of the Court's Order on the Motions to Dismiss in the Consolidated Action but incorporate the entirety of Counts II–V and VII–IX in this complaint to preserve any appellate rights. See Order Granting in Part and Denying in Part Defendants' Motions to Dismiss, *In re: Cerner/Oracle Data Breach Litigation*, No. 25-00259-CV-W-BP (W.D. Mo. June 22, 2026), Doc. 394. However, to prevent confusion and duplicative briefing, Plaintiffs have noted which Counts they are incorporating against certain Defendants based on the Court's Order on the Motions to Dismiss, *see* Doc. 394 at 48–49, and noted which Counts have been dismissed in their entirety, *see id.*

[3] Plaintiffs acknowledge the applicable Business Associate Agreement ("BAA") between Oracle Health and the Healthcare Provider Defendant may include language that precludes this claim. But at this juncture, Plaintiffs cannot adequately determine whether the BAAs produced in discovery are controlling or whether there are other applicable agreements that may alter the analysis.

[4] The Court dismissed Count V – Unjust Enrichment in its entirety. *See* Doc. 394 at 24–26.

[5] The Court dismissed Count VIII – Invasion of Privacy in its entirety. *See* Doc. 394 at 29–30.

- Count IX – Declaratory Judgment (¶¶ 587–595);[6]
- Count XIX – Violation of the Missouri Merchandising Practices Act ("MMPA") (¶¶ 704–719) as against Defendant Oracle Health;

- Prayer for Relief (Doc. 93 at pp. 156 to 157);
- Demand for Jury Trial (Doc. 93 at p. 157).

## ADDITIONAL ALLEGATIONS

## PARTIES

***Plaintiff Christina Scorio, on behalf of the Oracle Health Nationwide Class, the St. Joseph Nationwide Subclass, and the New Jersey State Subclasses***

761. Plaintiff, Christina Scorio, is a citizen and resident of New Jersey, who received care from St. Joseph, which is one of Oracle Health's healthcare provider clients, prior to the Data Breach. Plaintiff Scorio received a data breach notice letter. For purposes of this Short Form Complaint, Plaintiff Christina Scorio is a Healthcare Provider Plaintiff as to St. Joseph.

***Defendant***

762. Defendant Cerner Corporation d/b/a Oracle Health, is a Delaware corporation with its principal place of business located at 8779 Hillcrest Road, Kansas City, MO 64138.

763. Defendant St. Joseph's Health, Inc. is a New Jersey non-profit corporation with its principal place of business located at 703 Main Street, Paterson, NJ 07503.

## JURISDICTION AND VENUE

764. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because at least one member of the proposed Class are citizens of a state different from at least one Defendant, the proposed Class consists of more than 100 members, and the amount in controversy exceeds $5 million, exclusive of interest and costs.

[6] The Court dismissed Count IX – Declaratory Judgement in its entirety. *See* Doc. 394 at 30.

765. This Court has personal jurisdiction over Oracle Health because its principal place of business is in this District.

766. This Court has specific personal jurisdiction over St. Joseph because it contracted with Defendant Oracle Health—a known Kansas City, MO entity—to manage its patients' electronic health records ("EHR"). Moreover, jurisdiction is proper under Missouri's long-arm statute. See Mo. Rev. Stat. § 506.500.1(1).

767. St. Joseph knowingly and continually sent its patients' Private Information to Oracle Health as its EHR vendor.

768. Oracle Health publicly stored patients' Private Information in Kansas City, Missouri.

769. St. Joseph failed to monitor or oversee the maintenance and security of its patients' Private Information which St. Joseph sent to Oracle Health to be stored in Kansas City, MO.

770. Due to St. Joseph's actions, patients' Private Information was compromised and/or exfiltrated from Oracle Health's legacy systems.

771. Venue is proper as a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of the property that is the subject of this action, Plaintiff's Private Information, is situated in this District. See 28 USC § 1391(b)(2).

## ADDITIONAL SPECIFIC FACTUAL BACKGROUND

***Defendants Collected and Stored the Private Information of Plaintiff and the Classes***

772. St. Joseph is a healthcare provider based in New Jersey.

773. St. Joseph uses Oracle Health (previously Cerner Corporation) which is a third-party electronic health records vendor used by many healthcare providers.

774. As part of their business, Defendants receive and maintain the personal information of thousands of their current and former patients.

775. In collecting and maintaining the Private Information, Defendants agreed they would safeguard the data in accordance with their internal policies, state law, and federal law.

776. Under state and federal law, businesses like Defendants have duties to protect their current and former patients' Private Information and to notify them about breaches.

***Defendants' Data Breach***

777. According to the letter notifying Plaintiff of the Data Breach, Oracle Health informed St. Joseph that it experienced a cybersecurity event involving unauthorized access to St. Joseph's patient information contained on Oracle Health's systems.[7]

778. The types of information exposed included "names, Social Security numbers, and information included within patient medical records, such as medical record numbers, doctors, diagnoses, medicines, test results, images, care and treatment."[8]

779. And yet, Defendants waited until February 17, 2026, before they began notifying victims. Thus, Defendants kept the Classes in the dark—thereby depriving the Classes of the opportunity to attempt to mitigate their injuries in a timely manner.

780. When Defendants did notify Plaintiff and the Class of the Data Breach, Defendants acknowledged that the Data Breach created a present, continuing, and significant risk of suffering identity theft, providing Plaintiff with additional information about how to protect herself.

781. Defendants failed in their duties when their inadequate security practices caused the Data Breach. In other words, Defendants' negligence is evidenced by their failure to prevent

---

[7] Complaint Exhibit A, *Scorio v. Cerner Corp.* No. 26-cv-00229 (W.D. Mo. Aug. 18, 2026), Doc. 1-1 at 2.

[8] *Id.*

the Data Breach and stop cybercriminals from accessing the Private Information. And thus, Defendants caused widespread injury and monetary damages.

782. Defendants have done little to remedy their Data Breach. True, Defendants have offered some victims credit monitoring and identity related services. But such services are wholly insufficient to compensate Plaintiff and class members for the injuries that Defendants inflicted upon them, including their present and ongoing risk of identity theft and fraud arising from the Data Breach.

783. Because of Defendants' Data Breach, the sensitive Private Information of Plaintiff and Class members was placed into the hands of cybercriminals—inflicting numerous injuries and significant damages upon Plaintiff and Class members.

784. Plaintiff was a patient of St. Joseph. As a result, Defendants obtained and maintained Plaintiff's Private Information.

785. As a result, Plaintiff was injured by Defendants' Data Breach.

***Plaintiff Christina Scorio, on behalf of the Oracle Health Nationwide Class, the St. Joseph Nationwide Subclass, and the New Jersey State Subclasses***

786. Plaintiff Christina Scorio received care from St. Joseph, one of Oracle's healthcare provider clients, and received treatment from St. Joseph prior to the Data Breach. As a condition of receiving medical services, Plaintiff was required to provide her Private Information to Defendants, including but not limited to her name, Social Security number and medical information, in connection with Oracle's services contracted by her healthcare provider.

787. Plaintiff typically takes measures to protect her Private Information and is very careful about sharing her Private Information. Plaintiff does not knowingly transmit unsecured Private Information over the internet or other unsecured sources. She stores any documents

containing her Private Information in a safe and secure location, and she chooses unique usernames for her passwords and online accounts.

788. In entrusting her Private Information to Defendants, Plaintiff believed that, as part of the payments for medical treatment and services, Defendants had implemented and maintained reasonable security and practices to protect her Private Information, including only contracting with third party vendors who would adequately protect her Private Information.

789. Had Plaintiff known that Defendants did not utilize reasonable data security measures, she would not have entrusted her Private Information to Defendants.

790. At the time of the Data Breach, Oracle retained Plaintiff's Private Information on its network with inadequate data security and in unencrypted form, causing Plaintiff's Private Information to be accessed and exfiltrated by cybercriminals in the Data Breach.

791. Plaintiff received a Data Breach Notice dated February 17, 2026, notifying her that her Private Information was improperly accessed by unauthorized third parties, including her name, Social Security Number, and information included within patient medical records, such as medical record numbers, doctors, treatment, medication, and diagnostic information.

792. As a direct and proximate result of the Data Breach that Defendants caused and allowed to occur, Plaintiff has suffered, and imminently will suffer, injuries-in-fact and damages, including the unauthorized disclosure of the Private Information itself, which, on information and belief due to the nature of the cyberattack, has been or imminently will be used for criminal, fraudulent purposes and/or has been sold for such purposes and posted on the dark web for sale.

793. Plaintiff has been and will be forced to expend considerable time and effort including monitoring her accounts and credit files, changing her online account passwords, verifying the legitimacy of the Data Breach Notice, and researching the Data Breach, to protect

herself from identity theft and fraudulent misuse of her Private Information, disclosed as a result of the Data Breach.

794. Indeed, Plaintiff's Private Information that was compromised in the Data Breach has already been misused, evidenced by the significant increase in spam texts and phone calls using her Private Information that she has received since the Data Breach.

795. In addition, as a result of the Data Breach, Plaintiff also suffered diminution in the value of her Private Information, a form of intangible property that she entrusted to Defendants for the sole purpose of obtaining medical services.

796. Furthermore, Plaintiff has been caused significant worry and feelings of anxiety and emotional distress regarding the disclosure of her Private Information in the Data Breach. Plaintiff fears for her personal financial security and uncertainty over the information disclosed in the Data Breach and is experiencing emotional distress over the unauthorized disclosure of her Private Information. This goes far beyond allegations of mere worry or inconvenience; it is exactly the sort of injury and harm to a Data Breach victim that is contemplated and addressed by law.

797. As a result of the Data Breach, Plaintiff faces a lifetime risk of identity theft, as her Private Information compromised in the Data Breach includes sensitive data that cannot be changed. She is also worried about the impact on her family's ability to manage her finances in the event that she is unable to.

798. Furthermore, Plaintiff's sensitive Private Information remains in Defendants' possession without adequate protection against known threats, exposing Plaintiff to the imminent prospect of additional harm.

799. The classes that Plaintiff seeks to represent are defined as follows:

**<u>Oracle Health Nationwide Class:</u>**
All individuals residing in the United States whose Private

Information was compromised in the Oracle Health Data Breach, which occurred on or around January 22, 2025, including all those individuals who receive notice of the Data Breach.

**Oracle Health New Jersey Subclass:**
All individuals residing in New Jersey identified in the applicable Count whose Private Information was compromised in the Oracle Health Data Breach, which occurred on or around January 22, 2025, including all those individuals who receive notice of the Data Breach.

**St. Joseph Nationwide Subclass:**
All individuals residing in the United States whose Private Information was compromised in the Oracle Health Data Breach, which occurred on or around January 22, 2025, which information was provided to Oracle Health by St. Joseph including all those individuals who receive notice of the Data Breach.

**St. Joseph New Jersey Subclass:**
All individuals residing in New Jersey whose Private Information was compromised in the Oracle Health Data Breach, which occurred on or around January 22, 2025, which information was provided to Oracle Health by St. Joseph, including all those individuals who receive notice of the Data Breach.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Norman E. Siegel*
Norman E. Siegel
Barrett J. Vahle
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7112
siegel@stuevesiegel.com
vahle@stuevesiegel.com

Tyler W. Hudson
**WAGSTAFF & CARTMELL**
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel: (816) 701-1177
thudson@wcllp.com

Lynn A. Toops
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel: (317) 636-6481
ltoops@cohenmalad.com

Thomas E. Loeser
**COTCHETT PITRE & MCCARTHY LLP**
1809 7th Avenue, Suite 1610
Seattle, WA 98101
Tel: (206) 802-1272
tloeser@cpmlegal.com

*Co-Lead Interim Class Counsel*

J. Gerard Stranch, IV
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com

*Chair of Plaintiffs' Executive Committee*

Raina Borrelli
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel: (872) 263-1100
raina@straussborrelli.com

Casondra Turner
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 100
Knoxville, TN 37929
Tel: (771) 772-3086
cturner@milberg.com

Leanna Loginov
**SHAMIS & GENTILE**
14 NE 1st Avenue, Suite 705
Miami, FL 33132

Tel: (305) 479-2299
lloginov@shamisgentile.com

Jeff Ostrow
**KOPELOWITZ OSTROW, P.A.**
1 West Las Olas Boulevard, 5th Floor
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Patrick D. Donathen
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
patrick@lcllp.com

Laura Van Note
**COLE & VAN NOTE**
155 12th Street, Suite 2100
Oakland, CA 94607
Tel: (510) 891-9800
lvn@colevannote.com

James Treglio
**POTTER HANDY LLP**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Tel: (415) 534-1911
jimt@potterhandy.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: (877) 882-1011
cschaffer@lfsblaw.com

Elena Belov
**ALMEIDA LAW GROUP**
849 W. Webster Avenue
Chicago, IL 60614
Tel: (708) 232-3274
elena@almeidalawgroup.com

Anthony Parkhill
**BARNOW AND ASSOCIATES, P.C.**
205 W. Randolph Street, Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
aparkhill@barnowlaw.com

Paul Doolittle
**POULIN WILLEY ANASTOPOULO LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
paul.doolittle@poulinwilley.com

*Plaintiffs' Executive Committee*