**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| IN RE: CERNER/ORACLE DATA BREACH LITIGATION | ) ) ) ) | Case No. 25-00259-CV-W-BP<br><br>DEMAND FOR JURY TRIAL |

# ANSWER OF CERNER CORPORATION TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

Defendant Cerner Corporation, by and through its undersigned attorneys, hereby answers and asserts affirmative defenses and other defenses as follows to Plaintiffs' Consolidated Class Action Complaint. Cerner denies the allegations and characterizations in Plaintiffs' Consolidated Class Action Complaint except as specifically stated below.

The Consolidated Class Action Complaint contains headings and subheadings. To the extent headings or subheadings in the Consolidated Class Action Complaint contain allegations, comments, or conclusions, Cerner denies all such allegations, comments, or conclusions. The Consolidated Class Action Complaint also contains footnotes. Cerner treats footnotes as being contained in the numbered Paragraph in which they appear, and Cerner's answer to a numbered Paragraph in the Consolidated Class Action Complaint includes, to the extent necessary, its answer to any footnotes that appear in that numbered Paragraph. Additionally, the Consolidated Class Action Complaint contains numerous legal arguments and conclusions as to which no response is required. This Answer responds to the Consolidated Class Action Complaint's factual allegations.

Cerner answers the allegations in the Consolidated Class Action Complaint as follows:

## SPECIFIC RESPONSES

1. Cerner admits that it is sometimes referred to as Oracle Health, and that it provides products and services relating to electronic health records to healthcare providers across the country. Cerner denies that it is "formerly Cerner Corporation." Cerner lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first and second sentences of Paragraph 1. The third and fourth sentences of Paragraph 1 state legal conclusions to which no response is required. In addition, the fourth sentence of Paragraph 1 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the fourth sentence of Paragraph 1 do not require a response. To the extent a response is

required, Cerner denies the allegations in the third and fourth sentences of Paragraph 1. The fifth sentence of Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that as early as January 22, 2025, a threat actor gained unauthorized access to certain Cerner legacy data-migration servers and copied information from those servers to a nonpublic external location. Cerner denies the remaining allegations in the fifth sentence of Paragraph 1.

2. Cerner admits that it was notified of activity by the threat actor on February 19, 2025. Cerner also admits that the legacy data-migration servers unauthorizedly accessed by the threat actor contained information—including names, dates of birth, Social Security numbers, medical-diagnosis information, and treatment information—about some patients of some healthcare providers which currently are or previously were customers of Cerner. Cerner denies the remaining allegations in Paragraph 2.

3. Cerner admits that it has notified certain healthcare-provider customers that their patients' personally identifiable information ("PII") and/or personal health information ("PHI") may have been copied from Cerner's systems by the threat actor. Cerner also admits that it has facilitated the patient-notification process for certain healthcare-provider customers that opted into Cerner's offer to assist with providing individual, regulatory, and media notifications on behalf of those healthcare-provider customers. Cerner denies that the remaining allegations in Paragraph 3 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in Paragraph 3.

4. The first sentence of Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the first sentence of Paragraph 4, except that Cerner lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations in the first sentence of Paragraph 4 concerning other parties. Cerner admits that it has notified certain healthcare-provider customers that their patients' PII and/or PHI may have been copied from Cerner's systems by the threat actor. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the second sentence of Paragraph 4.

5. The first sentence of Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the first sentence of Paragraph 5, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 5 concerning other parties. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 5.

6. The first sentence of Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in the first sentence of Paragraph 6. The second sentence of Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 6, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs seek this relief, but Cerner denies that any such relief can or should be granted. Cerner denies the remaining allegations in Paragraph 7, except

that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

8. Cerner admits that Arkansas Heart Hospital, LLC is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 8. The second sentence of Paragraph 8 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 8.

9. Cerner admits that Arkansas Heart Hospital, LLC is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 9.

10. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10.

11. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13. Paragraph 13 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 13.

14. Paragraph 14 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 14 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 15, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 concerning other parties.

16. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17. Paragraph 17 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 17, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 concerning other parties.

18. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 18. The third sentence of Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 18.

19. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 20, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 concerning other parties.

21. Cerner denies the allegations in Paragraph 21, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 concerning other parties.

22. Cerner admits that Arkansas Heart Hospital, LLC is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 22. The second sentence of Paragraph 22 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 22.

23. Cerner admits that Arkansas Heart Hospital, LLC is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23.

24. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24.

25. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25.

26. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26.

27. Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 27.

28. Paragraph 28 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 28 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

29. Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 29, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 concerning other parties.

30. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30.

31. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 31, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 concerning other parties.

32. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 32. The third sentence of Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 32.

33. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33.

34. Paragraph 34 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 34, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 concerning other parties.

35. Cerner denies the allegations in Paragraph 35, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 concerning other parties.

36. Cerner admits that Baptist Health South Florida, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in the first sentence of Paragraph 36. The second sentence of Paragraph 36 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 36.

37. Cerner admits that Baptist Health South Florida, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37.

38. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38.

39. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39.

40. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 41.

42. Paragraph 42 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 42 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 43, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 concerning other parties.

44. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44.

45. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 46, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 concerning other parties.

47. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 47. The third sentence of Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 48, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 concerning other parties.

49. Cerner denies the allegations in Paragraph 49, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 concerning other parties.

50. Cerner admits that Baptist Health South Florida, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 50. The second sentence of Paragraph 50 does not contain any allegations to which a response is required. To the

extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 50.

51. Cerner admits that Baptist Health South Florida, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51.

52. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53.

54. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 55.

56. Paragraph 56 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 56 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 57, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 concerning other parties.

58. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58.

59. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 60, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 concerning other parties.

61. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 61. The third sentence of Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 62, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 concerning other parties.

63. Cerner denies the allegations in Paragraph 63, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 concerning other parties.

64. Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 64. The second sentence of Paragraph 64 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 64.

65. Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 65.

66. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66.

67. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67.

68. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 69.

70. Paragraph 70 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 70 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 71, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71 concerning other parties.

72. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72.

73. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 74, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 concerning other parties.

75. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 75. The third sentence of Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 75.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 76, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 concerning other parties.

77. Cerner denies the allegations in Paragraph 77, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 concerning other parties.

78. Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 78. The second sentence of Paragraph 78 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 78.

79. Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79.

80. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 80.

81. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81.

82. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 83.

84. Paragraph 84 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 84 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 85, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 concerning other parties.

86. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86.

87. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 88, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 concerning other parties.

89. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 89. The third sentence of Paragraph 89 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 89.

90. Paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 90, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 concerning other parties.

91. Cerner denies the allegations in Paragraph 91, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 concerning other parties.

92. Cerner admits that Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 92. The second sentence of Paragraph 92 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 92.

93. Cerner admits that Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 93.

94. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94.

95. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95.

96. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96.

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 97.

98. Paragraph 98 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 98 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98.

99. Paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 99, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 concerning other parties.

100. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100.

101. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101.

102. Paragraph 102 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 102, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 concerning other parties.

103. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 103. The third sentence of Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 103.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 104, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 concerning other parties.

105. Cerner denies the allegations in Paragraph 105, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 concerning other parties.

106. Paragraph 106 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 106. The second sentence of Paragraph 106 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 106.

107. Paragraph 107 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 107.

108. Paragraph 108 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108.

109. Paragraph 109 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109.

110. Paragraph 110 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 110.

111. Paragraph 111 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 111 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 111.

112. Paragraph 112 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 112 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 112 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112.

113. Paragraph 113 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 113 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 113, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113 concerning other parties.

114. Paragraph 114 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114.

115. Paragraph 115 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115.

116. Paragraph 116 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 116 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 116, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 concerning other parties.

117. Paragraph 117 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 117. The third sentence of Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 117.

118. Paragraph 118 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 118, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 concerning other parties.

119. Paragraph 119 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 119, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 concerning other parties.

120. Paragraph 120 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 120. The second sentence of Paragraph 120 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 120.

121. Paragraph 121 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 121.

122. Paragraph 122 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122.

123. Paragraph 123 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123.

124. Paragraph 124 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 124.

125. Paragraph 125 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 125 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 125.

126. Paragraph 126 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 126 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 126 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126.

127. Paragraph 127 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 127 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 127, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 concerning other parties.

128. Paragraph 128 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128.

129. Paragraph 129 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129.

130. Paragraph 130 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 130 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 130, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 concerning other parties.

131. Paragraph 131 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 131. The third sentence of Paragraph 131 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 131.

132. Paragraph 132 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 132 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 132, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 concerning other parties.

133. Paragraph 133 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 133, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133 concerning other parties.

134. Paragraph 134 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 134. The second sentence of Paragraph 134 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 134.

135. Paragraph 135 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 135.

136. Paragraph 136 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136.

137. Paragraph 137 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137.

138. Paragraph 138 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138.

139. Paragraph 139 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 139 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 139.

140. Paragraph 140 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 140 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 140 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 140.

141. Paragraph 141 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 141 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 141, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 141 concerning other parties.

142. Paragraph 142 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142.

143. Paragraph 143 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143.

144. Paragraph 144 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 144 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 144, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 concerning other parties.

145. Paragraph 145 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 145. The third sentence of Paragraph 145 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 145.

146. Paragraph 146 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 146 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 146, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 concerning other parties.

147. Paragraph 147 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 147, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147 concerning other parties.

148. Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 148. The second sentence of Paragraph 148 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 148.

149. Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 149.

150. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150.

151. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151.

152. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152.

153. Paragraph 153 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 153.

154. Paragraph 154 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 154 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154.

155. Paragraph 155 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 155, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155 concerning other parties.

156. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156.

157. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157.

158. Paragraph 158 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 158, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 concerning other parties.

159. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 159. The third sentence of Paragraph 159 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 159.

160. Paragraph 160 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 160, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 concerning other parties.

161. Cerner denies the allegations in Paragraph 161, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 concerning other parties.

162. Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 162. The second sentence of Paragraph 162 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 162.

163. Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 163.

164. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164.

165. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165.

166. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166.

167. Paragraph 167 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 167.

168. Paragraph 168 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 168 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 168.

169. Paragraph 169 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 169, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 169 concerning other parties.

170. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 170.

171. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 171.

172. Paragraph 172 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 172, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 172 concerning other parties.

173. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 173. The third sentence of

Paragraph 173 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 173.

174. Paragraph 174 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 174, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 concerning other parties.

175. Cerner denies the allegations in Paragraph 175, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 175 concerning other parties.

176. Paragraph 176 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that LifeBridge Health, Inc. is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 176. The second sentence of Paragraph 176 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 176.

177. Paragraph 177 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that LifeBridge Health, Inc. is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 177.

178. Paragraph 178 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 178.

179. Paragraph 179 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 179.

180. Paragraph 180 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 180.

181. Paragraph 181 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 181 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 181.

182. Paragraph 182 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 182 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 182 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 182.

183. Paragraph 183 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 183 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 183, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 183 concerning other parties.

184. Paragraph 184 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 184.

185. Paragraph 185 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 185 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 185, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 185 concerning other parties.

186. Paragraph 186 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 186. The third sentence of Paragraph 186 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 186.

187. Paragraph 187 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 187.

188. Paragraph 188 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 188 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 188, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 188 concerning other parties.

189. Paragraph 189 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 189, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 189 concerning other parties.

190. Paragraph 190 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 190. The second sentence of Paragraph 190 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 190.

191. Paragraph 191 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 191.

192. Paragraph 192 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 192.

193. Paragraph 193 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 193.

194. Paragraph 194 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 194.

195. Paragraph 195 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 195 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 195.

196. Paragraph 196 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 196 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 196 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 196.

197. Paragraph 197 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 197 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 197, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 197 concerning other parties.

198. Paragraph 198 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 198.

199. Paragraph 199 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 199.

200. Paragraph 200 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 200 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 200,

except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 200 concerning other parties.

201. Paragraph 201 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 201. The third sentence of Paragraph 201 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 201.

202. Paragraph 202 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 202 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 202, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 202 concerning other parties.

203. Paragraph 203 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 203, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 203 concerning other parties.

204. Cerner admits that Tallahassee Memorial HealthCare, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 204. The second sentence of Paragraph 204 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 204.

205. Cerner admits that Tallahassee Memorial HealthCare, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 205.

206. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 206.

207. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 207.

208. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 208.

209. Paragraph 209 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 209.

210. Paragraph 210 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 210 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 210.

211. Paragraph 211 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 211, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 211 concerning other parties.

212. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 212.

213. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 213.

214. Paragraph 214 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 214, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 214 concerning other parties.

215. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 215. The third sentence of Paragraph 215 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 215.

216. Paragraph 216 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 216, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 216 concerning other parties.

217. Cerner denies the allegations in Paragraph 217, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 217 concerning other parties.

218. Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 218. The second sentence of Paragraph 218 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 218.

219. Cerner admits that Glens Falls Hospital and Albany Med Health System were healthcare-provider customers of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 219.

220. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 220.

221. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 221.

222. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 222.

223. Paragraph 223 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 223.

224. Paragraph 224 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 224 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 224.

225. Paragraph 225 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 225, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 225 concerning other parties.

226. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 226.

227. Paragraph 227 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 227, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 227 concerning other parties.

228. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 228. The third sentence of Paragraph 228 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 228.

229. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 229.

230. Paragraph 230 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 230, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 230 concerning other parties.

231. Cerner denies the allegations in Paragraph 231, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 231 concerning other parties.

232. Cerner admits that Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 232. The second sentence of Paragraph 232 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 232.

233. Cerner admits that Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 233.

234. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 234.

235. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 235.

236. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 236.

237. Paragraph 237 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 237.

238. Paragraph 238 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 238 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 238.

239. Paragraph 239 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 239, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 239 concerning other parties.

240. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 240.

241. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 241.

242. Paragraph 242 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 242, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 242 concerning other parties.

243. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 243. The third sentence of Paragraph 243 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 243.

244. Paragraph 244 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 244, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 244 concerning other parties.

245. Cerner denies the allegations in Paragraph 245, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 245 concerning other parties.

246. Paragraph 246 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 246. The second sentence of Paragraph 246 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 246.

247. Paragraph 247 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 247.

248. Paragraph 248 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 248.

249. Paragraph 249 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 249.

250. Paragraph 250 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 250.

251. Paragraph 251 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 251 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 251.

252. Paragraph 252 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 252 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 252 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 252.

253. Paragraph 253 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 253 states legal conclusions to which no response is

required. To the extent a response is required, Cerner denies the allegations in Paragraph 253, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 253 concerning other parties.

254. Paragraph 254 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 254.

255. Paragraph 255 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 255 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 255, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 255 concerning other parties.

256. Paragraph 256 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 256. The third sentence of Paragraph 256 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 256.

257. Paragraph 257 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 257.

258. Paragraph 258 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 258 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 258,

except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 258 concerning other parties.

259. Paragraph 259 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 259, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 259 concerning other parties.

260. Paragraph 260 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Sapphire Community Health, Inc. is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 260. The second sentence of Paragraph 260 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 260.

261. Paragraph 261 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner admits that Sapphire Community Health, Inc. is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 261.

262. Paragraph 262 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 262.

263. Paragraph 263 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 263.

264. Paragraph 264 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 264.

265. Paragraph 265 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 265 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 265.

266. Paragraph 266 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 266 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 266 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 266.

267. Paragraph 267 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 267 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 267, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 267 concerning other parties.

268. Paragraph 268 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 268.

269. Paragraph 269 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 269 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 269,

except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 269 concerning other parties.

270. Paragraph 270 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 270. The third sentence of Paragraph 270 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 270.

271. Paragraph 271 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 271.

272. Paragraph 272 is offered in support of a party that has been dismissed such that no response is required. In addition, Paragraph 272 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 272, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 272 concerning other parties.

273. Paragraph 273 is offered in support of a party that has been dismissed such that no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 273, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 273 concerning other parties.

274. Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 274. The second sentence of

Paragraph 274 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 274.

275. Cerner admits that Union Health System, Inc. was a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 275.

276. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 276.

277. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 277.

278. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 278.

279. Paragraph 279 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 279.

280. Paragraph 280 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 280 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 280.

281. Paragraph 281 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 281, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 281 concerning other parties.

282. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 282.

283. Paragraph 283 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 283, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 283 concerning other parties.

284. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 284. The third sentence of Paragraph 284 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 284.

285. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 285.

286. Paragraph 286 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 286, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 286 concerning other parties.

287. Cerner denies the allegations in Paragraph 287, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 287 concerning other parties.

288. Cerner admits that Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 288. The second sentence of Paragraph 288 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 288.

289. Cerner admits that Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 289.

290. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 290.

291. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 291.

292. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 292.

293. Paragraph 293 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 293.

294. Paragraph 294 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 294 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 294.

295. Paragraph 295 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 295, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 295 concerning other parties.

296. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 296.

297. Paragraph 297 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 297, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 297 concerning other parties.

298. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 298. The third sentence of Paragraph 298 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 298.

299. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 299.

300. Paragraph 300 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 300, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 300 concerning other parties.

301. Cerner denies the allegations in Paragraph 301, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 301 concerning other parties.

302. Cerner admits that Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first and second sentences of Paragraph 302. The third sentence of Paragraph 302 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 302.

303. Cerner admits that Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 303.

304. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 304.

305. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 305.

306. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 306.

307. Paragraph 307 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegation in paragraph 307.

308. Paragraph 308 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 308 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 308.

309. Paragraph 309 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 309, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 309 concerning other parties.

310. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 310.

311. Paragraph 311 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 311, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 311 concerning other parties.

312. Paragraph 312 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 312, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 312 concerning other parties.

313. Cerner denies the allegations in Paragraph 313, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 313 concerning other parties.

314. Cerner admits that Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the first sentence of Paragraph 314. The second sentence of Paragraph 314 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 314.

315. Cerner admits that Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital is a healthcare-provider customer of Cerner. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 315.

316. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 316.

317. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 317.

318. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 318.

319. Paragraph 319 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 319.

320. Paragraph 320 purports to characterize a letter, which speaks for itself, and therefore the allegations in Paragraph 320 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 320.

321. Paragraph 321 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 321, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 321 concerning other parties.

322. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 322.

323. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 323.

324. Paragraph 324 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 324, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 324 concerning other parties.

325. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 325. The third sentence of

Paragraph 325 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 325.

326. Paragraph 326 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 326, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 326 concerning other parties.

327. Cerner denies the allegations in Paragraph 327, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 327 concerning other parties.

328. Cerner admits the allegations in Paragraph 328.

329. Cerner admits that it has contracted to provide products and services relating to electronic health records to Albany Med Health System, Arkansas Heart Hospital, LLC, Baptist Health South Florida, Inc., Glens Falls Hospital, Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc., Tallahassee Memorial HealthCare, Inc., Union Health System, Inc., LifeBridge Health, Inc., Sapphire Community Health, Inc., and Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital. Cerner denies the remaining allegations in Paragraph 329.

330. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 330.

331. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 331.

332. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 332.

333. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 333.

334. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 334.

335. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 335.

336. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 336.

337. Paragraph 337 addresses a party that has been dismissed such that no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 337.

338. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 338.

339. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 339.

340. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 340.

341. Paragraph 341 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that the Court has statutory subject-matter jurisdiction under the Class Action Fairness Act.

342. Paragraph 342 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that its principal place of business is in Missouri and that it conducts business in Missouri. Cerner denies the remaining allegations in Paragraph 342,

except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

343. Paragraph 343 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that its principal place of business is in the Western District of Missouri. Cerner denies the remaining allegations in Paragraph 343, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

344. Cerner admits that Oracle Corporation entered into an agreement to acquire Cerner in 2021 for approximately $28.3 billion in equity value, and that Oracle completed the acquisition of Cerner in 2022. Cerner admits that, following its acquisition by Oracle, Cerner has sometimes been referred to as Oracle Health. Cerner also admits that, following its acquisition by Oracle, Cerner began migrating certain of its systems to Oracle Cloud Infrastructure. Cerner denies the remaining allegations in Paragraph 344.

345. Cerner admits that it provides products and services relating to electronic health records to healthcare providers across the country. Cerner also admits that it provides or has provided products and services relating to electronic health records to Albany Med Health System, Arkansas Heart Hospital, LLC, Baptist Health South Florida, Inc., Glens Falls Hospital, Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc., Tallahassee Memorial HealthCare, Inc., Union Health System, Inc., LifeBridge Health, Inc., Sapphire Community Health, Inc., and Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital. Cerner denies the remaining allegations in Paragraph 345.

346. Cerner admits that its healthcare-provider customers can create, store, and manage electronic health records using Cerner's software and data-storage platform, although the contents

of those records vary by healthcare provider and, for any provider, from patient to patient. Cerner denies the remaining allegations in Paragraph 346.

347. Paragraph 347 purports to quote or characterize certain webpages, which speak for themselves, and therefore the allegations in Paragraph 347 do not require a response. To the extent a response is required, Cerner denies the allegations in Paragraph 347.

348. Paragraph 348 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 348 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 348 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 348.

349. Paragraph 349 purports to quote or characterize certain webpages, which speak for themselves, and therefore the allegations in Paragraph 347 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 349 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 349.

350. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 350.

351. Paragraph 351 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 351 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 351.

352. Paragraph 352 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 352 do not require a response. To the extent a response

is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 352.

353. Paragraph 353 purports to quote or characterize certain webpages, which speak for themselves, and therefore the allegations in Paragraph 353 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 353.

354. Paragraph 354 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 354 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 354.

355. Paragraph 355 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 355 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 355.

356. Paragraph 356 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 356 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 356.

357. Paragraph 357 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 357 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 357.

358. Paragraph 358 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 358, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

359. Paragraph 359 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 359, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

360. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 360.

361. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 361.

362. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 362.

363. Cerner admits that it has contracted to provide products and services relating to electronic health records to Albany Med Health System, Arkansas Heart Hospital, LLC, Baptist Health South Florida, Inc., Glens Falls Hospital, Heartland Regional Medical Center d/b/a Mosaic Life Care, Inc., Tallahassee Memorial HealthCare, Inc., Union Health System, Inc., LifeBridge Health, Inc., Sapphire Community Health, Inc., and Pasadena Hospital Association, Ltd. d/b/a Huntington Hospital. Cerner denies the remaining allegations in Paragraph 363.

364. Paragraph 364 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 364.

365. Paragraph 365 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 365.

366. Paragraph 366 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 366, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

367. Paragraph 367 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies that the allegations in Paragraph 367 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 367.

368. Cerner admits that as early as January 22, 2025, an unauthorized third party gained access to certain Cerner legacy data-migration servers and copied information from those servers to a nonpublic external location. The type and amount of data associated with a specific patient varied on a patient-to-patient and provider-to-provider basis. Cerner denies the remaining allegations in Paragraph 368, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

369. Cerner admits that as early as January 22, 2025, an unauthorized third party gained access to certain Cerner legacy data-migration servers and copied information from those servers to a nonpublic external location. The type and amount of data associated with a specific patient varied on a patient-to-patient and provider-to-provider basis. Cerner denies that the remaining allegations in Paragraph 369 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in Paragraph 369.

370. Cerner admits that it was notified of activity by the threat actor on February 19, 2025. Cerner denies that the remaining allegations in Paragraph 370 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in Paragraph 370.

371. Cerner admits that it has notified certain healthcare-provider customers that their patients' PHI and/or PII may have been copied from Cerner's systems by the threat actor. Cerner also admits that it has facilitated the patient-notification process for certain healthcare-provider customers that opted into Cerner's offer to assist with providing individual, regulatory, and media notifications on behalf of those healthcare-provider customers. Cerner denies that the remaining allegations in Paragraph 371 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in Paragraph 371.

372. Cerner denies that the allegations in Paragraph 372 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 372.

373. Paragraph 373 purports to characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 373 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 373 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 373.

374. Cerner denies that the allegations in Paragraph 374 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 374.

375. Cerner denies the allegations in the first sentence of Paragraph 375. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 375.

376. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 376.

377. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 377.

378. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 378.

379. Paragraph 379 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 379 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 379.

380. Paragraph 380 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 380 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 380. Cerner admits that on or around July 25, 2025, letters regarding the data-security incident were sent to certain patients of Baptist Health South Florida, Inc. Cerner denies that the remaining allegations in the second sentence of Paragraph 380 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in the second sentence of Paragraph 380.

381. Paragraph 381 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 381 do not require a response. To the extent a response

is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of Paragraph 381. Cerner admits that on or around June 13, 2025, letters regarding the data-security incident were sent to certain patients of Tallahassee Memorial HealthCare, Inc. Cerner denies that the remaining allegations in the third sentence of Paragraph 381 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in the third sentence of Paragraph 381.

382. Paragraph 382 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 382 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 382. Cerner admits that on or around August 1, 2025, letters regarding the data-security incident were sent to certain patients of Glens Falls Hospital and Albany Med Health System. Cerner denies that the remaining allegations in the second sentence of Paragraph 382 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in the second sentence of Paragraph 382.

383. Paragraph 383 purports to quote or characterize three webpages, which speak for themselves, and therefore the allegations in Paragraph 383 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 383. Cerner denies that the allegations in the second sentence of Paragraph 383 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in the second sentence of Paragraph 383. Cerner admits that on or around June 29, 2025, letters regarding the data-security incident were sent to certain patients of Heartland Regional Medical Center d/b/a Mosaic Life

Care, Inc. Cerner denies that the remaining allegations in the third sentence of Paragraph 383 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in the third sentence of Paragraph 383.

384. Paragraph 384 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 384 do not require a response. To the extent a response is required, Cerner admits that on or around August 12, 2025, letters regarding the data-security incident were sent to certain patients of Arkansas Heart Hospital, LLC. Cerner denies that the remaining allegations in Paragraph 384 present a fair and complete description of the matters described therein and, on that basis, denies the remaining allegations in Paragraph 384.

385. Paragraph 385 purports to characterize various letters, which speak for themselves, and therefore the allegations in Paragraph 385 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 385 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 385, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

386. Paragraph 386 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 386, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

387. The first sentence of Paragraph 387 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies that the allegations in the first sentence of Paragraph 387 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in the first sentence of Paragraph 387, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties. The second and third sentences of Paragraph 387 purport to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the second and third sentences of Paragraph 387 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 387.

388. Paragraph 388 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 388 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 388.

389. Paragraph 389 purports to characterize two webpages, which speak for themselves, and therefore the allegations in Paragraph 389 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 389.

390. Paragraph 390 purports to characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 390 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 390.

391. Paragraph 391 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies that the allegations in Paragraph 391 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 391, except that Cerner lacks knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations concerning other parties or "cybersecurity incidents at other healthcare partner and provider companies."

392. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 392, including as to which "data" an individual might consider to be "among the most sensitive and personally consequential." The second sentence of Paragraph 392 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the second sentence of Paragraph 392 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 392.

393. Paragraph 393 purports to characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 393 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 393.

394. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 394. The second and third sentences of Paragraph 394 purport to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the second and third sentences of Paragraph 394 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second and third sentences of Paragraph 394.

395. Cerner admits that a ransomware attack is a type of cyberattack. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 395.

396. Paragraph 396 purports to characterize two webpages, which speak for themselves, and therefore the allegations in Paragraph 396 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 396.

397. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 397.

398. Paragraph 398 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 398, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

399. Paragraph 399 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 399, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

400. Paragraph 400 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 400, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

401. Paragraph 401 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 401, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

402. Cerner admits that certain PII or PHI may have been copied from Cerner's systems by the threat actor. Cerner denies that any specific PII or PHI was compromised, or that the same PII or PHI was compromised for all Plaintiffs and putative class members. Cerner denies the remaining allegations in Paragraph 402.

403. Paragraph 403 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 403.

404. Paragraph 404 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 404, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

405. Paragraph 405 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 405, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

406. The first sentence of Paragraph 406 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the first sentence of Paragraph 406, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties. Cerner denies that it has "current and former patients." Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in the second sentence of Paragraph 406. The third sentence of Paragraph 406 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the third sentence of Paragraph 406, except

that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

407. Paragraph 407 states legal conclusions to which no response is required. In addition, the first sentence of Paragraph 407 purports to characterize a webpage, which speaks for itself, and therefore the allegations in the first sentence of Paragraph 407 do not require a response. To the extent a response is required, Cerner denies the allegations in Paragraph 407.

408. Paragraph 408 states legal conclusions to which no response is required. In addition, Paragraph 408 purports to characterize a document, which speaks for itself, and therefore the allegations in Paragraph 408 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 408.

409. Paragraph 409 states legal conclusions to which no response is required. In addition, Paragraph 409 purports to characterize a document, which speaks for itself, and therefore the allegations in Paragraph 409 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 409.

410. Paragraph 410 states legal conclusions to which no response is required. In addition, the second sentence of Paragraph 410 purports to characterize unspecified "[o]rders," which speak for themselves, and therefore the allegations in Paragraph 410 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 410.

411. Paragraph 411 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 411, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

412. Paragraph 412 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 412, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

413. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 413.

414. The first sentence of Paragraph 414 states legal conclusions to which no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of Paragraph 414. The second sentence of Paragraph 414 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 414, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

415. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of Paragraph 415. The second sentence of Paragraph 415 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the second sentence of Paragraph 415, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

416. Paragraph 416 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 416, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

417. Paragraph 417 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 417, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

418. Paragraph 418 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 418, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

419. Paragraph 419 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 419, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

420. Paragraph 420 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 420, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

421. Paragraph 421 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 421, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

422. Paragraph 422 states legal conclusions to which no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 422.

423. The first sentence of Paragraph 423 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the first sentence of Paragraph 423. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second and third sentences of Paragraph 423.

424. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 424.

425. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 425.

426. Paragraph 426 states legal conclusions to which no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

427. The first sentence of Paragraph 427 purports to characterize a webpage, which speaks for itself, and therefore the allegations in the first sentence of Paragraph 427 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 427. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 427.

428. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 428.

429. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of Paragraph 429. The second sentence of Paragraph 429 purports to characterize a webpage, which speaks for itself, and therefore the allegations in the second sentence of Paragraph 429 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 429.

430. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 430.

431. Paragraph 431 purports to characterize a webpage, which speaks for itself, and therefore the allegations in Paragraph 431 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 431.

432. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 432.

433. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 433. The fourth and fifth sentences of Paragraph 433 purport to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the fourth and fifth sentences of Paragraph 433 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth and fifth sentences of Paragraph 433.

434. The first sentence of Paragraph 434 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in the first sentence

of Paragraph 434, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second sentence of Paragraph 434.

435. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 435.

436. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 436. The second sentence of Paragraph 436 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the second sentence of Paragraph 436 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 436.

437. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 437. The remaining sentences of Paragraph 437 purport to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the remaining sentences of Paragraph 437 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remaining sentences of Paragraph 437.

438. Paragraph 438 states legal conclusions to which no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 438.

439. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 439. The second sentence of Paragraph

439 purports to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the second sentence of Paragraph 439 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 439.

440. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 440. The remaining sentences of Paragraph 440 purport to quote or characterize a webpage, which speaks for itself, and therefore the allegations in the remaining sentences of Paragraph 440 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the remaining sentences of Paragraph 440.

441. Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 441.

442. Paragraph 442 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 442.

443. Paragraph 443 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 443, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

444. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 444.

445. Paragraph 445 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 445, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

446. Paragraph 446 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 446, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

447. Paragraph 447 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 447, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

448. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 448.

449. Paragraph 449 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 449, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

450. Paragraph 450 states legal conclusions to which no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 450.

451. Paragraph 451 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 451, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

452. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 452. The second sentence of Paragraph 452 purports to characterize what unspecified courts "recognized" in unspecified decisions, which speak for themselves, and therefore the allegations in the second sentence of Paragraph 452 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second sentence of Paragraph 452. Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third, fourth, and fifth sentences of Paragraph 452. The sixth sentence of Paragraph 452 purports to characterize a webpage, which speaks for itself, and therefore the allegations in the sixth sentence of Paragraph 452 do not require a response. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the sixth sentence of Paragraph 452.

453. Paragraph 453 states legal conclusions to which no response is required. To the extent a response is required, Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 453.

454. Paragraph 454 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 454, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

455. Paragraph 455 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 455, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

456. Paragraph 456 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 456, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

457. Paragraph 457 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 457, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

458. Paragraph 458 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 458, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

459. Paragraph 459 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 459.

460. Paragraph 460 states legal conclusions to which a response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 460, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

461. Paragraph 461 does not contain any allegations to which a response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 461.

462. Paragraph 462 does not contain any allegations to which a response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining denies the allegations in Paragraph 462, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

463. Paragraph 463 does not contain any allegations to which a response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 463.

464. Paragraph 464 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 464.

465. Paragraph 465 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 465, except that Cerner lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations concerning other parties.

466. Paragraph 466 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 466, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

467. Paragraph 467 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 467, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

468. Paragraph 468 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 468, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the competency and experience of Plaintiffs' counsel.

469. Paragraph 469 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 469, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

470. Paragraph 470 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 470, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

471. Paragraph 471 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 471, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

472. Paragraph 472 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 472, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

473. Paragraph 473 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 473, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

474. Paragraph 474 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 474, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

475. Paragraph 475 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 475, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

476. Paragraph 476 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 476, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

477. Paragraph 477 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 477, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

478. Paragraph 478 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 478, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

479. Paragraph 479 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 479, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

480. Paragraph 480 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 480, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

481. Paragraph 481 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 481, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

482. Paragraph 482 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 482, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

483. Paragraph 483 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 483, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

484. Paragraph 484 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 484, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

485. Paragraph 485 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 485, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

486. Paragraph 486 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 486, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

487. Paragraph 487 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 487, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

488. Paragraph 488 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 488, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

489. Paragraph 489 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 489, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

490. Paragraph 490 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 490, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

491. Paragraph 491 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 491, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

492. Paragraph 492 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 492, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

493. Paragraph 493 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 493, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

494. Paragraph 494 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 494, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

495. Paragraph 495 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 495, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

496. Paragraph 496 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 496, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

497. Paragraph 497 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 497, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

498. Paragraph 498 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 498, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

499. Paragraph 499 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 499, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

500. Paragraph 500 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 500, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties or the FTC's "numerous enforcement actions against [other] businesses."

501. Paragraph 501 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 501, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

502. Paragraph 502 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 502, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

503. Paragraph 503 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 503, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

504. Paragraph 504 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 504, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

505. Paragraph 505 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 505, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

506. Paragraph 506 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 506, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

507. Paragraph 507 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 507, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

508. Paragraph 508 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 508, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

509. Paragraph 509 states legal conclusions to which no response is required. In addition, Paragraph 509 purports to characterize various contracts between Cerner and its healthcare-provider clients, which speak for themselves, and therefore the allegations do not require a response.

510. Paragraph 510 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 510, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

511. Paragraph 511 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 511, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

512. Paragraph 512 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 512, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

513. Paragraph 513 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 513, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

514. Paragraph 514 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 514, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

515. Paragraph 515 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 515, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

516. Paragraph 516 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 516 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 516, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

517. Paragraph 517 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 517 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 517, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

518. Paragraph 518 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 518 states legal

conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 518, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

519. Paragraph 519 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 519 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 519, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

520. Paragraph 520 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 520 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 520, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

521. Paragraph 521 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 521 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 521, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

522. Paragraph 522 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion

to dismiss, and therefore no response is required. In addition, Paragraph 522 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 522, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

523. Paragraph 523 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 523 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 523, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

524. Paragraph 524 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 524 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 524, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

525. Paragraph 525 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 525 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 525, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

526. Paragraph 526 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 526 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 526, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

527. Paragraph 527 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 527 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 527, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

528. Paragraph 528 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 528 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 528, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

529. Paragraph 529 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 529 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies

the allegations in Paragraph 529, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

530. Paragraph 530 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 530 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 530, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

531. Paragraph 531 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 531 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 531, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

532. Paragraph 532 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 532 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 532, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

533. Paragraph 533 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 533 states legal

conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 533, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

534. Paragraph 534 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 534 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 534, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

535. Paragraph 535 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 535 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 535, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

536. Paragraph 536 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 536 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 536, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

537. Paragraph 537 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion

to dismiss, and therefore no response is required. In addition, Paragraph 537 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 537, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

538. Paragraph 538 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 538 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 538, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

539. Paragraph 539 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 539 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 539, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

540. Paragraph 540 is alleged in support of Count IV, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 540 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 540, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

541. Paragraph 541 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 541 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 541, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

542. Paragraph 542 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 542 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 542, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

543. Paragraph 543 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 543 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 543, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

544. Paragraph 544 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 544 states legal

conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 544, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

545. Paragraph 545 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 545 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 545, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

546. Paragraph 546 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 546 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 546, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

547. Paragraph 547 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 547 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 547, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

548. Paragraph 548 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion

to dismiss, and therefore no response is required. In addition, Paragraph 548 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 548, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

549. Paragraph 549 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 549 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 549, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

550. Paragraph 550 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 550 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 550, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

551. Paragraph 551 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 551 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 551, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

552. Paragraph 552 is alleged in support of Count V, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 552 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 552, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

553. Paragraph 553 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 553 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 553, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

554. Paragraph 554 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 554 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 554, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

555. Paragraph 555 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 555 states legal

conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 555, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

556. Paragraph 556 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 556 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 556, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

557. Paragraph 557 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 557 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 557, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

558. Paragraph 558 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 558 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 558, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

559. Paragraph 559 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion

to dismiss, and therefore no response is required. In addition, Paragraph 559 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 559, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

560. Paragraph 560 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 560 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 560, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

561. Paragraph 561 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 561 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 561, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

562. Paragraph 562 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 562 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 562, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

563. Paragraph 563 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 563 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 563, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

564. Paragraph 564 is alleged in support of Count VI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 564 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 564, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

565. Paragraph 565 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 565 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 565, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

566. Paragraph 566 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 566 also does not contain any

allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 566, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

567. Paragraph 567 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 567 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 567, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

568. Paragraph 568 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 568 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 568, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

569. Paragraph 569 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 569 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 569, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

570. Paragraph 570 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion

to dismiss, and therefore no response is required. In addition, Paragraph 570 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 570, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

571. Paragraph 571 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 571 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 571, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

572. Paragraph 572 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 572 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 572, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

573. Paragraph 573 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 573 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 573.

574. Paragraph 574 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion

to dismiss, and therefore no response is required. In addition, Paragraph 574 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 574, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

575. Paragraph 575 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 575 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 575, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

576. Paragraph 576 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 576 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 576, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

577. Paragraph 577 is alleged in support of Count VII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 577 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 577, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

578. Paragraph 578 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 578 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 578, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

579. Paragraph 579 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 579 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 579, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

580. Paragraph 580 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 581 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 580.

581. Paragraph 581 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 581 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies

the allegations in Paragraph 581, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

582. Paragraph 582 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 582 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 582.

583. Paragraph 583 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 583 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 583.

584. Paragraph 584 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 584 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 584, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

585. Paragraph 585 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 585 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies

the allegations in Paragraph 585, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

586. Paragraph 586 is alleged in support of Count VIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 586 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 586, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

587. Paragraph 587 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 587 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 587, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

588. Paragraph 588 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 588 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 588, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

589. Paragraph 589 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 589 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 589, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

590. Paragraph 590 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 590 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 590, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

591. Paragraph 591 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 591 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 591, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

592. Paragraph 592 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 592 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 592.

593. Paragraph 593 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 593 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 593.

594. Paragraph 594 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 594 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 594.

595. Paragraph 595 is alleged in support of Count IX, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 595 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 595, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

596. Paragraph 596 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 596, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

597. Paragraph 597 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 597, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

598. Paragraph 598 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 598.

599. Paragraph 599 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 599.

600. Paragraph 600 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 600.

601. Paragraph 601 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 601.

602. Paragraph 602 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 602.

603. Paragraph 603 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 603.

604. Paragraph 604 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 604, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

605. Paragraph 605 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 605.

606. Paragraph 606 states a legal conclusion to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 606, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

607. Paragraph 607 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 607, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

608. Paragraph 608 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 608 also states a legal conclusion to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 608, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

609. Paragraph 609 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 609 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 609, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

610. Paragraph 610 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 610 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 610, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

611. Paragraph 611 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 611 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 611, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

612. Paragraph 612 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 612 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 612, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

613. Paragraph 613 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 613 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 613.

614. Paragraph 614 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 614 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 614, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

615. Paragraph 615 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 615 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 615, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

616. Paragraph 616 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 616 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 616, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

617. Paragraph 617 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 617 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies

the allegations in Paragraph 617, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

618. Paragraph 618 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 618 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 618, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

619. Paragraph 619 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 619 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 619, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

620. Paragraph 620 is alleged in support of Count XI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 620 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 620, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

621. Paragraph 621 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 621 states legal

conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 621, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

622. Paragraph 622 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 622 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 622, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

623. Paragraph 623 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 623 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 623, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

624. Paragraph 624 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 624 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 624, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

625. Paragraph 625 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 625 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 625, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

626. Paragraph 626 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 626 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 626, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

627. Paragraph 627 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 627 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 627, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

628. Paragraph 628 is alleged in support of Count XII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 628 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 628.

629. Paragraph 629 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 629, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

630. Paragraph 630 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 630, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

631. Paragraph 631 states legal conclusions to which no response is required. In addition, Paragraph 631 purports to quote or characterize a statute, which speaks for itself, and therefore the allegations in Paragraph 631 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 631 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 631.

632. Paragraph 632 states legal conclusions to which no response is required. In addition, Paragraph 632 purports to quote or characterize a statute, which speaks for itself, and therefore the allegations in Paragraph 632 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 632 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 632.

633. Paragraph 633 states legal conclusions to which no response is required. In addition, Paragraph 633 purports to quote or characterize a statute, which speaks for itself, and therefore the allegations in Paragraph 633 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 632 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 633.

634. Paragraph 634 states legal conclusions to which no response is required. In addition, Paragraph 633 purports to quote or characterize a statute, which speaks for itself, and therefore the allegations in Paragraph 633 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 632 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 634.

635. Paragraph 635 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 635, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

636. Paragraph 636 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 636, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

637. Paragraph 637 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 637, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

638. Paragraph 638 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 638, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

639. Paragraph 639 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 639, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

640. Paragraph 640 states legal conclusions to which no response is required. In addition, Paragraph 640 purports to quote or characterize a statute, which speaks for itself, and therefore the allegations in Paragraph 640 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 640 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 640.

641. Paragraph 641 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 641, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

642. Paragraph 642 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies that the allegations in Paragraph 642 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 642.

643. Paragraph 643 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 643, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

644. Paragraph 644 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 644, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

645. Paragraph 645 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 645, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

646. Paragraph 646 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 646, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

647. Paragraph 647 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be

certified. Cerner denies the remaining allegations in Paragraph 647, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

648. Paragraph 648 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 648, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

649. Paragraph 649 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 649, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

650. Paragraph 650 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 650, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

651. Paragraph 651 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 651, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

652. Paragraph 652 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 652, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

653. Paragraph 653 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 653, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

654. Paragraph 654 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 654, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

655. Paragraph 655 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 655, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

656. Paragraph 656 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 656, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

657. Paragraph 657 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 657, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

658. Paragraph 658 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 658, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

659. Paragraph 659 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 659, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

660. Paragraph 660 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 660, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

661. Paragraph 661 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 661, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

662. Paragraph 662 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 662, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

663. Paragraph 663 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 663, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

664. Paragraph 664 is alleged in support of Count XVI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 664 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 664, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

665. Paragraph 665 is alleged in support of Count XVI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 665 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 665, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

666. Paragraph 666 is alleged in support of Count XVI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 666 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 666.

667. Paragraph 667 is alleged in support of Count XVI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 667 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies

the allegations in Paragraph 667, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

668. Paragraph 668 is alleged in support of Count XVI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 668 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 668, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

669. Paragraph 669 is alleged in support of Count XVI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 669 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 669, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

670. Paragraph 670 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 670, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

671. Paragraph 671 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 671, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

672. Paragraph 672 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 672, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

673. Paragraph 673 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 673, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

674. Paragraph 674 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 674, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

675. Paragraph 675 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 675, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

676. Paragraph 676 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 676, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

677. Paragraph 677 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 677, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

678. Paragraph 678 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 678, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

679. Paragraph 679 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 679, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

680. Paragraph 680 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 680, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

681. Paragraph 681 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 681, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

682. Paragraph 682 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 682, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

683. Paragraph 683 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 683, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

684. Paragraph 684 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 684, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

685. Paragraph 685 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 685, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

686. Paragraph 686 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 686, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

687. Paragraph 687 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 687, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

688. Paragraph 688 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 688, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

689. Paragraph 689 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 689, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

690. Paragraph 690 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 690, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

691. Paragraph 691 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 691, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

692. Paragraph 692 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 692, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

693. Paragraph 693 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 693, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

694. Paragraph 694 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 694, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

695. Paragraph 695 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 695, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

696. Paragraph 696 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 696, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

697. Paragraph 697 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 697, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

698. Paragraph 698 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 698, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

699. Paragraph 699 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 699, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

700. Paragraph 700 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 700, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

701. Paragraph 701 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 701, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

702. Paragraph 702 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 702, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

703. Paragraph 703 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 703, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

704. Paragraph 704 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 704, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

705. Paragraph 705 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 705, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

706. Paragraph 706 states legal conclusions to which no response is required. In addition, Paragraph 706 purports to quote or characterize a statute, which speaks for itself, and therefore the allegations in Paragraph 706 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 706 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 706.

707. Paragraph 707 states legal conclusions to which no response is required. In addition, Paragraph 707 purports to quote or characterize a regulation, which speaks for itself, and therefore the allegations in Paragraph 707 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 707 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 707.

708. Paragraph 708 states legal conclusions to which no response is required. In addition, Paragraph 708 purports to quote or characterize a regulation, which speaks for itself, and therefore the allegations in Paragraph 708 do not require a response. To the extent a response is required, Cerner denies that the allegations in Paragraph 708 present a fair and complete description of the matters described therein and, on that basis, denies the allegations in Paragraph 708.

709. Paragraph 709 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 709, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

710. Paragraph 710 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 710.

711. Paragraph 711 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 711.

712. Paragraph 712 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 712.

713. Paragraph 713 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 713, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

714. Paragraph 714 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 714, except that Cerner

lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

715. Paragraph 715 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 715, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

716. Paragraph 716 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 716, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

717. Paragraph 717 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 717, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

718. Paragraph 718 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 718, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

719. Paragraph 719 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 719, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

720. Paragraph 720 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 720, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

721. Paragraph 721 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 721, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

722. Paragraph 722 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 722, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

723. Paragraph 723 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 723, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

724. Paragraph 724 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 724, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

725. Paragraph 725 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 725, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

726. Paragraph 726 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 726, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

727. Paragraph 727 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 727, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

728. Paragraph 728 does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 728, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

729. Paragraph 729 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 729 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining

allegations in Paragraph 729, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

730. Paragraph 730 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 730 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 730, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

731. Paragraph 731 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 731 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 731, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

732. Paragraph 732 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 732 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 732, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

733. Paragraph 733 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 733 states legal

conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 733, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

734. Paragraph 734 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 734 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 734.

735. Paragraph 735 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 735 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 735, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

736. Paragraph 736 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 736 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 736, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

737. Paragraph 737 is alleged in support of Count XXI, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 737 also does not contain any

allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 737, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

738. Paragraph 738 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 738 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 738, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

739. Paragraph 739 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 739 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 739, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

740. Paragraph 740 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 740 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 740, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

741. Paragraph 741 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 741 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 741, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

742. Paragraph 742 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 742 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 742, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

743. Paragraph 743 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 743 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 743, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

744. Paragraph 744 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 744 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies

the allegations in Paragraph 744, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

745. Paragraph 745 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 745 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 745, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

746. Paragraph 746 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 746 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 746, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

747. Paragraph 747 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 747 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 747, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

748. Paragraph 748 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 748 states legal

conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 748, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

749. Paragraph 749 is alleged in support of Count XXII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 749 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 749, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

750. Paragraph 750 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 750 states legal conclusions to which no response is required. To the extent a response is required, Cerner admits that Plaintiffs purport to bring this action on behalf of one or more putative classes, but Cerner denies that any such class or classes can or should be certified. Cerner denies the remaining allegations in Paragraph 750, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

751. Paragraph 751 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 751 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 751, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

752. Paragraph 752 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 752 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 752, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

753. Paragraph 753 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 753 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 753, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

754. Paragraph 754 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 754 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 754.

755. Paragraph 755 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 755 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 755, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

756. Paragraph 756 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 756 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 756, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

757. Paragraph 757 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 757 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 757, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

758. Paragraph 758 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. In addition, Paragraph 758 states legal conclusions to which no response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 758, except that Cerner lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning other parties.

759. Paragraph 759 is alleged in support of Count XXIII, which is dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss, and therefore no response is required. Paragraph 759 also does not contain any allegations to which a response is required. To the extent a response is required, Cerner denies the allegations in Paragraph 759.

## PRAYER FOR RELIEF

Cerner denies that Plaintiffs are entitled to any of the relief they seek from Cerner or to any relief at all.

## JURY DEMAND

Cerner demands a trial by jury on all triable claims and issues.

## AFFIRMATIVE AND OTHER DEFENSES

Cerner asserts all defenses set forth in its Motion to Dismiss the Consolidated Class Action Complaint, its Suggestions in Support of its Motion to Dismiss, and its Reply Suggestions in Support of its Motion to Dismiss. Dkts. 160, 161, 249. Without limiting the foregoing, Cerner asserts the following additional defenses based on its current knowledge and information, and without any admission as to the burden of proof, burden of persuasion, or truth of any allegation in the Consolidated Class Action Complaint. Cerner reserves the right to amend, modify, or withdraw any of these defenses and/or to assert additional defenses as further information becomes available, including with respect to any claims asserted in any Short-Form Complaints. Cerner also reserves the right to amend, modify and/or assert additional defenses with respect to the claims that Plaintiffs asserted against Cerner in the Consolidated Class Action Complaint that were dismissed as to Cerner pursuant to the Court's June 22, 2026 order granting in part and denying in part Cerner's motion to dismiss. Cerner also reserves the right to amend, modify, and/or to assert additional defenses when and if amended, modified, or additional defenses become appropriate and/or available in this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members.

**FIRST DEFENSE**

The Consolidated Class Action Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs lack standing to maintain all or some of the claims they assert.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, bar, release, collateral estoppel, issue preclusion, res judicata, and/or claim preclusion.

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries or damages, to the extent any exist, were caused by independent, superseding, and intervening events or conduct unconnected to Cerner and for which Cerner cannot be held liable.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, to the extent any exist, are too remote and speculative to ascertain or apportion and are not cognizable, nor are they of the nature or to the extent alleged.

**SIXTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate or attempt to mitigate any of their alleged damages, to the extent any exist.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, due to preemption.

**EIGHTH DEFENSE**

Cerner's conduct was prescribed by law and Cerner complied with all applicable laws. Cerner is therefore shielded from liability.

**NINTH DEFENSE**

Class certification is not appropriate, and Plaintiffs' claims are not properly maintainable as a class action.

**TENTH DEFENSE**

Without admitting that any violation of law occurred, should Cerner be held liable to Plaintiffs, Cerner would be entitled to a setoff for the total amounts paid to Plaintiffs, including from all collateral sources.

**ELEVENTH DEFENSE**

Without admitting that any violation of law occurred, should Plaintiffs obtain any verdict or judgment against Cerner, Cerner would be entitled to a reduction of any settlement amount received by Plaintiffs from other defendants.

**TWELFTH DEFENSE**

Without admitting that any violation of law occurred, should Plaintiffs obtain any verdict or judgment against Cerner, Cerner would be entitled to contribution and/or indemnity from other parties or entities.

**THIRTEENTH DEFENSE**

Without admitting that any violation of law occurred, should Plaintiffs obtain any verdict or judgment against Cerner, any damages must be reduced to account for comparative fault or negligence attributable to Plaintiffs or other parties.

## FOURTEENTH DEFENSE

Without admitting that any violation of law occurred, should Plaintiffs obtain any verdict or judgment against Cerner, any award of punitive damages would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution, the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution, and applicable state-law limits on the availability of punitive damages.

## FIFTEENTH DEFENSE

Plaintiffs have an adequate remedy at law and no factual or legal basis for the grant of equitable relief.

## SIXTEENTH DEFENSE

Plaintiffs' claim for injunctive relief is improper because Plaintiffs cannot establish irreparable harm, that the balance of hardships favors granting injunctive relief, or that injunctive relief would be in the public interest.

## SEVENTEENTH DEFENSE

Plaintiffs are not entitled to recovery of attorney fees or expert fees, or costs of suits, as a matter of law and based on the facts of this case.

In addition, Cerner incorporates here, and joins in, any other defenses asserted by other defendants to the extent that such other defenses are applicable to Cerner.

The Consolidated Class Action Complaint and any relief sought by Plaintiffs are barred, in whole or in part, by such additional defenses as Cerner may have that cannot now be articulated or asserted due to the generality of Plaintiffs' pleading and/or the fact that discovery is ongoing and further development of the factual record is required. Accordingly, Cerner reserves the right to supplement the foregoing and to raise additional defenses as the case progresses.

**WHEREFORE**, Cerner prays for relief and judgment dismissing the Consolidated Class Action Complaint with prejudice; denying Plaintiffs the relief sought; determining that this action is not a proper class action pursuant to Federal Rule of Civil Procedure 23; ordering that Plaintiffs take nothing and that judgment be entered in favor of Cerner and against Plaintiffs; awarding Cerner costs and expenses, including attorney fees and expert fees; and granting Cerner such other and further relief as the Court may deem just and proper.

Dated: September 18, 2026


*/s/ Alan Schoenfeld*
Alan Schoenfeld (admitted *pro hac vice*)
Ryan Chabot (admitted *pro hac vice*)
Thomas Oates (admitted *pro hac vice*)
Cassandra Mitchell (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
7 World Trade Center
New York, New York 10007
Tel.: (212) 937-7294
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com
ryan.chabot@wilmerhale.com
tom.oates@wilmerhale.com
cassie.mitchell@wilmerhale.com

Katherine V. Mackey (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.: (617) 526-6993
Fax: (617) 526-5000
katherine.mackey@wilmerhale.com

Siddharth Velamoor (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20036
Tel.: (202) 663-6000
Fax: (202) 663-6363
siddharth.velamoor@wilmerhale.com

Patrick Fanning – MO Bar # 47615
LATHROP GPM LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618
Tel.: (816) 460-5416
patrick.fanning@lathropgpm.com

*Counsel for Defendant Cerner Corporation*

## CERTIFICATE OF SERVICE

I certify that on September 18, 2026, I caused a copy of the foregoing document to be served by electronic mail on counsel of record for Plaintiffs.

Dated: September 18, 2026

*/s/ Alan Schoenfeld*
Alan Schoenfeld