**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE: CERNER/ORACLE DATA BREACH LITIGATION | Case No.: 25-00259-CV-W-BP<br><br>This Document Relates to:<br>*Naomi McGhee, on behalf of herself and others similarly situated v. Cerner Corp., et al.*, Case Number 4:26-cv-00192-BP |

**MOTION TO DISMISS BASED ON SOVEREIGN IMMUNITY,**
**AND MEMORANDUM IN SUPPORT,**
**BY DEFENDANTS BOARD OF TRUSTEES OF**
**NORTH KANSAS CITY HOSPITAL AND MERITAS HEALTH CORPORATION**


Brandon J.B. Boulware
Jeremy M. Suhr
BOULWARE LAW LLC
1600 Genessee, Suite 760
Kansas City, Missouri 64102
Tele: (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

*Attorneys for Defendants Board of Trustees of*
*North Kansas City Hospital and Meritas Health Corporation*

## TABLE OF CONTENTS

I. Introduction ........ 1

II. Background ........ 2

III. Legal Standards ........ 4

A. Missouri law on sovereign immunity ........ 4

B. Procedural framework for evaluating motions raising sovereign immunity ........ 5

IV. Argument ........ 5

A. Plaintiff's Complaint should be dismissed under a facial attack ........ 6

B. Alternatively, Plaintiff's Complaint should be dismissed under a factual attack ........ 8

V. Conclusion ........ 10

## TABLE OF AUTHORITIES

**Cases**

*Allen v. 32nd Jud. Cir.*,
638 S.W.3d 880 (Mo. banc 2022) .......... 7

*Berry v. Missouri Dep't of Corr.*,
No. 2:24 CV 25 CDP, 2024 WL 3874485 (E.D. Mo. Aug. 20, 2024) .......... 5

*Blankenship v. Williams*,
No. 4:24-CV-00306-DGK, 2024 WL 4593871 (W.D. Mo. Oct. 28, 2024) .......... 5

*Buckler v. United States*,
919 F.3d 1038 (8th Cir. 2019) .......... 5, 8

*Bullmaster v. St. Joseph*,
70 Mo. App. 60 (1897) .......... 9

*Croyle by & through Croyle v. United States*,
908 F.3d 377 (8th Cir. 2018) .......... 5

*Div. of Emp. Sec., Missouri v. Bd. of Police Commissioners*,
864 F.3d 974 (8th Cir. 2017) .......... 4

*Doe v. Meritas Health Corp.*,
732 S.W.3d 207 (Mo. App. 2026) .......... 7

*Dykes v. Missouri Higher Educ. Loan Auth.*,
No. 4:21-CV-00083-RWS, 2021 WL 3206691 (E.D. Mo. July 29, 2021) .......... 6, 8

*Hendricks v. Curators of Univ. of Mo.*,
308 S.W.3d 740 (Mo. App. 2010) .......... 7

*Jones v. State Highway Comm'n*,
557 S.W.2d 225 (Mo. banc 1977) .......... 4

*Keselyak v. Curators of the Univ. of Missouri*,
200 F. Supp. 3d 849 (W.D. Mo. 2016) .......... 5

*Lors v. Dean*,
746 F.3d 857 (8th Cir. 2014) .......... 5

*N. Kansas City Hosp. Bd. of Trs. v. St. Luke's Northland Hosp.*,
984 S.W.2d 113 (Mo. App. 1998) .......... *passim*

*Ramirez v. Mo. Prosecuting Attorneys' & Circuit Attorneys' Ret. Sys.*,
694 S.W.3d 432 (Mo. banc 2024) .......... 4, 7

*Schroeder v. City of St. Louis*,
228 S.W.2d 677 (Mo. 1950) .......... 2, 10

*St. John's Clinic, Inc. v. Pulaski Cnty. Ambulance Dist.*,
422 S.W.3d 469 (Mo. App. 2014) .......... 1, 5, 8

*Stacy v. Truman Med. Ctr.*,
836 S.W.2d 911 (Mo. Banc 1992) .......... 8

*State ex rel. Board of Trustees of the City of North Kansas City Mem'l Hosp. v. Russell*,
843 S.W.2d 353 (Mo. banc 1992) .......... *passim*

*State ex rel. Eagleton v. Hall*,
389 S.W.2d 798 (Mo. banc 1965) .......... 4

*State ex rel. Mo. Dept. of Agric. v. McHenry,*
687 S.W.2d 178 (Mo. banc 1985) .......... 4

*State ex rel. New Liberty Hosp. Dist. v. Pratt*,
687 S.W.2d 184 (Mo. banc 1985) .......... 4, 6, 10

*Weixeldorfer v. City of Kansas City*,
718 S.W.3d 62 (Mo. App. 2025) .......... 1, 5, 8

*Zummo v. Kansas City*,
225 S.W. 934 (Mo. 1920) .......... 2

**Statutes**

42 U.S.C. §1395ww(b)(3)(B)(ix) .......... 7

R.S. Mo. § 537.600 .......... 6, 8

R.S. Mo. § 96.150 .......... 2

R.S. Mo. § 96.150.5 .......... 2

R.S. Mo. § 96.160 .......... 2

## I. **Introduction**

The claims asserted in this lawsuit against the Board of Trustees of North Kansas City Hospital ("**NKCH**" or the "**Board**") and Meritas Health Corporation ("**Meritas**") are barred under Missouri law and the doctrine of sovereign immunity. NKCH is a hospital established under R.S. Mo. Ch. 96 and operated by a Board of Trustees appointed by the City of North Kansas City, Missouri, and "Meritas was incorporated, and is wholly owned, by the Board of Trustees [of NKCH], and its Board of Directors is dominated and controlled by the Board of Trustees" of NKCH. *N. Kansas City Hosp. Bd. of Trs. v. St. Luke's Northland Hosp.*, 984 S.W.2d 113, 118 (Mo. App. 1998) ("***NCKH v. St Luke's***").

Missouri courts have repeatedly held that the operation of a city hospital is a governmental function and that sovereign immunity bars claims like those asserted here against NKCH and Meritas — including making such holdings in cases involving NKCH itself. *E.g.*, *State ex rel. Board of Trustees of the City of North Kansas City Mem'l Hosp. v. Russell*, 843 S.W.2d 353, 359 (Mo. banc 1992) ("***NKCH v. Russell***"). Missouri law is also clear that "[s]overeign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case." *St. John's Clinic, Inc. v. Pulaski Cnty. Ambulance Dist.*, 422 S.W.3d 469, 471 (Mo. App. 2014) (quotation omitted). Accordingly, a plaintiff bears the burden "to establish a sovereign immunity waiver as part and parcel of any pleaded theory against" defendants like NKCH and Meritas. *Id.* (quotation omitted); *see also Weixeldorfer v. City of Kansas City*, 718 S.W.3d 62, 72 (Mo. App. 2025) ("[P]laintiff bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity.") (quotation omitted).

Here, Plaintiff Naomi McGhee ("**Plaintiff**") made no effort to plead any exception to or waiver of sovereign immunity. The words "sovereign" and "immunity" do not even appear in her

Complaint. *See* Doc. 458 ("**Compl.**"). Instead, Plaintiff makes only a conclusory and incorrect assertion that the "Board is not a public entity." Compl. ¶ 763. Plaintiff ignored her burden to plead facts establishing that sovereign immunity does not apply here, and her Complaint should be dismissed with prejudice as to NKCH and Meritas.

## II. Background

Defendant NKCH is a hospital established under R.S. Mo. Ch. 96. *See NKCH v. Russell*, 843 S.W.2d at 355–56; Compl. ¶ 63. Chapter 96 authorizes Missouri third class cities like North Kansas City, after voter approval, to establish, equip, and operate a health care facility for the care and treatment of the sick, disabled, and infirm persons. R.S. Mo. § 96.150.

NKCH is governed by its Board of Trustees, who are appointed by the mayor with the approval of the city council. *NKCH v. Russell*, 843 S.W.2d at 356 (citing R.S. Mo. § 96.160). By statute, the Board has the authority to "operate, maintain and manage" the hospital. R.S. Mo. §§ 96.150.5 and 96.160. Chapter 96 "was intended to give third class cities a means of operating hospitals." *NKCH v. Russell*, 843 S.W.2d at 355. The Board operates NKCH for the city. *Id.* at 357; *see also NKCH v. St Luke's*, 984 S.W.2d at 117. Meanwhile, Defendant "Meritas was incorporated, and is wholly owned, by the Board of Trustees [of NKCH], and its Board of Directors is dominated and controlled by the Board of Trustees." *NKCH v. St. Luke's*, 984 S.W.2d at 118; *see also* Compl. ¶ 764 (alleging that Meritas is "a subsidiary of [NKCH]"). Plaintiff alleges Defendants NKCH and Meritas together "operate under NKC Health as a unified health system." Compl. ¶ 765.

Under Missouri law, it is well settled that Missouri cities enjoy sovereign immunity from liability arising from operating a hospital. *E.g., Schroeder v. City of St. Louis*, 228 S.W.2d 677 (Mo. 1950); *Zummo v. Kansas City*, 225 S.W. 934 (Mo. 1920). It is no different when, like NKCH, the hospital is operated by a board of trustees under R.S. Mo. Ch. 96. *See NKCH v. Russell*, 843

S.W.2d at 354. The Board "is a part of the City of North Kansas City, and, for purposes of sovereign immunity, the Board enjoys such immunity as the City would enjoy." *Id.* at 357. And the Missouri Court of Appeals has "conclude[d] that Meritas is a quasi-public governmental body" in the context of the Missouri Sunshine Law. *NKCH v. St. Luke's*, 984 S.W.2d at 118. Last year, a Missouri Circuit Court found sovereign immunity applied and dismissed similar data-breach-related claims asserted against NKCH. *See* **Ex. 1** (Aug. 18, 2025 Order, *King, et al. v. Board of Trustees of North Kansas City Hospital*, Case No. 24CY-CV06863 (Circuit Court of Clay County, MO)) ("***King* Order**" or "***King v. NKCH***").

Here, Plaintiff seeks to represent a class of individuals allegedly harmed from a data breach that occurred when "a hacker accessed [Defendant] Cerner's servers and exfiltrated" certain information allegedly connected to NKCH patients. *See* Doc. 394 (June 22, 2026 Order Granting in Part and Denying in Part Defendants' Motions to Dismiss) at 3 (quotation omitted); Doc. 458 (McGhee "Short Form Complaint NKC Health"). Very similar facts were at issue in *King v. NKCH*, which also addressed claims against NKCH stemming from a data breach into a separate company's servers that allegedly included information of NKCH patients. *See* **Ex. 1** (*King* Order) at 2 (describing case as "involv[ing] allegations by Plaintiffs that a data breach at a medical transcription services company . . . employed by [NKCH] potentially resulted in the unauthorized access to" patient information).

As did the Court in *King v. NKCH*, this Court should conclude that sovereign immunity applies here and that Plaintiff made no effort to (and cannot) plead any exception to or waiver of sovereign immunity. Given that Plaintiff should have known — and ***did*** know, *see* Doc. 418 (July 29, 2026 Joint Status Report) at 1 & n.1 — that sovereign immunity applies here and that

Defendants NKCH and Meritas intended to raise such "threshold" issues, Plaintiff's pleading failure justifies dismissal with prejudice and without leave to amend.

## III. Legal Standards

### A. Missouri law on sovereign immunity

"Sovereign immunity is the default rule in all suits against the state." *Ramirez v. Mo. Prosecuting Attorneys' & Circuit Attorneys' Ret. Sys.*, 694 S.W.3d 432, 437 (Mo. banc 2024). "'Immunity' connotes not only immunity from judgment but also immunity from suit." *State ex rel. Mo. Dept. of Agric. v. McHenry,* 687 S.W.2d 178, 181 (Mo. banc 1985). "Missouri courts have recognized the common law rule of sovereign immunity since 1821," and "[s]overeign immunity is the rule, not the exception." *Ramirez*, 694 S.W.3d at 436.[1] "The doctrine [of sovereign immunity] is intended to lessen the expense and delay of lawsuits and to allow predictability as to the monetary expenses and needs of a public entity." *Id.* (quotation omitted, alteration in original).

The Missouri Supreme Court has recognized that governmental hospitals, like NKCH, have an "absolute and impenetrable defense in the doctrine of sovereign immunity." *State ex rel. New Liberty Hosp. Dist. v. Pratt*, 687 S.W.2d 184, 187 (Mo. banc 1985). Unless NKCH and Meritas waive sovereign immunity and give consent to be sued, an action against them cannot be maintained. *See State ex rel. Eagleton v. Hall*, 389 S.W.2d 798, 801 (Mo. banc 1965) ("The rule is that the state, by reason of its sovereign immunity, is immune from suit and cannot be sued in its own courts without its consent."). As the Eighth Circuit has summarized Missouri law, "[i]n Missouri, sovereign immunity is the rule rather than the exception." *Div. of Emp. Sec., Missouri v. Bd. of Police Commissioners*, 864 F.3d 974, 980 (8th Cir. 2017).

---

[1] In *Jones v. State Highway Comm'n*, 557 S.W.2d 225 (Mo. banc 1977), the Missouri Supreme Court abolished sovereign immunity, but the Missouri legislature immediately restored sovereign immunity by enacting R.S. Mo. §§ 537.600 through 537.650.

### B. Procedural framework for evaluating motions raising sovereign immunity

"Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1)." *Keselyak v. Curators of the Univ. of Missouri*, 200 F. Supp. 3d 849, 853 (W.D. Mo. 2016) (citing *Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014)). "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018). If a "court's inquiry extends beyond the pleadings, it is not necessary to apply Rule 56 summary judgment standards." *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

"The plaintiff bears the burden of proving the existence of subject matter jurisdiction." *Id.* And because Missouri law is "well settled" that "[s]overeign immunity is not an affirmative defense but is part of the plaintiff's *prima facie* case," *St. John's Clinic*, 422 S.W.3d at 471 (quotation omitted), a plaintiff "bears the burden of pleading with specificity facts giving rise to an exception to sovereign immunity when suing a public entity." *Weixeldorfer*, 718 S.W.3d at 72 (quotation omitted); *see also Blankenship v. Williams*, No. 4:24-CV-00306-DGK, 2024 WL 4593871, at *9 (W.D. Mo. Oct. 28, 2024) (dismissing claims where complaint made only "bare, conclusory assertion" of an exception to sovereign immunity); *Berry v. Missouri Dep't of Corr.*, No. 2:24 CV 25 CDP, 2024 WL 3874485, at *2 (E.D. Mo. Aug. 20, 2024) (similar, and denying plaintiff's "request for limited discovery").

## IV. Argument

The Court should dismiss Plaintiff's claims against NKCH and Meritas under a "facial attack" because her Complaint wholly ignores her burden of alleging specific facts that show an exception to or waiver of sovereign immunity, which Missouri courts repeatedly hold applies to

hospital-operating parties like NKCH and Meritas.[2] Alternatively, if deemed necessary for any reason, the Court should also dismiss the Complaint under a "factual attack" because the evidence is clear that NKCH and Meritas are entitled to sovereign immunity under Missouri law as public entities. *See* R.S. Mo. § 537.600; *Dykes v. Missouri Higher Educ. Loan Auth.*, No. 4:21-CV-00083-RWS, 2021 WL 3206691 (E.D. Mo. July 29, 2021) (granting motion for judgment on the pleadings after finding that "Missouri Higher Education Loan Authority (MOHELA)" was entitled to sovereign immunity as a "public entity").

### A. Plaintiff's Complaint should be dismissed under a facial attack

Sovereign immunity applies to NKCH, as it "is a part of the City of North Kansas City, and, for purposes of sovereign immunity, the Board enjoys such immunity as the City would enjoy." *NKCH v. Russell*, 843 S.W.2d at 357. As to Defendant Meritas, the Missouri Court of Appeals has found that "Meritas was incorporated, and is wholly owned, by the Board of Trustees [of NKCH], and its Board of Directors is dominated and controlled by the Board of Trustees" of NKCH. *NKCH v. St. Luke's*, 984 S.W.2d at 118. Plaintiff similarly alleges that NKCH and Meritas together "operate under NKC Health as a unified health system" and that Meritas is "a subsidiary of North Kansas City Hospital." Compl. ¶¶ 764–65. Under such authority, Defendants are plainly entitled to sovereign immunity under Missouri law.

No venture outside the pleadings is necessary on such "well settled" matters as the application of sovereign immunity principles here. Multiple Missouri cases have held that the "operation" of a hospital by a city is a governmental function giving rise to sovereign immunity:

---

[2] *E.g.*, *NKCH v. Russell*, 843 S.W.2d at 357 (holding the Board "is a part of the City of North Kansas City, and, for purposes of sovereign immunity, the Board enjoys such immunity as the City would enjoy"); *State ex rel. New Liberty Hosp. Dist.*, 687 S.W.2d at 187 (referring to "absolute and impenetrable defense in the doctrine of sovereign immunity" for hospital district); **Ex. 1** (*King* Order) at 2 (concluding NKCH "is an entity capable of claiming sovereign immunity").

"That a hospital is governmental has been so well settled that in recent cases no detailed explanation has been necessary and the bare citation of authority has been sufficient support for the proposition." *NKCH v. Russell*, 843 S.W.2d at 358; *see also NKCH v. St. Luke's*, 984 S.W.2d at 117 (stating that a "city's operation of a municipal hospital is a governmental function just like any other action of the city and there is no reason to distinguish a city hospital as a separate entity from the city"). These have been "well settled" principles for ***decades*** — *NKCH v. Russell* and *NKCH v. St. Luke's* were decided in 1992 and 1998, respectively. These principles as applied to NKCH itself have also been recently re-affirmed. *See* **Ex. 1** (*King* Order, dated Aug. 18, 2025).[3]

Despite decades of precedent applying to parties like NKCH and Meritas (and even literally involving NKCH), and despite the Supreme Court of Missouri recently emphasizing that "[s]overeign immunity is the default rule in all suits against the state," *Ramirez*, 694 S.W.3d at 437, Plaintiff made no effort to allege any facts showing that sovereign immunity has been waived or that an exception to sovereign immunity applies here.[4] Plaintiff's Complaint therefore fails to

[3] Plaintiff might suggest that *Doe v. Meritas Health Corp.*, 732 S.W.3d 207 (Mo. App. 2026), changes the landscape, as it reversed a trial court's dismissal as to NKCH. But the facts in *Doe* were unique and nothing like this case. Moreover, *Doe* confirmed the threshold rule that "'for purposes of sovereign immunity, the Board enjoys such immunity as the City would enjoy." 732 S.W.3d at 215 (quoting *NKCH v. Russell*, 843 S.W.2d at 357). The "copiously detailed allegations" in *Doe* asserted claims based on NKCH's alleged installation of "tracking devices on its website which had been developed by third parties, including Facebook, Google, and Microsoft," and the Court of Appeals concluded that such "surreptitious installation of third-party tracking technology" on NKCH's website was "unrelated to the provision of health-care services" and "furthered proprietary, rather than governmental, purposes." *Id.* at 219–21. No such allegations exist here, nor can they be made here: for example, federal law conditions full reimbursement from Medicare upon adoption of certified "EHR" or "electronic health records" software like that provided by Cerner. *E.g.* 42 U.S.C. §1395ww(b)(3)(B)(ix). Using EHR software like Cerner's is indisputably related to — indeed, effectively required for — providing healthcare services.

[4] Plaintiff likely made no effort because no such specific facts can possibly be pleaded, particularly given repeated holdings by Missouri courts that "[s]tatutory provisions waiving sovereign immunity are strictly construed." *Allen v. 32nd Jud. Cir.*, 638 S.W.3d 880, 891 (Mo. banc 2022); *Hendricks v. Curators of Univ. of Mo.*, 308 S.W.3d 740, 746 (Mo. App. 2010) (similar).

carry her burden and does not establish subject matter jurisdiction, requiring dismissal. *See Buckler*, 919 F.3d at 1044; *St. John's Clinic*, 422 S.W.3d at 471; *Weixeldorfer*, 718 S.W.3d at 72. That dismissal should be with prejudice as well, as there is no excuse for Plaintiff failing to include such required allegations, particularly having received express notice that NKCH and Meritas would raise sovereign immunity to bar her claims. *See* Doc. 418 at 1 & n.1.[5]

**B. Alternatively, Plaintiff's Complaint should be dismissed under a factual attack**

Defendants' entitlement to sovereign immunity is plain and, with respect to NKCH, endorsed by multiple cases spanning decades. *E.g.*, *NKCH v. Russell*, 843 S.W.2d 353 (Mo. banc 1992); **Ex. 1** (*King* Order) at 2 (concluding NKCH "is an entity capable of claiming sovereign immunity"). If any "factual" matters beyond the pleadings are needed on these issues, they are limited to showing that Meritas is equally entitled to sovereign immunity as a "public entity" under R.S. Mo. § 537.600. *See Dykes v. Missouri Higher Educ. Loan Auth.*, No. 4:21-CV-00083-RWS, 2021 WL 3206691 (E.D. Mo. July 29, 2021) (granting motion for judgment on the pleadings after finding that "Missouri Higher Education Loan Authority (MOHELA)" was entitled to sovereign immunity as a "public entity").

Missouri courts consider "three features" to determine if the entity at issue qualifies as a "public entity" entitled to sovereign immunity: "(1) the governmental or public entity must be formed by government itself or by the voters acting as a group; (2) the entity must be controlled by and directly answerable to one or more public officials, public entities, or the public itself; and (3) the entity must perform a service traditionally performed by the government." *Dykes*, 2021 WL 3206691 at *5 (citing *Stacy v. Truman Med. Ctr.*, 836 S.W.2d 911 (Mo. Banc 1992)). Each is clearly

[5] NKCH and Meritas also raised the issue of sovereign immunity during the status hearing on August 14, 2026.

met here and supported by the attached Declarations. *See* **Ex. 2** (Kozinn Decl.); **Ex. 3** (Jones Decl.).

As to the first feature, "Meritas was incorporated, and is wholly owned, by the Board of Trustees" of NKCH. *NKCH v. St Luke's*, 984 S.W.2d at 118; *see also NKCH v. Russell*, 843 S.W.2d at 357 (holding that NKCH / the Board is "a part of the City, and, for purposes of sovereign immunity, the Board enjoys such immunity as the City would enjoy"). If needed, the attached evidence confirms these facts. *See* **Ex. 2** (Kozinn Decl.) ¶¶ 12–21 (detailing formation of Meritas by NKCH).

The second feature — that the entity is controlled by and directly answerable to public officials, entities, or the public — is also satisfied here. As the Missouri Court of Appeals observed in *NCKH v. St. Luke's*, the Meritas "Board of Directors is dominated and controlled by the Board of Trustees" of NKCH, and "employees of the hospital are city employees." 984 S.W.2d at 117–18. Again, the attached evidence confirms these facts. *See* **Ex. 2** (Kozinn Decl.) ¶¶ 22–33 (detailing composition of Meritas Board of Directors and describing NKCH's control over Meritas); **Ex. 3** (Jones Decl.) ¶¶ 1–11 (detailing control exercised by NKCH over Meritas).

Finally, the third feature — that the entity must perform a service traditionally performed by the government — is conclusively met here as well. As the Missouri Supreme Court observed in *NKCH v. Russell*, "[t]he generic fact that cities begin hospitals to provide health care to the people and the historic fact that Chapter 96 is an effort to allow cities to provide health care amply support the conclusion that the operation of a city hospital is a governmental function." 843 S.W.2d at 359. Numerous Missouri cases, stretching back far beyond a ***century***, have made similar findings. *See, e.g.*, *Bullmaster v. St. Joseph*, 70 Mo. App. 60, 67-68 (1897) (public governmental functions are delegated to municipalities by the state and conferred upon it exclusively for the public good, such as to maintain a hospital, or preserve the public health); *Schroeder v. City of St.*

*Louis*, 228 S.W.2d 677, 678 (Mo. 1950) ("The preservation and safeguarding of public health is within the police power of a city government."); *State ex. rel. New Liberty Hosp.*, 687 S.W.2d at 186 (the hospital district's "sole function" was to maintain a hospital, "which promotes the health and welfare of the people").

In short, even if the Court were to conclude that a "factual" challenge is necessary to resolve this Motion, Missouri case law and the evidence presented here easily establishes that Defendants are entitled to sovereign immunity under Missouri law as "public entities."

## V. Conclusion

For the reasons stated above, this Court should conclude that, under Rule 12(b)(1) and a "facial attack" on Plaintiff's allegations, both NKCH and Meritas are entitled to sovereign immunity such that they should be dismissed with prejudice. Alternatively, if deemed necessary, sovereign immunity for Meritas and NKCH is also clearly established under a "factual attack" as shown by the evidence submitted with this Motion.

Dated: September 28, 2026

Respectfully submitted,

BOULWARE LAW LLC

/s/ *Jeremy M. Suhr*
Brandon J.B. Boulware MO #54150
Jeremy M. Suhr MO #60075
1600 Genessee, Suite 760
Kansas City, Missouri 64102
Tele: (816) 492-2826
brandon@boulware-law.com
jeremy@boulware-law.com

*Attorneys for Defendants Board of Trustees of North Kansas City Hospital and Meritas Health Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 28th day of September 2026, a copy of the foregoing document was filed with the court's electronic filing system, which sent notification of such filing to all counsel of record.

/s/ Jeremy M. Suhr
*Attorney for Defendants Board of Trustees of North Kansas City Hospital and Meritas Health Corporation*