# IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
# SEVENTH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| TAMMIE KING and MICHELLE KUNDE,<br>*on behalf of themselves and all other Missouri citizens similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL,<br><br>and<br><br>MERITAS HEALTH CORPORATION,<br><br>Defendants. | ) | Case No. 24CY-CV06863<br>Division I |

## JUDGMENT

**COMES NOW**, on this 15th day of April, 2025, Plaintiffs Tammie King and Michelle Kunde, on behalf of themselves and all other Missouri citizens similarly situated, by counsel Stefon J. David, and Defendant Board of Trustees of North Kansas City Hospital, by counsel Jeremy M. Suhr, for hearing on Defendant's *Motion to Dismiss Based on Sovereign Immunity.* The Court hears argument by counsel for each side on each motion, after which the Court takes all matters under advisement.

**NOW**, on this 18th day of August, 2025, the Court, after long and careful consideration of Plaintiffs' *Amended Class Action Petition*, Defendant's *Motion to* Dismiss, Plaintiffs' *Response in Opposition*, and Defendant's *Reply Suggestions in Support*, as well as argument by counsel for each side presented at the hearing on the matter, and following a thorough review of the law on the issues presented as the Court is aware of it, the Court, for reasons set forth more fully below, hereby Grants Defendant's *Motion to Dismiss Based on Sovereign Immunity* with prejudice. In

making this decision, the Court did not rely upon or consider any exhibits attached to the various pleadings, nor was it necessary for the Court to do so.

Originally filed in Jackson County Circuit Court, Plaintiffs' Amended Class Action Petition makes eight claims for relief against Defendants as follows: Ct I – Negligence; Ct II – Breach of Contract; Ct III – Breach of Implied Contract; Ct IV – Unjust Enrichment; Ct V – Breach of Confidence; Ct VI – Breach of Fiduciary Duty; Ct VII – Breach of the Missouri Merchandise Practices Act; and Ct VIII – Injunctive Relief/Declaratory Judgment. Essentially, the case involves allegations by Plaintiffs that a data breach at a medical transcription services company (Perry Johnson & Associates, hereinafter "PJ &A"), employed by Defendant, potentially resulted in the unauthorized access to, and dissemination of, their personal health information, including personal identifying information (hereinafter, "PHI" and "PII," respectively). On April 2, 2024, Defendants filed a motion seeking change of venue to the Circuit Court of Clay County, Missouri. On June 21, 2024, this motion was granted in part, over Plaintiffs' objection, transferring all eight of Plaintiff Tammie King's claims, as well as Plaintiff Michelle Kunde's claims as set forth in Counts II, III, IV, and VIII, to Clay County Circuit Court.

Based upon its assertion of sovereign immunity, Defendant Board of Trustees of North Kansas City Hospital brings this motion to dismiss pursuant to Missouri Supreme Court Rules 55.27(a)(1) and (a)(6) – lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, respectively. To begin with, the Court finds and believes that Defendant's motion is timely and procedurally proper in that it appears to the Court that the motion has been filed in full compliance with Missouri Supreme Court Rule 55.27. Further, the Court finds and believes that Defendant is an entity capable of claiming sovereign immunity. North Kansas City Hospital (hereinafter, "NKCH") is a hospital as defined under Chapter 96, RSMo. *State ex rel. Board of Trustees of City of North Kansas City Memorial Hospital. v. Russell*, 843 S.W.2d 353, 354 (Mo. 1992). Defendant's individual members are appointed by the mayor and confirmed by the city council of North Kansas City, Missouri, for the sole purpose of managing and operating NKCH for the City. *Id.*, at 356. Defendant, therefore, is a part of the City and, as such, is entitled to sovereign immunity to the same extent as the City itself. *Id.*, at 357.

The Missouri Supreme Court has defined sovereign immunity as being "a common law judicial doctrine barring suit against a government or public entity." *Allen v. 32nd Judicial Circuit*, 638 S.W.3d 880, 886 (Mo. banc 2022). With respect to lawsuits against governmental entities, "[s]overeign immunity is the rule, not the exception." *Metro. St. Louis Sewer Distr. V. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 914 (Mo. banc 2016). *See also, State ex rel. City of Lee's Summit v. Garrett*, 568 S.W.3d 515, 519 (Mo. Ct. App. 2019), "Where it applies, sovereign immunity is an absolute defense." However, not all activities in which such an entity may be engaged are protected from lawsuit by sovereign immunity. The doctrine's application hinges upon whether the particular activity in question is deemed to be "governmental" or "proprietary" in nature.

> "Under the common law municipalities are immune from tort liability 'when engaged in governmental functions, but not proprietary functions.' Governmental functions are 'performed for the common good of all.' Proprietary functions entail acts that are performed for the special benefit or profit of the municipality."

*Garrett*, 568 S.W.3d, at 519 (internal citations omitted). Moreover, this determination is made by examining "the general nature of the activity being performed." *Id.*, at 521. Here, with that methodology in mind, it is the opinion of the Court that, in the collection and retention of its patients' PHI and PII, Defendant is performing a governmental, not proprietary, function. The Court finds and believes this to be so in that it is the opinion of the Court that Defendant does not engage in this activity for its own "special benefit or profit," but rather for the "common good" of the hospital's patients. *See, e.g., Gregg v. City of Kansas City*, 272 S.W.3d 353, 361 (Mo. Ct. App. 2008), "Keeping the peace, enforcing laws and ordinances, and *preserving the public health* are just some of the duties within the province of a municipality as a governmental agency and upon which the municipality acts without liability." (emphasis added) Hence, the Court finds and believes that the doctrine of sovereign immunity applies to Defendant's collection and retention of its patients' PHI and PII.

Sovereign immunity, however, may still be waived by a governmental entity, either by statute or "by necessary inference from legislative enactment." *City of Bellefontaine Neighbors*, 476 S.W.3d, at 921. For example, under Section 537.600, RSMo., sovereign immunity is waived "for injuries resulting from public employees' negligent operation of a motor vehicle in the course of employment and for injuries caused by dangerous conditions of the public entity's

property." *Id.* Here, Plaintiffs assert waiver by way of another statute, namely Section 537.610.1, RSMo., with respect to the purchase of insurance coverage by Defendant. Specifically, Plaintiffs, in paragraph 7 of their *Amended Class Action Petition*, allege the following: "On information and belief, Defendants maintain insurance policies that would cover claims made against them arising from data security and privacy incidents that resulted in the disclosure of their patients' PHI." This is Plaintiffs' sole allegation concerning insurance coverage; nevertheless, Plaintiffs maintain that it is enough to invoke the protection of the statute, thereby nullifying Defendant's claim of sovereign immunity, at least at this point in the case.

Defendant, on the other hand, argues otherwise, and, after long and careful consideration, the Court concurs. "[W]hen suing a municipality, the burden is on the plaintiff to plead sufficient, *specific facts* that give rise to an exception to the rule of sovereign immunity." *State ex rel. City of Kansas City v. Harrell*, 575 S.W.3d 489, 492 (Mo. Ct. App. 2019). (emphasis added) *See also Phelps v. City of Kansas City*, 371 S.W.3d 909, 913 (Mo. Ct. App. 2012), "Accordingly, to state a cause of action sufficient to survive a motion to dismiss on the pleadings, the petition, when viewed in its most favorable light, must plead *facts*, which if taken as true, establish an exception to the rule of sovereign immunity." (emphasis added) Here, at best, Plaintiffs have alleged a single, general "fact" in relation to their assertion of the insurance exception to the rule of sovereign immunity. In the Court's opinion, this is simply not enough to properly avail themselves of the protection of that exception. It appears to the Court that, with some slight modification with regard to the specific claim or claims for relief being pursued, any plaintiff in any case against any governmental entity could employ the same language used by Plaintiffs in paragraph 7 of their *Amended Class Action Petition.* If this language were sufficient – if these "magic words" standing alone were enough to avoid dismissal – then it seems to the Court that no governmental entity anywhere in this state would be able to successfully assert sovereign immunity at the pleading stage of a lawsuit, thereby forcing them to engage in costly litigation and discovery, the avoidance of which is the point and purpose of sovereign immunity in the first place. In this Court's opinion, more should be required of a plaintiff seeking the protection of Section 537.610.1, RSMo. Therefore, the Court hereby finds and believes that the insurance exception to the rule of sovereign immunity does not apply in this case. There being no applicable exception to the rule of sovereign immunity, the Court hereby finds and believes that

Defendant's *Motion to Dismiss* must be granted, with prejudice, as to all counts of Plaintiffs' *Amended Class Action Petition.*

Plaintiffs, however, argue that even if sovereign immunity is applicable to this case in general, it fails with respect to their breach of contract claim (Count II of the *Amended Class Action Petition*). In support of this contention, Plaintiff's draw the Court's attention to several cases which, at first glance, appear to bolster their position. *See, e.g., Kubley v. Brooks*, 141 S.W.3d 21, 30 (Mo. 2004), *quoting V.S. DiCarlo Construction Co., Inc. v. State*, 485 S.W.2d, 52, 54 (Mo. 1972), "when the State enters into a validly authorized contract, it lays aside whatever privilege of sovereign immunity it otherwise possesses and binds itself to performance just as any private citizen would do by contracting."; and *Hootselle v. Missouri Department of Corrections*, 624 S.W.3d 123, 132 (Mo. 2021), "The state waives sovereign immunity when it enters into an express contract." While the Court certainly acknowledges the above cases and others with similar holdings as cited by Plaintiffs, the Court, after long and careful consideration, respectfully disagrees with Plaintiffs that the decisions in those cases control the outcome of the situation at hand.

The Court's position is based upon the Missouri Supreme Court's most recent decision on the issue as set forth in *Ramirez v. Missouri Prosecuting Attorneys' & Circuit Attorneys' Retirement System*, et. al., 694 S.W.3d 432 (Mo. 2024). In *Ramirez*, the plaintiff brought a single claim of unjust enrichment against both the Director of the Department of Revenue and the State Treasurer, in their official capacities, with respect to their collection of various fees associated with court costs. *Id.*, at 434-35. In doing so, relying in part on *Kubley* as quoted above, the plaintiff argued that sovereign immunity acted to bar only tort claims, that it did not apply to non-tort claims such as his. *Id.*, at 436. The Missouri Supreme Court determined otherwise, stating, "*Kubley* did not hold or suggest sovereign immunity is inapplicable to non-tort theories of recovery." *Id.*, at 437. The *Ramirez* Court went on to point out that in *Kubley* the Court found that sovereign immunity did, in fact, apply to the plaintiff's contract claim, before ultimately determining that the State had expressly waived it by statute. *Id.* Lest there be any further doubt, the Court then unequivocally declared,

> "Sovereign immunity is the default rule in all suits against the state. Sovereign immunity applies to non-tort claims . . . . and the only inquiry is whether the state waived its

> sovereign immunity through express statutory consent or a recognized common law exception."

*Id.* Therefore, the Court finds and believes that, despite Plaintiffs' assertions to the contrary, sovereign immunity can apply to non-tort claims, including breach of contract.

The only remaining question is whether sovereign immunity bars the breach of contract claim brought by Plaintiffs in this case. The Court finds and believes that it does. First, Plaintiffs cite no authority, statutory or otherwise, by which Defendant *expressly consented* to the waiver of sovereign immunity. Additionally, Plaintiffs do not argue that breach of contract is somehow a common law exception to sovereign immunity, nor does the Court find it to be. Finally, the Court questions whether the document relied upon by Plaintiffs as being a contract (the "Notice of Privacy Practices") is, in fact, a *contract* at all. Plaintiffs did not attach the document to their *Amended Class Action Petition* and so the Court cannot review it directly; however, in the Court's opinion, such a document would not seem to be a contract. In any event, the elements for a breach of contract claim are:

1. the existence and terms of a contract;
2. that plaintiff performed or tendered performance pursuant to the contract;
3. breach of the contract by the defendant; and
4. damages suffered by the plaintiff.

*Johnson v. Usera*, 695 S.W.3d 272, 284 (Mo. Ct. App. 2024). Here, at a minimum, Plaintiffs fail to meet the first element of the cause of action in that they fail to allege the *terms* of the contract (assuming the Notice of Privacy Practices is a contract, which the Court sincerely doubts). Therefore, even if the Notice of Privacy Practices is a contract, and even if Defendant expressly consented to the waiver of its sovereign immunity with respect to it (neither of which the Court finds to be true), Plaintiffs' claim under Count II would still fail in that they have not alleged all of the elements required to sustain a claim for breach of contract. Accordingly, for all of the reasons as discussed above, the Court hereby Grants Defendant's *Motion to Dismiss* with respect to Count II of Plaintiffs' *Amended Class Action Petition*.

Additionally, if it should be determined that Defendant's assertion of sovereign immunity fails, the Court finds and believes that Defendant's *Motion to Dismiss* should nevertheless be granted as to Count VII of Plaintiffs' *Amended Class Action Petition* – breach of the Missouri

Merchandise Practices Act (MMPA). A cause of action for violation of the MMPA is governed by Section 407.020, RSMo., which provides, in pertinent part, as follows:

> "The act, use or employment by any *person* of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . in or from the state of Missouri, is declared to be an unlawful practice.

Section 407.020.1, RSMo. (emphasis added). In bringing the claim against Defendant, Plaintiffs assert that Defendant is a person, as defined by statute, and, therefore, subject to its provisions. The word "person" is defined under Section 407.010 as being

> "any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, company, foundation, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, *trustee* or cestui que trust thereof;"

Section 407.010(5), RSMo. (emphasis added). Here, Plaintiffs argue that, since Defendant is the Board of *Trustees* of North Kansas City Hospital (emphasis added), it must be a trustee and, therefore, a person as defined by the above statute. The Court, respectfully, disagrees. In the opinion of the Court, the word "trustee" in the above definition refers back to the word "trust"; in other words, both a trust and the individual or entity that administers it are considered to be a "person" for purposes of the MMPA. Defendant is neither; rather, it is a *board*. Hence, the Court finds and believes that Defendant is not a "person" as defined under Section 407.010(5), RSMo., and, thus, the provisions of the MMPA simply do not apply to it. Therefore, even if Defendant is unable to successfully assert sovereign immunity in this case, the Court hereby Grants Defendant's *Motion to Dismiss* with regard to Count VII of Plaintiffs' *Amended Class Action Petition.*

Finally, Defendant's *Motion to Dismiss* having been Granted, with prejudice, for reasons as set forth above, the Court hereby also expressly finds and believes, pursuant to Missouri Supreme Court Rule 74.01(b), that there is no just reason for the delay of an appeal. The Court further finds and believes that such an appeal would aid in the efficient administration of justice.

**WHEREFORE**, the Court hereby Grants Defendant Board of Trustees of North Kansas City Hospital's *Motion to Dismiss Based on Sovereign Immunity,* dismissing Plaintiffs' *Amended Class Action Petition* with prejudice.

**IT IS FURTHER ORDERED**, pursuant to Missouri Supreme Court Rule 77.01, that costs be assessed against Plaintiffs Tammie King and Michelle Kunde.

**SO ORDERED**

August 16, 2025
**Date**

**Hon. Shane T. Alexander**