**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| IN RE: CERNER/ORACLE DATA BREACH LITIGATION | Case No. 25-cv-00259-W-BP |

**DEFENDANT HAMILTON MEDICAL CENTER, INC.'s SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SHORT FORM COMPLAINT**

# TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. COMPLAINT ALLEGATIONS AND PROCEDURAL HISTORY ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT AND CITATION TO AUTHORITIES ........ 3

- A. Georgia Law Governs Plaintiff's Claims. ........ 3
- B. Plaintiffs' Negligence Claim Fails as a Matter of Law. ........ 4
  - 1. Georgia Does Not Recognize a Common Law Negligence Duty to Safeguard Information Held by a Third-Party. ........ 4
  - 2. None of the Additional Sources Plaintiff Identifies Give Rise to A Negligence Duty. ........ 7
- C. Plaintiff Does Not State a Claim for Negligence Per Se (Count II). ........ 9
  - 1. Neither Section 5 Nor HIPAA Provide a Private Right of Action. ........ 9
  - 2. Neither Section 5 Nor HIPAA Imposes a Clear and Concrete Duty or Standard of Conduct. ........ 9
- D. Plaintiff's Claim for Breach of Implied Contract Fails (Count IV). ........ 11
- E. Plaintiff's Claim for Breach of Fiduciary Duty Fails (Count VII). ........ 14

V. CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*A.F. King & Son v. Simmons*,
107 Ga. App. 628 (1963) ....................9

*AgSouth Farm Credit, ACA v. West*,
352 Ga. App. 751 (2019) ....................8, 14

*Am. Fin. Sers. Ass'n v. FTC*,
767 F.2d 957 (D.C. Cir. 1985) ....................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................1, 3

*Atl. Refin. Co. v. FTC*,
381 U.S. 357 (1965) ....................10

*Atlanta Metro Leasing, Inc. v. City of Atlanta*,
353 Ga. App. 785 (2020) ....................13

*Barrow v. Raffensperger*,
308 Ga. 660 (2020) ....................9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................3

*Beltran v. Doctors Med. Ctr. of Modesto*,
2025 WL 1635467 (E.D. Cal. 2025) ....................14

*Blackman v. Ne. Spine & Sports Med., LLC*,
2025 WL 77029 (D.N.J. Jan. 13, 2025) ....................13

*Bland v. Urology of Greater Atlanta*,
377 Ga. App. 177 (2025) ....................6

*Bracy v. Americold Logistics, LLC*,
2025 WL 552676 (N.D. Ga. 2025) ....................11

*Bradley Center v. Wessner*,
250 Ga. 199 (1982) ....................4, 5

*Brush v. Miami Beach Healthcare Grp. Ltd.*,
238 F. Supp. 3d 1359 (S.D. Fla. 2017) ....................12, 13

*Bush v. Liberty Mut. Ins. Co.*,
361 Ga. App. 475 (2021) ....................15

*Collins v. Athens Orthopedic Clinic, P.A.*,
307 Ga. 555 (2019) ....................5

*Cox v. Athens Regional Medical Center, Inc.*,
279 Ga. App. 586 (2006) ....................14

*Dep't of Labor v. McConnell*,
305 Ga. 812 (2019) .................... passim

*Dickerson v. Colonial Pipeline Co.*,
2022 WL 18717801 (N.D. Ga. 2022) ....................8

*Donaldson v. Olympic Health Spa, Inc.*,
175 Ga. App. 258 (1985) ....................11

*Dowis v. Mud Slingers, Inc.*,
279 Ga. 808 (2005) ....................3

*Farm Credit of Nw. Fla., ACA v. Easom Peanut Co.*,
312 Ga. App. 374 (2011) ....................3

*FTC v. Colgate-Palmolive Co.*,
380 U.S. 374 (1965)....................10

*Gill v. B & R Int'l, Inc.*,
234 Ga. App. 528 (1998) ....................13

*Govea v. City of Norcross*,
271 Ga. App. 36 (2004) ....................9

*Graham v. HHC St. Simons, Inc.*,
322 Ga. App. 693 (2013) ....................13

*Holmes v. Ocwen Fin. Corp.*,
747 F. App'x 836 (11th Cir. 2019) ....................7

*In re Banner Health Data Breach Litig.*,
2018 WL 11352137 (D. Ariz. 2018)....................14

*In re Equifax, Inc. Customer Data Sec. Breach Litig.*,
362 F. Supp. 3d 1295 (N.D. Ga. 2019) ....................8

*J.R. v. Walgreens Boots Alliance, Inc.*,
470 F. Supp. 3d 534 (D.S.C. 2020)....................12

*Miller v. Chase Home Finance, LLC*
2011 WL 10944693 (N.D. Ga. 2011) ....................8

*Morrell v. Wellstar Health Sys., Inc.*,
280 Ga. App. 1 (2006) .......... 14-15

*Nat'l Emergency Med. Servs., Inc. v. Smith*,
368 Ga. App. 18 (2023) .......... 6

*Nayani v. Bhatia*,
371 Ga. App. 44 (2024) .......... 7

*Orkin Exterminating Co. v. FTC*,
849 F.2d 1354 (11th Cir. 1988) .......... 10

*Peterson v. Cerner Corp. et al.*,
Case No. 4:25-cv-320-WMR (N.D. Ga. 2025) .......... 2

*Platt v. So. Photo Materials Co.*,
4 Ga. App. 159 (1908) .......... 9-10

*Reg'l Fin. Co. of Ga., LLC v. Pearson*,
373 Ga. App. 388 (2024) .......... 6

*Reilly v. Alcan Alum. Corp.*,
272 Ga. 279 (2000) .......... 9

*Sheaffer v. Marriott Int'l, Inc.*,
349 Ga. App. 338 (2019) .......... 4

*Sheldon v. Kettering Health Network*,
40 N.E.3d 661 (Ohio Ct. App. 2015) .......... 10

*Shortnacy v. N. Atlanta Internal Med., P.C.*,
252 Ga. App. 321 (2001) .......... 6

*Smith v. Findlay Auto., Inc.*,
2025 WL 973859 (D. Nev. 2025) .......... 14

*Steen v. Murray*,
770 F.3d 698 (8th Cir. 2014) .......... 3

*TranSouth Fin. Corp. v. Rooks*,
269 Ga. App. 321 (2004) .......... 12

*Tucker v. Marietta Area Health Care, Inc.*,
2023 WL 423504 (S.D. Ohio 2023) .......... 12

*UWork.com v. Paragon Techs., Inc.*,
321 Ga. App. 584 (2013) .......... 13

*Van Dusen v. Barrack*,
376 U.S. 612 (1964) ........................................ 3

*Wells Fargo Bank, N.A. v. Jenkins*,
293 Ga. 162 (2013) ........................................ 9

*Wilson v. Guy*,
356 Ga. App. 509 (2020) ........................................ 7

*Zing Health Holdings, Inc. v. Change Healthcare Prac. Mgmt. Sols., Inc. et al.*,
Case No. 26CV001838 (Ga. Sup. Ct. 2026) ........................................ 6, 8

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Hamilton Medical Center, Inc. ("Hamilton") moves to dismiss Plaintiff's Short Form Complaint Hamilton Medical Center Inc., ECF No. 466 (the "Short Form Complaint" or "SFC")[1] for failure to state a claim.

## I. INTRODUCTION

With her Short Form Complaint, Plaintiff Dora Peterson ("Plaintiff") seeks to hold Hamilton liable for the criminal cyberattack on Defendant Cerner Corporation ("Cerner" and the "Cerner Incident"). Though Hamilton's systems were not impacted, Plaintiff asserts four claims against Hamilton that arise out of the Cerner Incident.[2] But under Georgia law, Plaintiff fails to state even one legally cognizable claim to relief. Among other reasons:

- Plaintiff's negligence claim fails because the duty she seeks to impose does not exist. The Georgia Supreme Court has held there is no common law duty to safeguard data, and no Georgia appellate court has ever recognized such a duty—much less one extending to information held by a third-party vendor.
- Plaintiff asserts a negligence per se claim based on alleged violations of Section 5 of the FTC and HIPAA. But this claim fails out of the gate because no Georgia court has ever recognized a negligence per se claim based on a violation of either statute.
- Plaintiff's implied contract claim fails because she does not plausibly allege the existence of any agreement with Hamilton regarding data security. The Complaint contains no facts supporting a meeting of the minds on any essential contractual terms.

[1] The SFC incorporates by reference certain allegations from the Consolidated Class Action Complaint, ECF No. 93 (the "Complaint" or "Compl."). For the avoidance of doubt and as set forth herein, Hamilton is also moving to dismiss those allegations in the Complaint that are incorporated into the SFC.

[2] Hamilton summarizes the Short Form Complaint's factual allegations because they must be taken as true for the purpose of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Hamilton will challenge the Complaint's allegations should this case proceed.

- Plaintiff's fiduciary duty claim fails because Georgia law does not impose fiduciary obligations merely because a person provides information in exchange for services.

For all of these reasons and as discussed further below, Plaintiff's Short Form Complaint should be dismissed. And because any attempt to replead claims against Hamilton would be futile, the Court should dismiss the allegations with prejudice.

## II. COMPLAINT ALLEGATIONS AND PROCEDURAL HISTORY

Hamilton is a nonprofit healthcare provider serving the community in northwest Georgia. *See* SFC ¶ 763, 774. Plaintiff alleges that she is a Hamilton patient who provided her information to Hamilton for healthcare services, which was then provided to Cerner for electronic health record purposes. *Id.* ¶¶ 761, 779-80. According to Plaintiff, her information was compromised in the criminal cyberattack against Cerner on January 22, 2025. *Id.* ¶¶ 773, 783. She alleges a wide array of resulting harms, most of which concern an alleged risk of future harm. *See, e.g., id.* ¶¶ 793, 794, 796. Plaintiff does not allege that Hamilton's systems were impacted in the Cerner Incident, but she nonetheless seeks to hold Hamilton liable for her purported harms.

In November 2025, Plaintiff filed suit against both Cerner and Hamilton in Georgia federal court. *See Peterson v. Cerner Corp. et al.*, Case No. 4:25-cv-320-WMR (N.D. Ga. 2025) (the "Georgia Litigation"). Shortly thereafter, the Parties jointly moved to transfer the Georgia Litigation to this Court, explaining that the claims alleged in the Georgia Litigation—like those consolidated in this Court—arose out of the Cerner Incident. *See id.* at ECF No. 14. On January 15, 2026, this Court consolidated the Georgia Litigation into this Action. *See* ECF No. 155.

On August 28, 2026, Plaintiff filed her Short Form Complaint against Hamilton. *See* ECF No. 466. Plaintiff asserts four putative class action claims against Hamilton: Count I (Negligence); Count II (Negligence Per Se); Count IV (Breach of Implied Contract); and Count VII (Breach of

Fiduciary Duty).[3] *See* SFC ¶¶ 760; Compl. ¶¶ 472-577. As set forth below, the Court should dismiss the Complaint in its entirety because all of Plaintiff's claims fail as a matter of law.

## III. LEGAL STANDARD

Hamilton moves to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). To survive a motion to dismiss, a plaintiff must allege facts that demonstrate a "plausible" basis for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcraft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court should take a complaint's factual allegations as true, it need not accept legal conclusions. *Id*.

## IV. ARGUMENT AND CITATION TO AUTHORITIES

### A. Georgia Law Governs Plaintiff's Claims.

Georgia law governs Plaintiff's claims against Hamilton. For cases transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties, the transferee district court must "apply the state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). As a result, Georgia's choice of law rules apply. *Steen v. Murray*, 770 F.3d 698, 701 (8th Cir. 2014) ("When a case is transferred under § 1404(a), the transferee district court applies the choice-of-law rules of the transferor court's State."). Under Georgia's choice-of-law rules, the law of the place of injury applies to tort claims. *See Dowis v. Mud Slingers, Inc.*, 279 Ga. 808, 816 (2005). For contract claims, absent exceptions not applicable here, the law of the place where the contract was made applies. *See Farm Credit of Nw. Fla., ACA*

[3] Plaintiff asserts Counts III and XIX against Cerner only. Plaintiff also identifies claims addressed in the Court's prior Order that Plaintiffs are preserving for appellate rights but for which Plaintiff does not seek to recover against Hamilton: Counts V, VIII, and IX.

*v. Easom Peanut Co.*, 312 Ga. App. 374, 381 (2011). Plaintiff alleges that she is a Georgia resident, and she does not allege any facts that would support applying any law other than Georgia law. Accepting Plaintiff's allegations as true, the only inference is that any alleged harm and any alleged contract formation occurred in Georgia. Therefore, Georgia law governs Plaintiff's claims.

**B. Plaintiffs' Negligence Claim Fails as a Matter of Law.**

*1. Georgia Does Not Recognize a Common Law Negligence Duty to Safeguard Information Held by a Third-Party.*

To state a claim for negligence under Georgia law, Plaintiff must first establish a cognizable legal duty. *See Sheaffer v. Marriott Int'l, Inc.*, 349 Ga. App. 338, 340 (2019). The existence of a legal duty is a question of law for the Court to decide, and where there is no duty, there is no negligence. *See id.* (concluding existence of duty is a question of law and "in the absence of a legally cognizable duty, there can be no fault or negligence") (citation omitted).

Here, Plaintiff asserts that Hamilton breached a common law duty to safeguard information held by a third party (Cerner) from a foreseeable criminal attack. Compl. ¶¶ 480, 490-91. But Hamilton cannot be liable for breaching a duty that does not exist. Under Georgia law, a negligence duty must be based on either a Georgia statute or recognized by Georgia common law. *Sheaffer*, 349 Ga. App. at 340 (citation omitted). Plaintiff does not rely on any Georgia statute as giving rise to the duty she seeks to impose here (there is none), and the Georgia Supreme Court has expressly rejected the existence of a common law negligence duty to safeguard information against allegedly foreseeable harm. *See Dep't of Labor v. McConnell*, 305 Ga. 812, 813-17 (2019).

In *McConnell*, the Georgia Supreme Court considered whether to affirm the dismissal of the plaintiff's claims based on the defendant's disclosure of the plaintiff's personal information. *Id*. at 816. The plaintiff argued that the Georgia Supreme Court's decision in *Bradley Center v. Wessner*, 250 Ga. 199, 201 (1982), "created a general legal duty 'to all the world not to subject

others to an unreasonable risk of harm.'" *McConnell*, 305 Ga. at 816.[4] The *McConnell* court flatly rejected that argument, explaining *Bradley Center* as "not a correct statement of the law," and ***there is no common law "duty to protect [] information against negligent disclosure***."[5] *Id.* (emphasis added). The Georgia Supreme Court thus affirmed the dismissal of the plaintiff's claims. In doing so, the court expressly rejected the plaintiff's reliance on *Bradley Center* as establishing a duty to safeguard information from allegedly foreseeable risks. To be clear, the data compromise at issue in *McConnell* did not arise from a third-party criminal attack; it arose from the defendant's own inadvertent disclosure of the plaintiff's information. Even so, the Georgia Supreme Court was not willing to find a duty to safeguard information. Yet Plaintiff asks this Court to go well beyond that limit. Plaintiff asks this Court to impose a duty to safeguard personal information because a criminal attack ***on a third party*** was purportedly foreseeable. *See* SFC ¶ 785 (alleging that "HMC knew or should have known that granting Cerner access to Plaintiff's Private Information would result in a Data Breach given Cerner's inadequate cybersecurity practice"). This is a bridge too far, and based on its prior holding, the Georgia Supreme Court would not cross it.

Importantly, a foreseeability-based duty like the one Plaintiff attempts here was at the heart of the *Bradley Center* analysis at issue in *McConnell*. In *Bradley Center*, 250 Ga. at 200, a medical center granted a patient a "weekend pass" despite determining he would likely cause harm if released. The patient did just that, and the *Bradley Center* court's basis for finding a duty of care was that "tort liability is proper" where an "intervening criminal act[]" is "***foreseeable***." *Id.* at 202

[4] The plaintiff in *McConnell* also pointed to two Georgia statutes, but the court held neither statute created a negligence duty. *See* 305 Ga. at 816. In any event, the statutes that the plaintiff relied on in *McConnell* are not asserted by Plaintiff here.

[5] The Supreme Court's decision in *Collins v. Athens Orthopedic Clinic, P.A.*, 307 Ga. 555, 563-64 (2019), does not undercut this conclusion. There, the Court's decision concerned only whether the plaintiffs' allegation regarding the sale of information on the dark web was sufficient to satisfy Georgia's pleading standard for ***damages***. *Id.* at 563. The *Collins* court did not address duty. *Id.*

(emphasis added). But there is no question that the Georgia Supreme Court rejected that approach, including specifically in the context of a claimed duty to safeguard information. *See McConnell*, 305 Ga. at 816. Indeed, the Supreme Court expressly overruled *Bradley Center*, holding that it was "not supported" by Georgia case law, was "not a correct statement of the law," and "has never been endorsed in a decision of this Court that qualifies as precedent." *Id.*; *see also Reg'l Fin. Co. of Ga., LLC v. Pearson*, 373 Ga. App. 388, 391 (2024) (rejecting duty arising out of the purported "foreseeable risk of harm" because the Georgia Supreme Court "***expressly rejected [that] precedent***" in *McConnell*) (emphasis added); *Zing Health Holdings, Inc. v. Change Healthcare Prac. Mgmt. Sols., Inc. et al.*, Case No. 26CV001838, at *34-35 (Ga. Sup. Ct. 2026) (relying on *McConnell* to dismiss negligence claim in a data breach case based on alleged foreseeable harm).[6] Thus, under Georgia law, a duty premised upon foreseeability is inconsistent with *McConnell.*

Hamilton's status as a healthcare provider does not move the needle. Plaintiff alleges that Hamilton's provision of health care services, standing alone, creates a duty to safeguard information. *See* SFC ¶ 777. Georgia law does not recognize such a sweeping duty. Rather, Georgia law ties any duty arising from the healthcare provider-patient relationship ***to the medical care and services received***—not a provider's broader operations. *See Shortnacy v. N. Atlanta Internal Med., P.C.*, 252 Ga. App. 321, 327 (2001) (refusing to extend a provider's duty of care beyond matters related to medical treatment and concluding that expanding such duties would be

[6] A single Georgia court has concluded that a foreseeability-based duty can co-exist with *McConnell*. *See Bland v. Urology of Greater Atlanta, LLC*, 377 Ga. App. 177 (2025). But *Bland* is an outlier. First, *Bland* is a Court of Appeals decision that cannot supersede the Georgia Supreme Court in *McConnell,* and it has not been relied upon by any Georgia court to hold that a foreseeability-based duty survives *McConnell*. Second, even if *Bland* could co-exist with *McConnell* (it cannot), Hamilton could not have foreseen that its ***vendor*** would be impacted by a cyberattack. In *Bland*, the defendant allegedly stored sensitive data ***on its own systems*** "in spite of the ***repeated warnings and alerts.***" *Bland*, 377 Ga. App. at 181-82 (emphasis added). Here, Plaintiff does not allege Hamilton knew about any vulnerabilities with Cerner's systems. *Bland* is inapplicable.

contrary to public policy); *Nat'l Emergency Med. Servs., Inc. v. Smith*, 368 Ga. App. 18, 30 (2023) (finding no duty for emergency responders to search for patient after meeting standard of care in providing medical services). To hold otherwise would transform the tailored duty of care arising out of the provision of healthcare into a broad obligation to police all systems that may, at some point, interact with patient data—indeed, this would create exactly the type of "general legal duty 'to all the world'" that is impermissible under Georgia law. *McConnell*, 305 Ga. at 816.

The error in the duty framework alleged by Plaintiff is even more pronounced here because Hamilton did not control Plaintiff's allegedly impacted information—Cerner did. Even if Hamilton owed a duty to safeguard information in its own possession, no Georgia court has extended that duty to data maintained by an independent contractor over which Hamilton lacked any operational control. Indeed, such an approach would run headlong into Georgia's settled principle that an employer is generally not liable for the negligence of an independent contractor. *See Cmty. Gas Co. v. Williams*, 87 Ga. App. 68, 77 (1952); *Wilson v. Guy*, 356 Ga. App. 509, 514 (2020). To allege that Hamilton breached a duty of care thus requires two leaps unsupported by Georgia law: first, expanding a healthcare provider's duty of care beyond the provision of medical care; and second, extending that improperly expanded duty to information maintained by a third party.

*2. None of the Additional Sources Plaintiff Identifies Give Rise to A Negligence Duty.*

In addition to the common law duty rejected wholesale by *McConnell*, Plaintiff seeks to impose a common law duty based on (1) alleged violations of the FTC Act and HIPAA; (2) an amorphous duty to timely disclose the Cerner Incident; (3) industry standards; and (4) internal policies. *See* SFC ¶ 776-77, 787; Compl. ¶ 476. No such duty exists under Georgia law.

First, Plaintiff's reliance on the FTC Act and HIPAA (federal statutes) as sources of a Georgia common law duty is misplaced. *See* Compl. ¶ 476. Neither statute provides a private right of action, and the Georgia Supreme Court has never recognized a negligence duty based on a violation of these statutes. *See, e.g.*, *Holmes v. Ocwen Fin. Corp.*, 747 F. App'x 836, 837 (11th Cir. 2019) ("[A] private right of action . . . does not exist under the FTC Act."); *Nayani v. Bhatia*, 371 Ga. App. 44, 47 n.5 (2024) ("[N]o private right of action exists under HIPAA."); *see Zing Health*, Case No. 26CV001838, at *35-36 (dismissing negligence claim in a data breach case because HIPAA does not provide a private right of action).

Next, Plaintiff claims Hamilton owed her a duty to timely notify her of the Cerner Incident. *See* SFC ¶ 777. This argument also fails. The Georgia Supreme Court has never recognized such a duty, and Plaintiff cites no statute to support it. In fact, when the Georgia legislature enacted the state's data breach notification statute, it had the opportunity to include a private right of action, but it ***did not*** do so. *See* O.C.G.A. § 10-1-912; *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, 362 F. Supp. 3d 1295, 1342 (N.D. Ga. 2019) (concluding there is no private right of action under Georgia's data breach notification statute). As with the FTC Act and HIPAA, Plaintiff cannot usurp legislative intent and ask this Court to create a duty that simply does not exist. *See Miller v. Chase Home Finance, LLC*, 2011 WL 10944693, at *6 (N.D. Ga. 2011), *aff'd*, 677 F.3d 1113 (11th Cir. 2012).

Finally, Plaintiff alleges that Hamilton violated its own "internal policies," SFC ¶ 776, and "industry standards," SFC ¶ 787. But neither a company's internal policy nor industry standards, standing alone, gives rise to a negligence claim under Georgia law. *See AgSouth Farm Credit, ACA v. West*, 352 Ga. App. 751, 758 (2019) (concluding violations of internal company policies did not give rise to negligence); *Dickerson v. Colonial Pipeline Co.*, 2022 WL 18717801, at *5

(N.D. Ga. 2022) ("Under Georgia law, showing a violation of industry standards does not conclusively establish any duty.").

### C. Plaintiff Does Not State a Claim for Negligence Per Se (Count II).

Plaintiff also asserts a claim for negligence per se based on alleged violations of Section 5 of the FTC Act ("Section 5") and HIPAA, *see, e.g.*, Compl. ¶¶ 494-506, but this claim fails for at least two reasons.

#### *1. Neither Section 5 Nor HIPAA Provide a Private Right of Action.*

Under Georgia law, a statutory violation can support a claim for negligence per se only if the statute provides for a private right of action.[7] *See Reilly v. Alcan Alum Corp.*, 272 Ga. 279, 280 (2000) (concluding that negligence per se claim cannot lie where the statute at issue did not provide for a civil remedy); *Govea v. City of Norcross*, 271 Ga. App. 36, 41-42 (2004) (rejecting negligence per se claim because the statute allegedly violated did not contain a private right of action). As set forth above, *see* Section B(2), there is no private right of action under either the FTC Act or HIPAA. Thus, Plaintiff's negligence per se claim fails as a matter of law and should be dismissed.

#### *2. Neither Section 5 Nor HIPAA Imposes a Clear and Concrete Duty or Standard of Conduct.*

Plaintiff's attempt to leverage an alleged violation of Section 5 or HIPAA into a negligence per se claim also fails because neither Section 5 nor HIPAA is sufficiently concrete. For a statute or ordinance to give rise to a claim for negligence per se, there must be a "concrete wrong" that is "expressly prohibited by law or ordinance." *Platt v. So. Photo Materials Co.*, 4 Ga. App. 159, 159

[7] Plaintiff will likely cherrypick from the few Georgia federal cases in which a court has concluded that a negligence per se claim could survive despite lack of a private right of action. But as the Court noted in its Order, ECF No. 394, it is axiomatic that state courts—not federal district courts—"are the ultimate expositors of state law." *Barrow v. Raffensperger*, 308 Ga. 660, 689 n.27 (2020). And no Georgia state court has so held.

(1908); *see also A.F. King & Son v. Simmons*, 107 Ga. App. 628, 633-34 (1963) (rejecting negligence per se claim because statutory language requiring the exercise of "ordinary care" was "too general and abstract"). That is, there must be "the alleged breach of a legal duty with some ascertainable standard of conduct." *Wells Fargo Bank, N.A. v. Jenkins*, 293 Ga. 162, 164-65 (2013) (rejecting negligence per se claim where statute provided only an "aspirational statement of Congressional policy" and not a "standard of conduct or care"). This makes sense because the doctrine of negligence per se is grounded in comity: where the legislature has clearly determined that specific acts are unlawful, the legislature's judgment governs and the negligence per se streamlines the deliberative process. *See, e.g.*, Rstmt. (Third) of Torts: Phys. & Emot. Harm § 14, cmt (c) (2010). But where "duties remain undefined or defined only in abstract general terms a breach is not properly denominated negligence per se." *Platt*, 4 Ga. App. at 163.

Section 5's general unfair practices prong falls far short of establishing the requisite concrete wrong or ascertainable standard of conduct. The statute's prohibition is vague and amorphous by design. Congress "intentionally left development of the term 'unfair' to the [Federal Trade] Commission rather than attempting to define" any specific practices. *See Atl. Refin. Co. v. FTC*, 381 U.S. 357, 367 (1965); *see also Am. Fin. Sers. Ass'n v. FTC*, 767 F.2d 957, 969 (D.C. Cir. 1985) (Congress "expressly declined to delineate" the "particular acts or practices" deemed unfair). And the Supreme Court has, "on more than one occasion, recognized that the standard of unfairness [in Section 5 of the FTC Act] is by necessity, an elusive one, which defies such a limitation." *Orkin Exterminating Co. v. FTC*, 849 F.2d 1354, 1367 (11th Cir. 1988) (internal quotations and citations omitted); *see also FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 384-86 (1965). Because Section 5's unfair practices prong was intentionally left without clearly defined

prohibited practices, it does not establish the requisite "concrete wrong" sufficient to support a claim for negligence per se.

The same is true of Plaintiff's negligence per se claim pursuant to HIPAA. Plaintiff argues that HIPAA establishes a standard of care requiring Hamilton "reasonably protect" confidential data. Compl. ¶ 502. However, HIPAA was deliberately designed to be adaptable to a wide swath of medical providers. *See, e.g., Sheldon v. Kettering Health Network*, 40 N.E.3d 661, 674 (Ohio Ct. App. 2015) (rejecting negligence per se claim because HIPAA was "flexibly designed to accommodate the vast array of medical providers"). As a result, it "do[es] not set forth 'a positive and definite standard of care.'" *Id*. HIPAA's intentional flexibility precludes the concrete standard of care necessary for a negligence per se claim.

**D. Plaintiff's Claim for Breach of Implied Contract Fails (Count IV).**

Plaintiff also brings a breach of implied contract claim against Hamilton arising out of the Cerner Incident. *See* Compl. ¶¶ 516-40. But Plaintiff's claim fails out of the gate because she alleges no facts plausibly showing a meeting of the minds regarding data security.

Under Georgia law, contract formation requires a meeting of the minds "at the same time, upon the same subject matter, and in the same sense." *Donaldson v. Olympic Health Spa, Inc.*, 175 Ga. App. 258, 259 (1985). Plaintiff alleges mutual assent based on (1) Hamilton's promise in its Notice of Privacy Practices (the "Privacy Policy") to "protect [Plaintiff's] medical information," SFC ¶ 777; and (2) her own "inten[t] and underst[anding]" that Hamilton would safeguard her data, Compl. ¶ 523. Neither argument holds up. First, Plaintiff does not allege that she ever read Hamilton's Privacy Policy or relied on it, which dooms her argument that the Parties mutually agreed Hamilton would provide data security pursuant to it. *See Bracy v. Americold Logistics, LLC*, 2025 WL 552676, at *6 (N.D. Ga. 2025) (dismissing implied contract claim for lack of mutual assent because the plaintiffs did not allege that they "read, reviewed, relied on, or were in any way

aware of the Privacy Notice when they gave the Defendant their personal information”). Not only that, but Hamilton’s Privacy Policy explains that it is “required by law” to: (i) keep personal information confidential “***in accordance with legal requirements***”; (ii) notify its patients of its ***legal duties*** and privacy practices; and (iii) follow the terms of its Privacy Policy. *See* Privacy Policy (emphasis added). These are statutory requirements. *See* 45 C.F.R. § 164.520(b)(v) (requiring HIPAA-covered entities to provide a notice of privacy practices that include statements that the covered entity is required by law to maintain the privacy of protected health information, issue a notice of privacy practices, and notify individuals following data incidents). Courts in data breach cases routinely hold that adherence to statutorily-required notices does not create a contract supported by mutual assent. *See, e.g., Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1367 (S.D. Fla. 2017) (dismissing breach of contract claim in a data breach case because a privacy policy is “not contractual in nature” but rather serves to “inform patients of their rights under federal law”); *Tucker v. Marietta Area Health Care, Inc.*, 2023 WL 423504, at *5 (S.D. Ohio 2023) (rejecting breach of contract claim in a data breach case because “Plaintiffs cannot use a HIPAA-required notice as a basis for a breach of contract claim”); *J.R. v. Walgreens Boots Alliance, Inc.*, 470 F. Supp. 3d 534, 559 (D.S.C. 2020), *aff’d*, 2021 WL 4859603 (4th Cir. 2021) (explaining that privacy policies “cannot create contractual obligations because entities like Walgreen Co. are required by law to comply with HIPAA without receiving consideration from plaintiffs”).

Plaintiff also asserts that a mutually-agreed upon contract was created because she “***intended and understood***” that Hamilton would adequately safeguard her data. Compl. ¶ 523. This assertion likewise fails. Under Georgia law, this is nothing more than an “unilateral expectation” that does not establish “mutual assent required to create a binding contractual

obligation." *Atlanta Metro Leasing, Inc. v. City of Atlanta,* 353 Ga. App. 785, 799 (2020) (affirming dismissal because unilateral expectation of one party did not establish mutual assent).

Plaintiff's allegations ultimately boil down to the assertion that a legally enforceable contract regarding data security arises whenever an individual provides their personal information as part of a business transaction. *See* SFC ¶ 775 (alleging that "[a]s part of its business, [Hamilton] receives and maintains [] Private Information . . . . [and thus] implicitly promises to safeguard th[at] Private Information"). Recognizing such a proposition would eviscerate the mutual assent element of a contract claim. This is not the law in Georgia. *See TranSouth Fin. Corp. v. Rooks*, 269 Ga. App. 321, 324 (2004) ("No contract exists until all essential terms have been agreed to."). Courts routinely dismiss implied contract claims in data breach cases on this basis. *See, e.g.*, *Brush*, 238 F. Supp. 3d at 1369 (dismissing implied contract claim for lack of mutual assent because personal information was provided in connection with services rendered, not in exchange for data security); *Blackman v. Ne. Spine & Sports Med., LLC*, 2025 WL 77029, at *7–8 (D.N.J. Jan. 13, 2025) (dismissing implied contract claim because "the fact that a defendant required plaintiffs to provide personal information does not alone support the inference that the parties agreed for the defendant to secure this information") (citation omitted). Absent any alleged mutual understanding that Hamilton would safeguard Plaintiff's data, Plaintiff's implied contract claim fails.

Even if Plaintiff could demonstrate mutual assent (she cannot), her implied contract claim still fails for lack of consideration. *See Graham v. HHC St. Simons, Inc.*, 322 Ga. App. 693, 695 (2013) (explaining that formation of a contract requires that "all essential elements, including the element of consideration, . . . be certain") (citation omitted). Plaintiff alleges that she paid Hamilton ***for services***—not data security. *See* SFC ¶ 788. That omission dooms her implied contract claim. *See Gill v. B & R Int'l, Inc.*, 234 Ga. App. 528, 531 (1998) (affirming rejection of breach of contract

claim for lack of consideration). This Court should follow the other courts that have rejected implied contract claims in data breach cases for this same reason. *See, e.g., Beltran v. Drs. Med. Ctr. of Modesto*, 2025 WL 1635467, at *12 (E.D. Cal. 2025) (dismissing implied contract claim in data breach case for lack of consideration despite provision of user data in exchange for services); *In re Banner Health Data Breach Litig.*, 2018 WL 11352137, at *2 (D. Ariz. 2018) (dismissing implied contract claim for failure to allege consideration for data security); *Smith v. Findlay Auto., Inc.*, 2025 WL 973859, at *6 (D. Nev. 2025) (dismissing contract claim given "vague understanding" regarding mutual assent and failure to allege any consideration for data security).

**E. Plaintiff's Claim for Breach of Fiduciary Duty Fails (Count VII).**

Plaintiff alleges that Hamilton owes her a fiduciary duty with respect to data security because it offers healthcare services, see Compl. ¶ 568, but her claim fails out of the gate. To state a claim for breach of fiduciary duty, Plaintiff must establish "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." *UWork.com v. Paragon Techs., Inc.*, 321 Ga. App. 584, 594 (2013). Under Georgia law, a fiduciary duty exists only where "one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith." O.C.G.A. § 23-2-58. An arm's length business relationship does not give rise to a fiduciary duty. *See, e.g., AgSouth*, 352 Ga. App. at 756 (finding no fiduciary duty in arm's length business relationship). In the healthcare context, providers owe a fiduciary duty exists ***for matters tethered to patient care***. *See, e.g., Cox v. Athens Reg'l Med. Ctr., Inc.*, 279 Ga. App. 586, 593 & n.14 (2006) (while a healthcare provider might owe a fiduciary duty to patients "with respect to the care given," issues related to pricing did not give rise to a fiduciary duty because patients are "free to 'make cost-effective decisions'" regarding where to purchase healthcare); *Morrell v.*

*Wellstar Health Sys., Inc.*, 280 Ga. App. 1, 7-8 (2006) (rejecting fiduciary duty between patient and medical provider arising out of pricing for medical services).

Not only that, but the Georgia Supreme Court has expressly rejected a fiduciary duty claim in a data breach case where a service provider required the plaintiff to provide his personal information to receive services. *See McConnell*, 305 Ga. at 817. In *McConnell*, the plaintiff alleged that a fiduciary duty arose because he placed trust and confidence in the defendant to safeguard his personal information from disclosure. *Id.* The Court found no fiduciary duty despite the plaintiff's provision of information to receive services. *Id*. at 817-18. Plaintiff here similarly fails to "allege any particular circumstances showing that [Plaintiff] . . . had a special relationship of trust or mutual confidence with" Hamilton such that a fiduciary duty might arise. *Id*. at 817. Instead, Plaintiff simply alleges that she provided her personal information to Hamilton in order to receive healthcare services. SFC ¶ 779. Under clear precedent established by the Georgia Supreme Court, "[s]uch conduct is common" when providing services and is "insufficient to show a fiduciary relationship" under Georgia law. *McConnell*, 305 Ga. at 818; *see also Bush v. Liberty Mut. Ins. Co.*, 361 Ga. App. 475, 481 (2021) (rejecting fiduciary duty claim arising out of insurance relationship where there were "no . . . circumstances here [that] reveal anything approaching a relationship of control, influence, or confidence that could give rise to a fiduciary duty").

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6).

[*Signatures on the following page*]

Respectfully submitted this 28th day of September, 2026.

*/s/ Donald M. Houser*
Kristine McAlister Brown
(admitted *pro hac vice*)
Donald M. Houser
(admitted *pro hac vice*)
Amanda N. Wellen
(admitted *pro hac vice*)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
kristy.brown@alston.com
donald.houser@alston.com
amanda.wellen@alston.com

*/s/ Andrea S. McMurtry*
Danne W. Webb MO # 39384
Andrea S. McMurtry MO #62495
Taylor P. Foye MO# 71527
**HORN AYLWARD & BANDY, LLC**
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
E-Mail: dwebb@hab-law.com
E-Mail: amcmurtry@hab-law.com
E-Mail: tfoye@hab-law.com

*Counsel for Hamilton Medical Center, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

This 28th day of September, 2026.

*/s/ Donald M. Houser*
Donald M. Houser