**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| IN RE: CERNER/ORACLE DATA BREACH LITIGATION | Case No. 25-00259-CV-W-BP |
| SABRINA BEDFORD, TIMOTHY STROUSE, JACKLYN ALICEA-MALDONADO, and CARRINGTON TATUM, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CERNER CORPORATION d/b/a ORACLE HEALTH and ADVENTIST HEALTH SYSTEM/SUNBELT, INC.,<br><br>Defendants. | This filing relates to lead case No. 4:25-cv-00259-W-BP, and to member case No. 4:26-cv-00383 |

**DEFENDANT ADVENTIST HEALTH SYSTEM/SUNBELT, INC.'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

**Page**


I. Introduction .......... 1

II. Procedural Background .......... 2

III. Relevant Factual Allegations .......... 2

IV. Standard of Review .......... 4

V. Choice of Law .......... 5

VI. Argument .......... 7

- A. Plaintiffs Fail To State A Claim For Negligence *Per Se* (Count II) .......... 7
- B. The Illinois Plaintiffs' Breach of Implied Contract Claim Fails (Count IV) .......... 9
- C. The Illinois Plaintiffs' Breach of Fiduciary Duty Claim Fails (Count VII) .......... 10
- D. Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) Claim Fails .......... 111
- E. Plaintiffs' Illinois Uniform Deceptive Trade Practices Act (IDTPA) Claim Fails14

VII. Conclusion .......... 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*Avery v. State Farm Mut. Auto. Ins. Co.*,
835 N.E.2d 801 (Ill. 2005) .......... 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4

*Brooks v. Midas-Int'l Corp.*,
361 N.E.2d 815 (Ill. App. Ct. 1977) .......... 15

*De Bouse v. Bayer*,
922 N.E.2d 309 (Ill. 2009) .......... 12

*Dieffenbach v. Barnes & Noble, Inc.*,
887 F.3d 826 (7th Cir. 2018) .......... 12

*Doe 1 v. Chestnut Health Sys., Inc.*,
2025 WL 1616635 (C.D. Ill. June 6, 2025) .......... 8

*Doe v. Genesis Health Sys.*,
2024 WL 3890164 (C.D. Ill. Aug. 21, 2024) .......... 10

*Flores v. Aon Corp.*,
2023 IL App (1st) 230140, 242 N.E.3d 340 .......... 8, 9, 13

*Fox v. Iowa Health Sys.*,
399 F. Supp. 3d 780 (W.D. Wis. 2019). .......... 13

*Glazewski v. Coronet Ins. Co.*,
483 N.E.2d 1263 (Ill. 1985). .......... 15

*In re Arthur J. Gallagher Data Breach Litig.*,
631 F. Supp. 3d 573 (N.D. Ill. 2022) .......... 9

*In re Crop Inputs Antitrust Litig.*,
172 F. 4th 570 (8th Cir. 2026) .......... 11

*In re Experian Data Breach Litig.*,
2016 WL 7973595 (C.D. Cal. Dec. 29, 2016) .......... 12

*In re Lurie Children's Hosp. Data Sec. Litig.*,
2025 WL 2754760 (N.D. Ill. Sept. 27, 2025) .......... 10

*In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*,
603 F. Supp. 3d 1183 (S.D. Fla. 2022) .......... 7

*In re SuperValu, Inc.*,
925 F.3d 955 (8th Cir. 2019) .......... 13

*In re Target Corp. Customer Data Sec. Breach Litig.*,
309 F.R.D. 482 (D. Minn. 2015).......... 7

*Johnson v. Enriquez*,
460 S.W.3d 669 (Tex. App. 2015).......... 7

*Kennedy v. Dixon*,
439 S.W.2d 173 (Mo. 1969) .......... 5

*Kim v. Carter's Inc.*,
598 F.3d 362 (7th Cir. 2010) .......... 12

*Moyer v. Michaels Stores, Inc.*,
2014 WL 3511500 (N.D. Ill. July 14, 2024).......... 9

*N. Ill. Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*,
837 N.E.2d 99 (Ill. 2005) .......... 13

*Nutty v. Jewish Hosp.*,
571 F. Supp. 1050 (S.D. Ill. 1983).......... 10

*O'Neal v. Buckner*,
2021 WL 681434 (W.D. Mo. Feb 22, 2021) .......... 11

*Oliveira v. Amoco Oil Co.*,
776 N.E.2d 151 (Ill. 2002).......... 12

*Popp v. Cash Station, Inc.*,
613 N.E.2d 1150 (Ill. App. Ct. 1992) .......... 15

*Prudential Ins. Co. of Am. v. Kamrath,*
475 F.3d 920 (8th Cir. 2007) .......... 5

*Roberson v. Dakota Boys & Girls Ranch*,
42 F.4th 924 (8th Cir. 2022) .......... 4

*Schaaf v. Residential Funding Corp.*,
517 F.3d 544 (8th Cir. 2008) .......... 4

*Smith v. Am. Pain & Wellness, PLLC*,
747 F. Supp. 3d 989 (E.D. Tex. 2024) ..... 8

*Taylor v. Royal Ins. Co.*,
235 F. Supp. 891 (W.D. Mo. 1964) ..... 5

*Tiana McCullar, Pl., v. UCM Med. Group Sub, LLC d/b/a UChicago Med. Med. Group and Nationwide Recovery Serv., Inc.*,
2026 WL 2409623 (N.D. Ill. Aug. 18, 2026) ..... 10

*Troutt v. Mondelēz Global LLC*,
637 F. Supp. 3d 606 (S.D. Ill. 2022) ..... 11, 13, 15

*Vanzant v. Hill's Pet Nutrition, Inc.*,
934 F.3d 730 (7th Cir. 2019) ..... 11

*Walters v. Blue Cross & Blue Shield of Texas, Inc.*,
2022 WL 902735 (N.D. Tex. Mar. 28, 2022) ..... 8

*White v. Citywide Title Corp.*,
2018 WL 5013571 (N.D. Ill. Oct. 16, 2018) ..... 12

*Wittmeyer v. Heartland Alliance for Human Needs & Rights*,
2024 WL 182211 (N.D. Ill. Jan. 17, 2024) ..... 9

**Statutes**

45 C.F.R. §§ 164.308(b)(1), (b)(3), 164.502(e) ..... 8

FTC Act ..... 2, 7, 8, 11

HIPAA ..... 2, 7, 8, 9,11

Illinois Consumer Fraud and Deceptive Business Practices Act,
815 Ill. Comp. Stat. §§ 505, *et seq.* ..... *passim*

Illinois Personal Information Protection Act ..... 11, 13

Illinois Uniform Deceptive Trade Practices Act,
815 Ill. Comp. Stat. §§510/3, *et seq.* ..... 2, 3, 13, 14, 15

**Rules**

Federal Rule of Civil Procedure 8 ..... 11

Federal Rule of Civil Procedure 9(b) ..... 2, 11, 13, 14, 15

Federal Rule of Civil Procedure 12(b)(6) ..... 2, 4

**Other Authorities**

Restatement (Second) of Conflict of Laws § 145 .......................................................................... 5

## I. Introduction

Plaintiffs' Short Form Complaint ("SFC") incorporates four common law claims from the Consolidated Class Action Complaint ("CCAC") and asserts two additional statutory claims under Illinois law against Defendant Adventist Health System/Sunbelt, Inc. d/b/a AdventHealth ("AdventHealth").[1] Plaintiffs also assert claims directly against Defendant Cerner Corporation ("Cerner"). These claims arise from a January 2025 data security incident involving Cerner's systems alone (the "Cerner Incident"). Like the other healthcare provider defendants in this consolidated litigation, AdventHealth retained Cerner as its electronic health records ("EHR") vendor, and Plaintiffs allege that a criminal threat actor accessed patient information within Cerner's systems during the Cerner Incident.

AdventHealth recognizes that the Court's prior order on the Healthcare Provider Defendants' Motion to Dismiss the CCAC resolved several arguments previously raised by healthcare provider defendants named in the CCAC. ECF No. 394.[2] To avoid duplicative

[1] Although Plaintiffs also incorporate by reference unjust enrichment (Count V), invasion of privacy (Count VIII), and declaratory judgment (Count IX) claims in the SFC, they acknowledge that those claims have already been dismissed in their entirety (ECF No. 394). They do not ask the Court to reconsider that ruling, which applies equally here, but include the claims solely to preserve any appellate rights. SFC nn. 4, 6-8. As a result, AdventHealth does not separately brief the dismissal of these particular counts as it understands the Court's ruling dismissing those claims is being applied in favor of all the healthcare provider defendants, including AdventHealth, who have been named in Short Form Complaints.

[2] AdventHealth is mindful of the Court's Order on the Motion to Dismiss the Consolidated Class Action Complaint, including its ruling that the negligence (Count I), breach of implied contract (Count IV), and breach of fiduciary duty (Count VII) claims could proceed against the Healthcare Provider Defendants named in that pleading. *See* ECF No. 394. Here, Plaintiff's allegations supporting those claims against AdventHealth largely mirror the allegations previously asserted in the Consolidated Class Action Complaint. *See* SFC ¶ 760. For the additional reasons set forth in the Healthcare Provider Defendants' Motion to Dismiss briefing (ECF Nos. 162 and 250), which AdventHealth incorporates by reference, Plaintiffs fail to state viable claims, and those claims should be dismissed. AdventHealth raises these arguments to preserve its appellate rights with respect to the Court's ruling declining to dismiss those claims.

briefing, this motion focuses on distinct allegations against AdventHealth and unique choice of law issues and deficiencies that require dismissal of Plaintiffs' claims. Under Illinois and Texas law, Plaintiffs cannot proceed on a negligence *per se* theory predicated on alleged violations of HIPAA or the FTC Act, and in any event, Plaintiffs do not plausibly allege that AdventHealth violated HIPAA—much less that any AdventHealth-specific HIPAA violation caused the Cerner Incident; under Illinois law, the Illinois Plaintiffs' implied-contract claim fails because they allege no actual monetary loss; their fiduciary-duty claim fails because Illinois law does not extend a physician-patient fiduciary duty to a healthcare facility based on allegations concerning patient information; and their ICFA and IDTPA claims fail because they identify no actionable misrepresentation or omission by AdventHealth, plead no exposure, reliance, causation, or pecuniary loss, and allege no likelihood of future harm that could support injunctive relief.

For these reasons, and for substantially similar reasons underlying the Court's prior dismissal of portions of the same or analogous claims, *see* ECF No. 394, AdventHealth respectfully requests that the Court dismiss Plaintiffs' claims against it under Rule 12(b)(6) and, where applicable, Rule 9(b).

## II. Procedural Background

Plaintiffs filed the initial complaint in this Court on May 5, 2026, *see* Case No. 4:26-cv-00383 (W.D. Mo.). On May 15, 2026, the Court consolidated the case. ECF No. 336. On August 28, 2026, Plaintiffs filed the operative SFC. ECF No. 464.

## III. Relevant Factual Allegations

The Court is familiar with the underlying facts and AdventHealth does not repeat them here. In brief, Plaintiffs' claims arise from a January 2025 cybersecurity incident involving Cerner's electronic health record platform, through which unauthorized actors allegedly accessed certain patient information, including that of AdventHealth's patients.

As part of the Short Form Complaint process, Plaintiffs incorporate portions of the CCAC[3] and add allegations specific to themselves and AdventHealth. Plaintiffs assert claims against AdventHealth for negligence (Count I), negligence *per se* (Count II), breach of implied contract (Count IV), and breach of fiduciary duty (Count VII).[4] On behalf of Illinois-resident Plaintiffs Bedford, Strouse, and Alicea-Maldonado, the SFC also asserts claims against AdventHealth under (1) the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. §§ 505, et seq. ("ICFA") and (2) the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. §§510/3, et seq. ("IDTPA").

With respect to AdventHealth, Plaintiffs allege that they provided personal and medical information to AdventHealth in connection with receiving healthcare services, later received a breach notification on December 3, 2025, and thereafter spent time monitoring their accounts and investigating the incident. *See generally* SFC ¶¶ 786-863. Plaintiffs further allege injuries including loss of privacy, diminution in value of their personal information, emotional distress, increase in spam calls and texts, and an increased risk of future misuse of their information. *Id.* ¶¶ 792-796, 805-808, 817-821, 830-834.

Apart from these allegations, the SFC contains few allegations specific to AdventHealth and instead incorporates broad allegations from the CCAC. The SFC merely identifies the AdventHealth entities, their principal places of business, and the date on which they allegedly notified affected individuals regarding the Cerner Incident. *Id.* at ¶¶ 764, 779. Indeed, Plaintiffs'

---

[3] The Short Form Complaint expressly incorporates the Consolidated Complaint's Introduction (¶¶ 1-7), Jurisdiction and Venue allegations (¶¶ 341-343), Factual Allegations (¶¶ 344-458), Class Action Allegations (¶¶ 459-471), as well as the Prayer for Relief and Jury Demand.

[4] The SFC acknowledges that claims previously addressed and dismissed by the Court's Order on Defendants' Motions to Dismiss (ECF No. 394), including the Court's dismissal in its entirety of unjust enrichment, invasion of privacy, and declaratory judgement claims, remain subject to that ruling while preserving Plaintiffs' appellate rights.

allegations are so general that they do not identify which AdventHealth hospital or facility each Plaintiff visited, alleging only that they received care from "an AdventHealth hospital." *Id.* ¶ 761-762.

Plaintiffs broadly allege that AdventHealth maintained patient information, shared patient information with Cerner in connection with healthcare services, and "Defendants"—Advent Health and Cerner combined—failed to adequately safeguard that information due to the occurrence of the Cerner Incident. *Id.* ¶¶ 766-775, 781. The SFC does not identify any particular act or omission by AdventHealth alleged to have caused or contributed to the Cerner Incident, nor any particular representation or omission by AdventHealth that they contend is false or deceptive.

Plaintiffs seek to represent four classes: a nationwide class and an Illinois subclass of individuals whose personal information was compromised in the Cerner Incident, as well as a nationwide class and Illinois and Texas subclasses of individuals whose personal information was provided to Cerner through AdventHealth and compromised in the Cerner Incident. *Id.* ¶ 837.

## IV. Standard of Review

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). A complaint "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3). "'[N]aked assertions devoid of further factual enhancement,' do not suffice, nor do '[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory statements.'" *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678).

## V. Choice of Law

In assessing Plaintiffs' claims against AdventHealth, as a threshold matter, the Court must determine what law applies. Plaintiffs Bedford, Strouse, and Alicea-Maldonado allege they are domiciled in Illinois and received care at "an AdventHealth hospital" (SFC ¶ 761), and Plaintiff Tatum alleges she is domiciled in Texas and received care at "an AdventHealth hospital." *Id.* ¶ 762. Without waiving any choice-of-law arguments, and expressly reserving all rights, AdventHealth applies Illinois law to Plaintiffs Bedford, Strouse, and Alicea-Maldonado's claims, and Texas law to Plaintiff Tatum's claims, for purposes of this motion.

A federal court exercising its diversity jurisdiction applies the choice-of-law rules of the state in which it sits. *See Taylor v. Royal Ins. Co.*, 235 F. Supp. 891, 893 (W.D. Mo. 1964). "Before applying the forum state's choice-of-law rules, however, a trial court must first determine whether a conflict exists." *Prudential Ins. Co. of Am. v. Kamrath,* 475 F.3d 920, 924 (8th Cir. 2007) (citation omitted). As addressed further below, here there are outcome determinative conflicts. Both Illinois and Texas law require dismissal of Plaintiffs' negligence (Count I), negligence *per se* (Count II), and breach of fiduciary duty (Count VII) claims against AdventHealth, whereas the Court previously allowed those same claims to proceed in part against other healthcare provider defendants under Missouri law.

If as here, a conflict exists, for both tort and contract claims, Missouri applies the most-significant-relationship test as set forth in the Restatement (Second) of Conflict of Laws. *Kennedy v. Dixon*, 439 S.W.2d 173, 181-184 (Mo. 1969). The most-significant-relationship test requires consideration of four factors: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation

and place of business of the parties; and the place where the relationship between the parties is centered. *Id.* (citing Restatement § 145).

The relevant factors support applying Illinois law to Plaintiffs Bedford, Strouse, and Alicea-Maldonado's claims and Texas law to Plaintiff Tatum's claims. Plaintiffs Bedford, Strouse, and Alicea-Maldonado allege they are domiciled in Illinois and received care from an AdventHealth hospital. SFC ¶ 761. Although they do not identify the specific AdventHealth facility where they were treated, AdventHealth is a Florida nonprofit corporation that operates hospitals in Illinois, making it reasonable to infer that they received care there. *Id.* That inference is reinforced by their attempt to represent a proposed Illinois subclass asserting claims against AdventHealth under Illinois consumer-protection statutes. *Id.* ¶¶ 837-864.

Plaintiff Tatum alleges he is domiciled in Texas and received care from an AdventHealth hospital. *Id.* ¶ 762. Although he likewise does not identify the specific facility, AdventHealth operates facilities in Texas, where Tatum resides, making it reasonable to infer that Texas is where he received care. That inference is reinforced by his attempt to represent a proposed Texas subclass asserting claims against AdventHealth.

Assuming the Illinois Plaintiffs received care in Illinois and Tatum received care in Texas, the alleged injuries and the relationships giving rise to Plaintiffs' claims against AdventHealth are centered in the states where Plaintiffs received treatment and provided their private information to AdventHealth.

By contrast, Missouri's connection to this dispute rests on Cerner's principal place of business in Kansas City, Missouri, where Plaintiffs' information allegedly was stored. *Id.* ¶¶ 763, 767. Missouri is not where Plaintiffs' relationships with AdventHealth were centered or where the healthcare services that generated the information occurred.

That conclusion accords with how courts analyze choice of law in data-breach cases, focusing on the relative significance of the parties' contacts with competing jurisdictions, including the parties' locations, their relationship, and the alleged injury. *See In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183, 1199 (S.D. Fla. 2022). Although some courts have applied the law of the state where the data breach allegedly occurred, *see, e.g.*, *In re Target Corp. Customer Data Sec. Breach Litig.*, 309 F.R.D. 482, 486 (D. Minn. 2015), those cases generally involved plaintiffs with a direct relationship with the out-of-state defendant whose conduct allegedly caused the breach. That rationale does not apply here. Plaintiffs' relationship was with the AdventHealth hospital where they received medical care, not with Cerner. Accordingly, Illinois law should govern the claims of Bedford, Strouse, and Alicea-Maldonado, who are Illinois residents and presumably received care at AdventHealth facilities in Illinois; and Texas law should govern Tatum's claim, because he is a Texas resident and presumably received care at an AdventHealth facility in Texas.

## VI. Argument

### A. Plaintiffs Fail To State A Claim For Negligence *Per Se* (Count II)

Plaintiffs allege that AdventHealth is liable for negligence *per se* based on alleged violations of Section 5 of the FTC Act and HIPAA, incorporating paragraphs 494 through 506 from the CCAC. ECF No. 464, SFC ¶ 760. In its prior order, the Court dismissed negligence *per se* claims to the extent they were based on Arizona, Arkansas, California, or Florida law, and dismissed Missouri-law negligence per se claims to the extent they were predicated on an alleged violation of the FTC Act. See ECF No. 394 at 18.

Under Illinois and Texas law, Plaintiffs' negligence *per se* claims should be dismissed. As a preliminary matter, Texas does not recognize standalone negligence *per se* claims. *Johnson v. Enriquez*, 460 S.W.3d 669, 673 (Tex. App. 2015). Moreover, courts in Texas and Illinois have

dismissed negligence per se claims predicated on alleged violations of Section 5 of the FTC Act and HIPAA because such claims undermine the legislative intent of statutes like the FTC Act and HIPAA, which do not contain private rights of action or impose strict liability for violations thereof. *See, e.g.*, *Smith v. Am. Pain & Wellness, PLLC*, 747 F. Supp. 3d 989, 1004-05 (E.D. Tex. 2024) (dismissing HIPAA and FTCA-based negligence *per se* claims under Texas law); *Walters v. Blue Cross & Blue Shield of Texas, Inc.*, No. 3:21-CV-981-L, 2022 WL 902735, at *6 (N.D. Tex. Mar. 28, 2022) (finding HIPAA cannot form basis for negligence *per se* claim because statute does not contain private right of action and "to hold otherwise would run afoul of legislative intent."); *Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶ 28, 242 N.E.3d 340, 355 (affirming dismissal of separate negligence *per se* claim because the court found "no support for the notion that the legislature clearly intended to impose strict liability for FTC Act violations"); *Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24-cv-01475-JEH-RLH, 2025 WL 1616635, at *4 (C.D. Ill. June 6, 2025) (dismissing negligence *per se* claim based on alleged violations of the FTC Act and HIPAA).

Even if a HIPAA-based theory could support a negligence or negligence *per se* claim, Plaintiffs still fail to plead facts showing that any alleged HIPAA violation by AdventHealth proximately caused the Cerner Incident. The SFC alleges that the incident occurred on Cerner's systems—not AdventHealth's systems or those of any other healthcare provider. Accordingly, allegations about whether AdventHealth maintained adequate security controls for its own systems do not plausibly connect AdventHealth to the incident or advance Plaintiffs' claims. HIPAA likewise permits a covered entity to allow a business associate to create, receive, maintain, or transmit electronic protected health information on its behalf so long as the covered entity obtains satisfactory assurances that the business associate will appropriately safeguard the

information and documents those assurances in a business associate agreement. 45 C.F.R. §§ 164.308(b)(1), (b)(3), 164.502(e). Plaintiffs acknowledge that AdventHealth had a Business Associate Agreement with Cerner, ECF No. 464, SFC n.5, but plead no facts showing that the agreement was deficient, that AdventHealth lacked the required assurances, or that any AdventHealth act or omission caused the Cerner Incident. The allegations therefore do not plausibly plead any HIPAA violation by AdventHealth, much less one that caused Plaintiffs' alleged injuries.

### B. The Illinois Plaintiffs' Breach of Implied Contract Claim Fails (Count IV)

"To plead a viable breach of implied contract claim under Illinois law, Plaintiffs must allege 'actual monetary damage.'" *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 587 (N.D. Ill. 2022) (quoting *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 3511500, at *7 (N.D. Ill. July 14, 2024)). Here, Plaintiffs Bedford, Strouse, and Alicea-Maldonado do not allege a single out-of-pocket loss or other actual monetary injury resulting from the Cerner Incident. Instead, they rely on generic allegations commonly asserted in data-breach litigation, including increased spam texts and phone calls, lost time, anxiety, and an alleged increased risk of future misuse of their information. SFC ¶¶ 792-798; 805-810; 817-823; 830-836. Such allegations do not constitute actual monetary damages sufficient to sustain a breach of implied contract claim. In *Flores v. Aon Corp.*, the Illinois Appellate Court dismissed a breach of implied contract claim where the plaintiff alleged only an increased risk of harm, lost time, and anxiety, holding that the plaintiff failed to allege adequate damages. 2023 IL App (1st) 230140, ¶ 34, 242 N.E.3d 340, 356. Likewise, in *Wittmeyer v. Heartland Alliance for Human Needs & Rights*, No. 23 CV 1108, 2024 WL 182211, at *6 (N.D. Ill. Jan. 17, 2024), the court held that "[i]n the absence of allegations of actual monetary damages, the plaintiffs have failed to

plausibly state a breach of implied contract claim under Illinois law." Because Plaintiffs allege no actual monetary damages here, their implied-contract claim should be dismissed.

### C. The Illinois Plaintiffs' Breach of Fiduciary Duty Claim Fails (Count VII)

Plaintiffs Bedford, Strouse, and Alicea-Maldonado's breach of fiduciary-duty claim fails because they can establish no legal fiduciary duty owed to them by AdventHealth that was breached.

Though a fiduciary relationship may exist between a doctor and a patient, Illinois courts consistently refuse to extend the physician-patient fiduciary duty to the healthcare facility. *Nutty v. Jewish Hosp.*, 571 F. Supp. 1050, 1052 (S.D. Ill. 1983). Plaintiffs contend that Advent Health became a fiduciary because it received, maintained, and allegedly failed to protect Plaintiffs' Private Information in connection with the provision of healthcare services. ECF No. 93, CCAC ¶ 567, incorporated by reference in ECF No. 464, SFC ¶ 760. Courts applying Illinois law have repeatedly rejected that theory in the data-breach context. As one Illinois federal court recently explained, "Plaintiff fails to support that any court in Illinois has found that a healthcare facility has a fiduciary duty in relation to patients' private information." *Doe v. Genesis Health Sys.*, No. 23-cv-4209-JES-JEH, 2024 WL 3890164, at *13 (C.D. Ill. Aug. 21, 2024); *see also, e.g., In re Lurie Children's Hosp. Data Sec. Litig.*, No. 24-CV-05503, 2025 WL 2754760, at *11 (N.D. Ill. Sept. 27, 2025) (refusing to extend the physician-patient fiduciary duty in a data breach action to "[a hospital] and its administrative and information technology staff in charge of maintaining patient information in [its] systems"); *Tiana McCullar, Pl., v. UCM Med. Group Sub, LLC d/b/a UChicago Med. Med. Group and Nationwide Recovery Serv., Inc.*, No. 25 C 6462, 2026 WL 2409623, at *4 (N.D. Ill. Aug. 18, 2026) (refusing to extend the physician-patient fiduciary duty in a data breach action a hospital administrative staff in charge of maintaining patient information or disseminating that information to third parties).

Because these Plaintiffs have not plausibly alleged either a fiduciary relationship recognized under either Illinois law or a cognizable fiduciary breach, Count VII with respect to Plaintiffs Bedford, Strouse, and Alicea-Maldonado should be dismissed with prejudice.

### D. Plaintiffs' Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) Claim Fails

Plaintiffs' ICFA claim fails for several independent reasons. First, because the claim sounds in fraud, it must satisfy Rule 9(b)'s heightened pleading standard. *See Troutt v. Mondelēz Global LLC*, 637 F. Supp. 3d 606, 613 (S.D. Ill. 2022). Plaintiffs therefore must plead the "who, what, when, where, and how" of the alleged deceptive conduct. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019). They do not. Instead, Plaintiffs broadly and vaguely allege in a group pleading fashion that "Defendants"—meaning both Cerner and AdventHealth—misrepresented that they would protect the privacy and confidentiality of Plaintiffs' PII/PHI; misrepresented that they would comply with common law and statutory duties purportedly arising under the FTC Act, HIPAA, and Illinois Personal Information Protection Act ("PIPA"); omitted that they did not adequately secure Plaintiffs' PII/PHI; omitted that they did not comply with common law and statutory duties; failed to implement reasonable security and privacy measures; failed to identify foreseeable security and privacy risks; and failed to comply with common law and statutory duties. SFC ¶ 843(a)-(h). As this Court has already ruled, this type of group pleading is impermissible. ECF. No. 394 at 32-33 (citing *In re Crop Inputs Antitrust Litig.*, 172 F. 4th 570, 577 (8th Cir. 2026); *O'Neal v. Buckner*, No. 19-03441-CV-S-BP, 2021 WL 681434, at *4 (W.D. Mo. Feb 22, 2021)). The SFC identifies no particular deceptive statement, omission, or practice attributable to AdventHealth, much less one pleaded with the specificity Rule 9(b) requires. Plaintiffs' generalized allegations are insufficient to state a plausible ICFA claim under Rule 8, let alone satisfy Rule 9(b), and are akin to the same

conclusory allegations this Court previously found deficient and dismissed for failure to state a claim under other state consumer protection acts. *See* ECF No. 394, at 33, 41-43.

Second, Plaintiffs do not plausibly allege that they saw, were exposed to, relied on, or were deceived by any alleged misrepresentation or omission that is specifically attributable to AdventHealth. That omission is fatal under Illinois law. *See De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009) ("in a consumer fraud action, the plaintiff must actually be deceived by a statement or omission"); *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 164 (Ill. 2002) (plaintiff must allege that he was "in some manner, deceived"); *In re Experian Data Breach Litig.*, No. SACV 15-1592 AG (DFMx), 2016 WL 7973595, at *6 (C.D. Cal. Dec. 29, 2016) (dismissing ICFA claim where plaintiffs failed to allege exposure to alleged misrepresentations concerning data security). Indeed, the SFC does not identify **any** actionable representation by AdventHealth at all. *See* ECF No. 394. at 42 n.33 (noting that allegations referencing purported statements without identifying the actual statements themselves were "insufficient to satisfy Rule 9"). But even if it did, generalized assurances regarding data security are non-actionable statements of quality rather than material factual representations on which a reasonable consumer could rely. *See White v. Citywide Title Corp.*, No. 18 CV 2086, 2018 WL 5013571, at *3 (N.D. Ill. Oct. 16, 2018).

Third, Plaintiffs fail to allege the actual pecuniary loss required to maintain a private ICFA action. *See* 815 Ill. Comp. Stat. 505/10a(a); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005). To state an ICFA claim, a plaintiff must allege a real and measurable out-of-pocket loss. *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 830 (7th Cir. 2018). Plaintiffs do not do so. Instead, they allege lost time, account-monitoring efforts, anxiety, an increased risk of future identity theft,

and the purported diminution in value of their personal information. SFC ¶¶ 793, 795-796; 806-808, 818, 820-821, 831, 833-834. But Illinois courts have repeatedly held that speculative future harm, emotional distress, and similar non-economic injuries do not constitute the actual, calculable pecuniary loss required under the ICFA. *See Flores v. Aon Corp.*, 2023 IL App (1st) 230140, ¶¶ 34, 42, 242 N.E.3d 340, 356-57; *In re SuperValu, Inc.*, 925 F.3d 955, 965 (8th Cir. 2019) (applying Illinois law); *see also N. Ill. Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 837 N.E.2d 99, 107 (Ill. 2005) ("Where the mere possibility of harm exists or damages are otherwise speculative, actual damages are absent."). Because Plaintiffs allege no actual economic injury, their ICFA claim fails.

Finally, Plaintiffs' references to PIPA do not salvage their ICFA claim. PIPA requires notice only "in the most expedient time possible and without unreasonable delay," and expressly ties that obligation to "any measures necessary to determine the scope of the breach and restore the reasonable integrity, security, and confidentiality of the data system." 815 Ill. Comp. Stat. 530/10(a). Even assuming an alleged PIPA violation could serve as a predicate for an ICFA claim, Plaintiffs plead no facts showing that AdventHealth failed to provide notice in the most expedient time possible under the circumstances, that any delay was unreasonable in light of efforts to investigate the incident, or that AdventHealth otherwise failed to comply with the statute's requirements. Nor do Plaintiffs allege any cognizable injury attributable to the timing of the notice itself. *See Fox v. Iowa Health Sys.*, 399 F. Supp. 3d 780, 801 (W.D. Wis. 2019). Accordingly, Plaintiffs have not plausibly alleged a PIPA violation and therefore cannot state an ICFA claim predicated on PIPA either.

### E. Plaintiffs' Illinois Uniform Deceptive Trade Practices Act (IDTPA) Claim Fails

Plaintiffs' IDTPA claim fares no better. Like their ICFA claim, it sounds in fraud and must satisfy Rule 9(b)'s heightened pleading standard. *See Troutt v. Mondelēz Global LLC*, 637 F. Supp. 3d 606, 613 (S.D. Ill. 2022). For the same reasons discussed above, Plaintiffs fail to plead any deceptive conduct with the required particularity. Instead of identifying any AdventHealth trade practice likely to cause confusion or misunderstanding, Plaintiffs merely recite the statutory language and repackage the same boilerplate, group-pleading allegations asserted in support of their ICFA claim. *Compare* SFC ¶ ¶ 843 (a)-(h) *with* 860(a)-(h). Plaintiffs identify no actionable misrepresentation or omission attributable to AdventHealth, and they plead no facts showing they were exposed to, relied on, or were misled by any such statement or omission.

Plaintiffs' allegations fall well short of Rule 9(b). They identify no specific statement by AdventHealth, no actionable omission, and no facts explaining how any statement or omission was deceptive. Instead, they allege only that Defendants agreed to safeguard patient data "in accordance with their internal policies, state law, and federal law." SFC ¶ 773. They plead no speaker, date, location, specific misrepresentation, or factual basis showing falsity, and identify no unfair act by AdventHealth. At bottom, Plaintiffs ask the Court to infer deception from the mere occurrence of a cybersecurity incident. The IDTPA does not permit that kind of hindsight pleading.

Plaintiffs' IDTPA misrepresentation allegations mirror, nearly verbatim, the conclusory allegations this Court already found insufficient under Rule 9(b) when dismissing other state consumer-protection claims. *See* ECF No. 394 at 42, 44, 48; *compare* ECF No. 464, SFC ¶ 860 (a)-(e) *with* CCAC ¶¶ 674(a)-(e), 687(a)-(e), 722(a)-(e). Plaintiffs add nothing specific to AdventHealth: no facts supporting a reasonable inference that AdventHealth failed to protect the

data, no specific false statement by AdventHealth, and no nonconclusory facts supporting deception. The Court should dismiss the IDTPA misrepresentation claim for the same reasons it dismissed those theories before.

Plaintiffs' omission allegations in SFC ¶ 860(f)-(g) are equally conclusory and fail Rule 9(b). The SFC pleads no facts showing that AdventHealth knew the allegedly omitted information, had a duty to disclose it, or where or how any omission occurred.

The IDTPA claim independently fails because the statute authorizes only injunctive relief. To obtain such relief, a plaintiff must plausibly allege that he or she is likely to be damaged by the challenged conduct in the future. *See Glazewski v. Coronet Ins. Co.*, 483 N.E.2d 1263, 1267 (Ill. 1985). Courts routinely dismiss IDTPA claims where the alleged harm has already occurred and there is no plausible prospect of future deception or confusion. *See Troutt*, 637 F. Supp. 3d at 616; *Popp v. Cash Station, Inc.*, 613 N.E.2d 1150, 1157 (Ill. App. Ct. 1992) (citing *Brooks v. Midas-Int'l Corp.*, 361 N.E.2d 815, 821 (Ill. App. Ct. 1977)). Here, Plaintiffs complain exclusively of a past data security incident and do not plausibly allege that they are likely to be deceived, confused, or otherwise harmed by Defendants' conduct in the future. Their IDTPA claim should therefore be dismissed.

## VII. Conclusion

For the foregoing reasons, AdventHealth respectfully requests the Court dismiss Plaintiffs' claims against AdventHealth in their entirety.

Dated: September 28, 2026

Respectfully Submitted,

*<u>/s/ Elizabeth A. Scully</u>*
Elizabeth A. Scully (admitted *pro hac vice*)
Gilbert S. Keteltas (admitted *pro hac vice*)
Carey S. Busen (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave. N.W., Ste. 1100

Washington, DC 20036
Tel: (202) 861-1500
escully@bakerlaw.com
gketeltas@bakerlaw.com
cbusen@bakerlaw.com

Ambika B. Singhal #64724 (MO)
**BAKER & HOSTETLER LLP**
2850 North Harwood Street
Suite 1100
Dallas, TX 75201
Tel: (214) 210-1200
asinghal@bakerlaw.com

*Attorneys for Defendant Adventist Health System/Sunbelt, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2026, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Elizabeth A. Scully*
*Attorney for Defendant Adventist Health System/Sunbelt, Inc.*